# EXHIBIT 8




# U. S. Department of Justice

*United States Attorney*
*Northern District of Iowa*

---

| | |
|---|---|
| *Mailing Address:* | *Shipping Address:* |
| *P.O. Box 74950* | *401 First Street S.E.* |
| *Cedar Rapids, Iowa 52407-4950* | *Suite 400* |
| *(319) 363-6333* | *Cedar Rapids, Iowa 52401-1825* |
| August 12, 2004 | *FAX (319) 363-1990* |

Mr. Alfred E, Willett
Attorney at Law
Suite 500                                   **VIA TELEFAX AND MAIL**
118 3rd Ave. SE
Cedar Rapids, Iowa 52401

   Re: *United States v. Angela Johnson,*
     Northern District of Iowa Criminal No. CR 01-3046MWB

Dear Mr. Willett:

   This letter is to confirm our telephone conversations today concerning the above-captioned matter.

   We spoke by phone with all counsel for Angela Johnson and Dustin Honken this morning. We discussed the pending global plea proposal submitted by counsel for Honken and on behalf of your client. That proposal would allow Honken to plead guilty and receive a life sentence and would allow your client to plead guilty and be sentenced to twenty years imprisonment. As we discussed, I anticipate this proposal will be formally rejected by the Department of Justice later today or tomorrow.

   In an effort to determine whether we may be able to agree to another resolution of this matter, we spoke by phone this afternoon. As we discussed, you have stated in previous correspondence to AUSA Williams that your client would be willing to cooperate with the government in the prosecution of Dustin Honken, including testifying against Honken. However, you have had concerns about your client submitting to a formal proffer prior to our office extending a formal Department of Justice approved plea proposal to your client.

   In regards to your concern, I advised you that the Department of Justice is unlikely to forego pursuit of the death penalty in this case unless, at a minimum, it could be shown that the circumstances have substantially changed since the Department directed our office to pursue imposition of the death penalty against your client. Any decision to withdraw the pursuit of the death penalty would have to be made by the Department of Justice and not by our office. Nonetheless, the input of our office would be considered. While I have no prior first-hand experience with the process, it is my understanding from discussions with others that a defendant's newfound willingness to plead guilty, standing alone, is generally insufficient to get a plea approved where a decision has already been made that the death penalty is warranted for the crime.

1

In light of the above and the impending trial of Dustin Honken, I thought it prudent to try to determine one last time whether there are any terms to which we can agree to have your client plead guilty and cooperate. As you know, if Honken is found guilty and the death penalty is imposed, it will be too late for your client to request the Department to forego pursuit of the death penalty against her.

I discussed with you the possibility of having your client submit a full proffer to a taint team. Under such an agreement, your client would submit information which could not be used against her. She would also have to agree to a polygraph, the results of which could not be used against her. This proffer and polygraph would be done pursuant to a separate written agreement.

If we were satisfied your client had provided complete and truthful information, we would be willing to submit for the Department's approval, a proposed plea agreement for your client's consideration. The basic terms of the plea agreement would require your client's plea of guilty to a group of charges which would carry a mandatory life sentence. Your client would be required to cooperate and testify in the prosecution of Dustin Honken. In exchange, we would seek authorization to not pursue imposition of the death penalty against your client. A successful proffer and agreement to testify could be critical to a possible finding of changed circumstances such as might warrant withdrawal of the death penalty notice, however, there is no guarantee. We would also be willing to consider whether it would be possible to arrange for your client's sentence to be served in Iowa or nearby to Iowa.

Please understand that this is not a formal plea offer. As you know, any such offer must be first authorized by the Department of Justice and would be made by separate letter. This is only intended as a proposed framework for working toward submission of a proposed plea agreement to the Department of Justice for their consideration. There is no assurance that a plea agreement conforming to the broad terms outlined herein would be authorized by the Department. However, this proposal is intended to minimize any risk to your client that any proposal along the lines addressed herein may not be authorized by the Department.

I am submitting this letter to you today at your request so that you may discuss it with your client in the morning. Given the possibility your client could assist in the Honken trial, time is of the essence. Please keep the contents of this letter confidential between you, your co-counsel and client. If your client is interested in attempting to resolve this matter in accordance with this letter, it is critical that you so notify me by not later than 2:00 p.m. tomorrow, August 13, 2004. If I have not heard from you by that time, I shall consider this offer to have been rejected and it should be deemed to have been formally withdrawn.

Of course, if you have any questions, please don't hesitate to let me know.

Thank you for your time and consideration.

Sincerely,

CHARLES W. LARSON
United States Attorney

By

RICHARD L. MURPHY
Assistant United States Attorney

2