# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

ANGELA JOHNSON,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

No. C 09-3064-MWB

_____

### CORRECTED MOTION PURSUANT TO FED. R. CIV. P. 15(A)(2) FOR LEAVE TO FILE POST-ANSWER AMENDMENT

In the Scheduling Order issued by the Court on October 29, 2009, your Honor permitted the government to file an Answer by November 30, 2009 pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings (with leave for an extension to be liberally granted). The government has since indicated to us that it intends to answer by November 30. Although petitioner can amend the Petition as of right prior to filing of the answer, Fed. R. Civ. P. 15(a)(1)(A), for a number of reasons set forth below, petitioner requests leave to file her amendment after the Answer is filed, *see* Fed. R. Civ. P. 15(a)(2).

The reasons are multifold. In the Amended Petition, Ms. Johnson intends to improve upon the presentation in the Petition, making claims clearer, ensuring that all of the elements of claims are fairly pled, correcting any errors, and streamlining the Petition to the maximum extent possible. Petitioner would also like to incorporate the findings and conclusions of Dr. Myla Young, as well as revised findings and conclusions from Dr. Woods after he reviews Dr. Young's findings. The findings of Drs. Young and Woods are relevant, perhaps even central, to one of the principal claims

1

in the petition: that trial counsel's failure to investigate or present evidence of Ms. Johnson's mental state at the time of the offenses was ineffective assistance and caused Ms. Johnson prejudice. They are also relevant to petitioner's *Riggins*-related claims. Dr. Young has met with Ms. Johnson. However, due to her busy schedule and the volume of material she is reviewing while preparing her report, she has not completed her findings and conclusions, and they therefore can not be integrated into an Amended Petition within the next week. The birth of undersigned's child on November 19, 2009 has also interfered both with preparation of the amendment and communication with Drs. Young and Woods.

Petitioner does not anticipate that a post-Answer Amended Petition would in any way alter the overall schedule, any more than an Amended Complaint affects a discovery schedule in a typical federal civil case. By streamlining and clarifying the claims, petitioner also intends to streamline her presentation going forward, both before and for the hearing itself.

"The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). "[A] district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dept.,* 241 F.3d 992, 995 (8th Cir.2001). Here, none of those elements is present. Petitioner respectfully requests that her motion for leave to amend post-answer be granted. If granted, Petitioner will file her post-Answer Amendment no later than December 15, 2009.

2

Dated: November 27, 2009

Respectfully submitted,

/s_____
Michael E. Lawlor
Lawlor and Englert, LLC
6305 Ivy Lane
Suite 608
Greenbelt, MD
301.474.3404
301.474.3406 (fax)
mlawlor@verizon.net

Copy to:     C.J. Williams, Asst. U.S. Attorney
             401 First Street, SE
             Suite 400
             Cedar Rapids, IA52401
             Phone: (319) 363-0091
             Fax: (319) 363-1990

3

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on November 27, 2009.

By: CM/ECF to C.J. Williams, Esquire

/s_____
Michael Lawlor

4