IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

ANGELA JOHNSON,                          )
                                         )
              Petitioner/Defendant,      )            No. C 09-3064-MWB
                                         )
        vs.                              )
                                         )
UNITED STATES OF AMERICA,                )
                                         )
              Respondent/Plaintiff.      )

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION FOR PSYCHIATRIC EXAMINATION OF PETITIONER

The United States of America moves the Court for an order to require the

Petitioner/Defendant Angela Johnson to submit to a mental examination, pursuant to

Rule 35(a) of the Federal rules of Civil Procedure.

## I.    PROCEDURAL BACKGROUND

### A.    Defendant's Criminal Charges

On July 26, 2000, a grand jury indicted defendant, charging defendant with

aiding and abetting the murders of five witnesses, in violation of 18 U.S.C. § 1512.  On

August 30, 2001, a grand jury returned a second indictment against defendant.  (Docket

#1).  Counts 1 through 5 charged defendant with aiding and abetting murders while

engaged in a drug trafficking conspiracy, in violation of 21 U.S.C. § 848(e).  Counts 6

through 10 charged defendant with committing murders in furtherance of a Continuing

Criminal Enterprise, in violation of 21 U.S.C. § 848(e).  The government subsequently

1

dismissed the first indictment and tried defendant only on the second indictment.

B.  Defendant's Trial

On May 24, 2005, the jury returned a guilty verdict on all 10 counts of the second indictment.  (Verdict, Docket # 527).  On May 31, 2005, the jury found defendant eligible for the death penalty.  (Verdict, Docket # 545).  On June 21, 2005, the jury found the death penalty appropriate for the murders of all but an informant, for whose murder the jury imposed a life sentence.  (Verdict, Docket # 593).

On December 20, 2005, the Court imposed death sentences for Counts 2 through 5 and 7 through 10 and life imprisonment for Counts 1 and 6.  (Judgment, Docket # 686).  On December 29, 2005, defendant filed a timely appeal notice.  (Docket # 689).

C.  Defendant's Appeal

On appeal to the Eighth Circuit Court of Appeals, defendant raised 28 separate claims of error.  The Eighth Circuit Court of Appeals affirmed defendant's conviction and sentences.  *United States v. Johnson*, 495 F.3d 951 (8th Cir. 2007).  The United States Supreme Court denied defendant's motion for writ of certiorari on October 6, 2008.  *Johnson v. United States*, --- U.S. ----, 129 S.Ct. 32 (2008).  The Supreme Court denied her petition for rehearing on December 8, 2008.  *Johnson v. United States*, --- U.S. ----, 129 S.Ct. 756 (2008).

D.  Defendant's Petition Pursuant to 18 U.S.C. § 2255

On October 5, 2009, defendant filed a motion for post-conviction relief, pursuant to Title 28, United States Code, Section 2255.  On January 21, 2010, defendant filed a Corrected, Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

2

Sentence by a Person in Federal Custody (hereafter "Motion").  Among the many issues raised by defendant are allegations pertaining to her mental health at the time of the offense and at the time of her criminal trial.  Defendant claims, among other matters, that her trial counsel were ineffective for "failing to investigate and present evidence regarding Angela Johnson's mental state at the time of the offenses" (Motion at 25), for failing to present evidence about how defendant "would have been particularly susceptible" to the influences of Dustin Honken (Motion at 50), and for failing to recognize the impact of defendant's mental impairments on her demeanor at trial (Motion at 59).  Defendant also claims her constitutional rights to a fair trial were violated because she was "tried while incompetent."  (Motion at 95).

## II.    ARGUMENT

The government is entitled to have defendant submit to a mental examination because she has placed in controversy her mental state at the time of the offense and at the time of trial.  Rule 35(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> [w]hen the mental . . . condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . ..  The order may be made only on motion for good cause shown.

Fed.R.Civ.P. 35(a).  As the Supreme Court has said Rule 35:

> requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirement of "in controversy" and "good cause," which requirements . . . are necessarily related . . ..  [These requirements] mean[ ] . . . that the movant must produce sufficient information, by whatever means, so that the district judge can fulfil his function mandated by the Rule.

3

*Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964) (citations omitted). The Court noted that "there are situations where the pleadings alone are sufficient to meet these requirements." Id.

Such is the case here. Defendant has placed her mental condition in controversy by the nature of the claims she made in her Motion, as summarized above in Section I(D). Specifically, defendant has placed in issue both her mental condition at the time of the offense, and her mental condition at the time leading up to and during her trial. Accordingly, defendant's pleadings alone are sufficient to show she has placed her mental condition in controversy.

The same pleadings demonstrate good cause for permitting the government to have defendant examined. Defendant purports to rely upon an examination recently performed by her new expert. The government should be permitted to examine defendant itself, particularly with regard to areas (such as defendant's mental state at the time of the offense) where defendant previously prevented inquiry.

The government has retained the services of an expert for this purpose, Dr. Dan Martell, Ph.D. Dr. Martell examined defendant prior to her trial, but was prevented at the time from inquiring into defendant's state of mind at the time of the offense. The government has provided Dr. Martell with defendant's Motion and her supporting documentation as it pertains to her state of mind. The government has requested Dr. Martell advise the government of the nature of the examination he believes is necessary. The government will advise the Court and counsel of the nature of the examination sought as soon as possible. The government anticipates any such examination would take place at the prison where defendant is currently incarcerated.

4

## III.    CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court issue an Order requiring the Petitioner/Defendant Angela Johnson to submit to a mental examination, pursuant to Rule 35(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

STEPHANIE M. ROSE
United States Attorney

By: s/ C.J. WILLIAMS

C.J. WILLIAMS
Assistant United States Attorney
401 First Street SE, Suite 400
Cedar Rapids, Iowa 52401
319-363-6333
(Fax 319-363-0091)
CJ.Williams@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on February 25, 2010.

UNITED STATES ATTORNEY

BY:   s/ S. Van Weelden

COPIES TO: Counsel of Record

5