# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| ANGELA JOHNSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | No. C 09-3064-MWB |
| v. | * | CAPITAL CASE |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent | * | |

## PETITIONER'S RESISTANCE TO GOVERNMENT'S MOTION FOR PSYCHIATRIC EXAMINATION OF PETITIONER

Angela Johnson, by undersigned counsel, submits the following Resistance to the Government's Motion for Psychiatric Examination of Petitioner: In support of the Resistance, Ms. Johnson states the following:

1. The Government correctly notes that Petitioner, in her pending §2255 Motion, has raised claims of ineffective assistance of trial counsel for, inter alia, failing to investigate and present evidence of Ms. Johnson's mental state at the time of the offenses in this case.

2. As a remedy, however, the Government requests that their expert, Dr. Dan Martell, the same expert who evaluated Ms. Johnson prior to trial in this case, be permitted to examine Ms. Johnson again. Assuming without agreeing that such an examination is "fair game," given the allegations in the Petition, the Government's request is too broadly stated for proper response. The Government states only that Dr. Martell will advise the government of the nature of the examination he believes necessary and the Government, in turn will

notify the Court and counsel.[1]

3. The Government's request raises complex issues, similar to those analyzed at length in the Court's pretrial ruling and analysis of Rule 12.2. of the Federal Rules of Criminal Procedure. Order of Court dated February 18, 2005. As the Court held then, certain protections must still be afforded Ms. Johnson that are not captured by the Government's Motion. The Court ought to hold a hearing, to hear argument and rule on issues including, but not limited to, the following:

a. Preservation of Ms. Johnson's Fifth Amendment privilege;

b. Preservation of Ms. Johnson's Sixth Amendment protection;

c. The nature and scope of the Government's testing. Ms Johnson cannot adequately respond to the Government's request for a proposed rebuttal evaluation without knowing a) precisely what kinds of evaluation and/or testing it seeks to perform b) with respect to which particular issue(s) and c) the Government's position on the appropriateness of Dr. Martell's qualifications to perform the specific evaluations and/or testing it seeks to conduct.

WHEREFORE, Petitioner requests that the Court hold a hearing, presumably via telephone, on the Government's Motion.

_____

[1] Based on discussions between undersigned counsel and Mr. Williams, counsel is confident that the timing and location of the examination have been determined.

Respectfully submitted,

/s_____
Michael E. Lawlor
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 608
Greenbelt, Maryland  20770
(301) 474.3404

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on March 11, 2010.

By: CM/ECF to C.J. Williams, Esquire

/s_____
Michael Lawlor

3