IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| ANGELA JOHNSON, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | No. C 09-3064-MWB |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## GOVERNMENT'S REPLY TO DEFENDANT'S RESISTANCE TO THE GOVERNMENT'S MOTION FOR PSYCHIATRIC EXAMINATION OF PETITIONER

The United States of America moved the Court for an order to require the Petitioner/Defendant Angela Johnson to submit to a mental examination, pursuant to Rule 35(a) of the Federal Rules of Civil Procedure. (Civil docket no. 29). Defendant resisted the motion, asserting a Fifth and Sixth Amendment privilege, and requesting information about the nature and scope of the examination and/or testing. (Civil docket No. 34). The Court ordered the government to file a reply to Petitioner's resistance. (Civil docket No. 35).

## I. Defendant Has Waived Her Fifth Amendment Privilege

By making her mental condition an issue in this litigation, defendant has waived whatever Fifth Amendment privileged she previously enjoyed.

Defendant has waived her Fifth Amendment privilege. A defendant's Fifth Amendment privilege "is not violated per se by requiring him . . . to submit to a mental examination." *Kelly v. Withrow*, 25 F.3d 363, 369 (6th Cir.1994) (internal quotation and

1

citation omitted).  A defendant waives her Fifth Amendment privilege if the defendant makes her mental condition an issue of litigation.  See, e.g., *Powell v. Texas*, 492 U.S. 680, 684 (1989) (defendant's use of psychiatric testimony constitutes a waiver of Fifth Amendment privilege); *Buchanan v. Kentucky*, 483 U.S. 402, 422-27 (1987) (if a defendant requests a psychiatric examination to prove mental-status defense, then he has waived his Fifth Amendment privilege).

This Court previously found defendant waived her Fifth Amendment right at the time of trial, but not as to "defendant's thinking or conduct at the time of the charged offenses."  *United States v. Johnson*, 383 F. Supp.2d 1145, 1167 (N.D. Iowa 2005).  In contrast to the situation at trial, defendant now faults her trial counsel for failing to introduce evidence about her mental state and conduct at the time of the charged offenses.  (Defendant's Amended and Corrected Petition at 25-50).  Defendant's new expert apparently intends to testify about the defendant's mental condition at the time of the offense.  (Defendant's Amended and Corrected Petition at 46-47).  Accordingly, unlike at trial, defendant's waiver of her Fifth Amendment privilege is now complete, and includes her mental state at the time of the offense.

## II.     Defendant Has No Sixth Amendment Right

The Sixth Amendment to the United States Constitution provides, in pertinent part: "In all *criminal* prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."  U.S. Const. Amend. VI (emphasis added).  Thus, outside a criminal prosecution, a person has no Sixth Amendment right to counsel.  See, e.g., *Coleman v. Thompson*, 501 U.S. 722, 755 (1991) (Sixth

Amendment right to counsel does not extend to collateral proceedings); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no right to counsel except in criminal prosecution and appeal); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (there is no recognized constitutional right under the Sixth Amendment in habeas cases); *Kitt v. Clarke*, 931 F.2d 1246, 1248 n.4 (8th Cir. 1991) (Sixth Amendment right to counsel does not extend to post-conviction proceedings); *United States v. Snitz*, 342 F.3d 1154, 1158 (10th Cir. 2003) (Sixth Amendment right to counsel extends to appeal in a criminal case, but not to collateral review). It is axiomatic that habeas proceedings are civil in nature. See *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) ("habeas corpus proceedings are civil in nature").

Even assuming defendant enjoyed a Sixth Amendment right to counsel in a collateral proceeding such as this, she has waived that right by making her mental state an issue in her petition.

### III. Nature and Scope of the Examination/Testing

Attached as Exhibit 1 is a copy of the Curriculum Vitae for Daniel Martell, Ph.D. Attached as Exhibit 2 is a copy of an e-mail provided by Mr. Martell in response to a request for him to identify the test he intends to administer to Petitioner. The government has arranged for Mr. Martell to examine the defendant on March 23-24, 2010, at her place of incarceration in Texas. Dr. Martell will be conducting the examination himself, and anticipates it could take a total of 12 hours.

### IV. Conclusion

The United States respectfully requests the Court issue an Order compelling

3

defendant to submit to a mental examination by an expert retained by the United States. Defendant has waived her Fifth Amendment privilege, and has no Sixth Amendment rights in this collateral proceeding. The nature of the examination the government proposes is reasonable.

Respectfully submitted,

STEPHANIE M. ROSE
United States Attorney

By: *s/ C.J. Williams*

C.J. WILLIAMS
Assistant United States Attorney
401 First Street SE, Suite 400
Cedar Rapids, Iowa 52401
319-363-6333
(Fax 319-363-1990)
CJ.Williams@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on March 15, 2010.

UNITED STATES ATTORNEY

BY:   s/ S. Van Weelden

COPIES TO: Counsel of Record

4