IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| ANGELA JOHNSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | No. C 09-3064-MWB |
| v. | * | CAPITAL CASE |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent | * | |

**PETITIONER'S RESPONSE TO GOVERNMENT'S REPLY TO RESISTANCE
TO GOVERNMENT'S MOTION FOR PSYCHIATRIC EXAMINATION OF
PETITIONER**

Angela Johnson, by undersigned counsel, submits the following Response to the

Government's Reply to Resistance to the Government's Motion for Psychiatric Examination

of Petitioner: In support of the Response, Ms. Johnson states the following:

**Rule 35's Requirements**

The Government seeks leave of court to have petitioner submit to a mental

examination of the defendant by Dr. Daniel Martell. In support of their request, the

Government has appended to its Response on this issue an email from Dr. Martell containing

a laundry list of neuropsychological examinations that he may or may not administer to Ms.

Johnson. Government's Reply to Resistance, Exhibit 2.[1] This Court must deny this request

because Respondent has not complied with the requirements of Rule 35, Federal Rules of

Civil Procedure.

---

[1] The Exhibit states: "The tests to be administered will be selected from the list below based on the history obtained and the clinical indications at the time of the examination[.]"

Rule 35. Physical and Mental Examination of Persons

(a) Order for Examination. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Rule 35(a), Fed. R. Civ. P.

The Federal Rules allow for mental examinations of persons, but only if certain conditions are met. First, the mental condition of the person must be in controversy. Second, "the order may be made only on motion for good cause shown." Third, the party seeking the examination must specify the time, place, manner, conditions, and scope of the examination and the persons by whom it is to be made. Fourth, the examiner must be suitably licensed or certified. The Government has failed to adequately address these requirements.

The substantive law governing compulsory examinations put the Government on notice (a) that "the party requesting a mental or physical examination or examinations [must] adequately demonstrate[] the existence of the Rule's requirements of 'in controversy' and 'good cause,'", *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964); (b) that these requirements "are not met by mere conclusory allegations" such as claiming an examination is "necessary," *McLaughlin v. Atlantic City*, 2007 WL 1108527 at * 3 (D. N.J. 2007), and (c) that there must be an "affirmative showing by the movant that each condition as to which the

2

examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination" because "what may be good cause for one type of examination may not be so for another." *Schlagenhauf*, 379 U.S. at 118.

The Court has held that the requirement that a party demonstrate good cause to subject a person to a mental examination "is not a mere formality, but is a plainly expressed limitation on the use" of the rule. *Id.* Conclusory allegations in the pleadings and assertions of mere relevance to the case are insufficient to show good cause. *Id*. Rule 35 "requires discriminating application by the trial judge" in deciding whether the moving party has demonstrated the "in controversy" and "good cause" requirements. *Id*. at 118-19, 121 ("Mental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule."). Good cause for Rule 35 requires a "greater showing of need" for an examination than discovery permitted by other means. *Guilford Nat'l Bank. v. S. Ry. Co.*, 297 F.2d 921, 924 (4th Cir. 1962). Rule 35 is "consciously designed to be somewhat restrictive." *Greenhorn v. Marriott Int'l, Inc*., 216 F.R.D. 649, 651 (D. Kan. 2003).

**The Government has Offered Neither Good Cause Nor Have They Defined the Scope of Their Requested Examination**

In making the determination of good cause, the court should consider the ability of the movant to obtain the desired information by other means. *Schlagenhauf*, 379 U.S. at 118. It is premature for the Government to seek a Rule 35 examination because the information sought is available by other means. The Government has access to the testing of the

3

defendant's pretrial neuropsychologist and reports of its own experts administered prior to the trial, and in this case has access to its own medical and psychiatric records of Petitioner, having had continuous custody of her for almost a decade. Given these circumstances, the Government has not shown good cause for a Rule 35 examination because the information it claims to need may very well already be contained in its own files. *Storms v. Lowe's Home Centers, Inc.*, 211 F.R.D. 296, 298 (W.D. W.Va. 2002) (no good cause shown when party had access to medical records and opponent's expert report); *O'Sullivan v. Rivera*, 229 F.R.D. 184, 186 (D.N.M. 2004) (good cause not shown when movant has access to medical reports and medical records). Good cause is not shown unless the movant demonstrates that it cannot obtain the information sought by other discovery techniques. "Until other methods are attempted, we believe that the 'discriminating application' of Rule 35 demanded by the Court requires us to deny the motion." *Caban v. 600 21st Street Co.*, 200 F.R.D. 176, 182 (E.D.N.Y. 2001), quoting *Marroni v. Matey*, 82 F.R.D. 371, 372 (E.D. Pa. 1979).

The Government has not proffered a declaration or report from its expert, explaining why a mental examination is necessary. *See Anson v. Fickel*, 110 F.R.D. 184, 186 (N.D. Ind. 1986) (good cause shown where movant alleged that a psychologist has reviewed medical records and formed preliminary opinions concerning plaintiff's mental condition which were adverse to plaintiff's claims). No expert states why such an examination is necessary, or why the tests and examinations conducted by petitioner's experts, or by Dr. Martell in his prior lengthy examination of Petitioner, are not sufficient for the Government's purposes.

4

"Good cause" requires "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another." *Schlagenhauf*, 379 U.S. at 118. Without knowing what condition the expert wishes to examine and what each particular examination sought is supposed to determine, this Court cannot exercise the discriminating application of the Rule that the Supreme Court requires. "[T]he movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule." *Schlagenhauf*, 379 U.S. at 119. While "failure to provide *all* particulars about the examination . . does not necessitate denial of a motion for examination," *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 623-24 (D. Kan. 1999) (emphasis added), Respondent has provided this Court with insufficient particulars – a laundry list of potential testing with no explanation of why they may be necessary and/or whether they are intended to defend against the allegations made by Ms. Johnson at this time -- so that the Court can fulfill its function mandated by Rule 35. For this reason, the Court must deny the motion.

In summary, the Government's conclusory assertion that its examination is necessary falls far short of demonstrating either a controversy or good cause for its novel and expansive proposed examination. This Court should find the Government seeks to develop evidence that is irrelevant because it was not available at the time of trial, and that exceeds the scope

of rebuttal, and deny the Government's motion.

Respectfully submitted,

/s_____
Michael E. Lawlor
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 608
Greenbelt, Maryland  20770
(301) 474.3404

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties

to the above cause to each of the attorneys of record herein at their respective addresses

disclosed on the pleadings on March 11, 2010.

By: CM/ECF to C.J. Williams, Esquire

/s_____
Michael Lawlor

6