# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

ANGELA JOHNSON,          *
                               *
       Petitioner,       *
                               *          **No. C 09-3064-MWB**

v.                        *          **CAPITAL CASE**
                               *

UNITED STATES OF AMERICA,    *
                               *

       Respondent       *

## UNOPPOSED AND RENEWED MOTION TO RESCHEDULE EVIDENTIARY HEARING UNTIL JULY 12, 2010

Angela Johnson, by undersigned counsel, submits the following request to reschedule the evidentiary hearing in this case from May 3, 2010 until July 12, 2010.  In support of the request, counsel for Ms. Johnson states the following:

1. On August 14, 2009, following a conference call between the Court, Mr. Williams, counsel for the Government, and undersigned counsel, the Court scheduled an evidentiary hearing in this matter with a primary commencement date of May 3, 2010 and a backup commencement date of July 12, 2010.

2.  During that conference call, undersigned counsel alerted the Court that he is CJA counsel for Johnny Lee Holmes in the matter captioned *United States v. John Cox, et al.*, Case No. 08-328-DKC in the United States District Court for the District of Maryland and that the matter was scheduled for trial beginning April 6, 2010 and running for 8 weeks. (The original scheduling order is attached as Exhibit A).  At the time, counsel also advised the Court that he was confident the matter would be resolved short of a trial.

3. On March 3, 2010, Petitioner filed an unopposed Motion to Reschedule the hearing to the backup hearing date. Therein, counsel for Ms. Johnson explained that it appeared that Mr. Holmes' case would proceed to trial on April 6, 2010. Counsel had received a plea offer from the Government and discussed the matter with Mr. Holmes on multiple occasions. No agreement had been reached at that time and an agreement short of trial seemed unlikely. That offer was received by undersigned, counsel for Mr. Holmes, on February 25, 2010 and discussed with him shortly thereafter. The Court, at that time, denied Petitioner's request to reschedule the hearing.

4. Since that time, two events have transpired that impact the hearing date in this case. First, the United States District Court for the District of Maryland (Judge Deborah K. Chasanow), in a conference call in the early part of March, 2010, rescheduled the trial to begin on May 4, 2010. (The amended scheduling order is attached as Exhibit B). Undersigned counsel was not a participant on that call and was unaware that this conference call had been scheduled or that a alteration of the trial date was at issue.

Second, counsel has continued to discuss settlement with the Government and with Mr. Holmes. A revised plea offer was received by counsel on April 2, 2010 and has been discussed with Mr. Holmes, on several occasions, both at the detention center and on the telephone, since receipt of this second plea offer. The offer has been rejected and expires today.

5. As noted in Petitioner's prior request to reschedule the hearing in the instant

2

matter, Mr. Holmes' case involves 16 defendants and a large volume of discovery. To date, only two defendants have plead guilty and another two have indicated their desire to plead guilty.

6. This Motion is not made for the purpose of delay. Undersigned is aware of the Court's desire for a rapid resolution of the instant matter, and counsel understands and appreciates that mandate. As noted, counsel has always advised the Court that he believed the Holmes matter would resolve in a disposition. Undersigned believed it would so resolve and recommended such a resolution to Mr. Holmes. Naturally, my advice to Mr. Holmes is independent of and not related to any scheduling conflict, but I can assure the Court that I have been acting in good faith, both regarding my effort to see that this hearing commences in May and regarding my professional obligation to Mr. Holmes. To date, however, a disposition has not been reached. Nothing done in the Holmes matter is being done in an effort to delay the instant case. A two month delay is not unreasonable or excessive, it has been cleared with all parties, and will not be need to be rescheduled under any circumstances (at least from Petitioner's point of view).

7. Undersigned respectfully requests that the Court reschedule the hearing in the instant matter to the backup hearing date, for several reasons: (1) counsel cannot professionally and competently prepare for Mr. Holmes' trial and Ms. Johnson's hearing at the same time. Mr. Holmes' case will, and has, required preparation for trial in light of the failure, to date, to reach a resolution. Of course preparation for Ms. Johnson's hearing is

3

extremely time consuming and involves, at a minimum, preparing to offer as witnesses three trial attorneys, two mental health experts, lay witnesses, cross examination of any Government witnesses, final identification and preparation of exhibits, travel arrangements for most witnesses (2) These witnesses, as well as undersigned's co-counsel, are stuck in limbo while undersigned is unable to confirm that the hearing in the instant will commence, as scheduled, in early May; (3) though I have not discussed the matter, specifically, with Mr. Williams, I am sure the Government has witnesses and other individuals who likewise are in limbo based on the undersigned's scheduling conflict.

8. This Motion is unopposed. Undersigned counsel discussed the matter with C.J. Williams, Esquire, who authorized counsel to state that he has no objection to the hearing being scheduled for the backup date in July.

WHEREFORE, Petitioner requests that the Court grant the request that the matter be scheduled for the backup hearing date of July 12, 2010.[1]

Respectfully submitted,

/s_____
Michael E. Lawlor
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 608
Greenbelt, Maryland 20770
(301) 474.3404

---

[1] I am aware that the Court may have limited availability due to prior arranged professional travel, but I would be grateful if the Court would consider scheduling a telephone conference, on or off the record, to discuss this issue.

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on April 10, 2010.

By: CM/ECF to C.J. Williams, Esquire

/s_____
Michael Lawlor

5