IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| ANGELA JOHNSON, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | No. C 09-3064-MWB |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

Respondent United States of America moves the Court for an order compelling Petitioner to produce discovery.

## I. BACKGROUND

On March 18, 2010, the Court held a telephonic hearing on the government's motion to compel a psychiatric examination of Petitioner/Defendant, Angela Johnson. During the telephone hearing, the government learned for the first time that defendant had retained the services of another expert, Dr. Myla Young. Defense counsel stated that Young had not produced any report regarding her examination of defendant. Four days later, defendant filed a reply to the government's resistance to her petition, mentioning Dr. Young's apparent agreement with Dr. Woods' findings. (Reply, document # 42, at 18).

The Court was initially inclined to allow the government to take the deposition of Ms. Young, but ultimately agreed that defendant should provide the government with a

1

report by Dr. Young. In addition, the Court stated that defendant should provide the government with the results of any testing done by her experts, along with work papers reflecting those findings.

Subsequently, the government has exchanged e-mails with defense counsel regarding production of those documents. During the week of March 22, 2010, the government sent an e-mail to defense counsel asking about when it could expect to receive Dr. Young's report. On March 29, 2010, defense counsel stated in an e-mail that he was "working on the Young report and hope to have to you ASAP." On April 1, 2010, the government again inquired about when it would receive Dr. Young's report and the work papers, and also requested a copy of any report or recording of an interview of Christy Gaubatz. Defense counsel replied on April 2, 2010: "You should have Young's report ASAP, discovery I hope next week. I will try to locate the Gabatz interview." On April 10, 2010, the government again inquired of defense counsel regarding Young's report and work papers, Dr. Woods' work papers, and the report/recording of interview of Gaubatz. In a reply the same day, defense counsel stated "I will aim for Young's reports on Monday, the work papers mid week. I will send you what I have on Gabtz (sic) Monday as well."

As of the date of this motion, the government has not received any of the requested materials from defendant.

On Saturday, April 10, 2010, the government also requested production of correspondence between defendant's trial attorneys, between defendant and her trial attorneys, and notes of attorneys, all of which are referenced in defendant's petition. Defendant has not responded to that request.

## II.    ARGUMENT

Rule 6(a) of the Rules Governing Section 2255 Proceedings provides that the "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of the law."  Rule 6(b) provides that the party requesting discovery must provide reasons for the request.

The government needs the requested expert reports and supporting materials in order to prepare for the hearing in this matter.  Defendant's experts have opined the defendant suffered from certain mental impairments both at the time of the offense and at the time of trial.  The government's rebuttal expert cannot prepare to rebut defendant's experts until he receives the full report, test results, and work papers from defendant's experts.

As to the report of interview of Christy Gaubatz, the United States in its response indicated that defendant's investigator misquoted Ms. Gaubatz and twisted her words to suggest the government made her a promise which was not made.  The government needs access to any notes, report of interview, or recording of interview of Ms. Gaubatz to determine what she actually said, versus what defendant's investigator claims she said.

During the telephone hearing on March 18, 2010, this Court found the government was entitled to Ms. Young's report.  During the same hearing, the Court indicated it expected defendant to provide supporting test results and work papers of their experts.  Defendant in e-mails from her counsel acknowledged her responsibility to produce these documents to the government.  Yet, she has not done so.

3

The hearing in this matter is scheduled to begin May 3, 2010.  Nearly a month has passed since the telephone hearing on March 18, 2010, and the government has yet to receive any of the documents it has requested.  Nor has defendant provided any explanation for the delay in complying with the government's discovery requests.  As a result, the government may not be prepared to litigate this matter as scheduled on May 3, 2010.

As to the government's latest request for production of attorney notes and correspondence, defendant has waived any attorney-client privilege she had regarding such materials by asserting an ineffective assistance of counsel claim and by specifically referencing such materials in her petition.  For the government to be in a position to effectively respond to defendant's allegations that her attorneys were ineffective, the government should be permitted access to the same materials upon which defendant is relying to make her argument.  *United States v. Workman*, 138 F.3d 1261, 1264 (8th Cir. 1998) (defendant cannot use the attorney-client privilege as both a shield and a sword).

## III.     CONCLUSION

WHEREFORE, for the reasons set forth above, the United States respectfully requests that the Court order defendant to provide the government with:

1)      A report by Dr. Myla Young regarding her examinations of and findings regarding defendant Angela Johnson;

2)      A copy of any and all results of tests or examinations conducted by both Dr. George Woods and Dr. Myla Young of defendant Angela Johnson;

3)      A copy of any and all work papers, including notes of interviews, created

4

by Dr. George Woods and Dr. Myla Young in connection with their examination and testing of defendant Angela Johnson;

4) A copy of any report, notes, or recording of or reflecting an interview of Christy Gaubatz;

5) A copy of all correspondence between defendant's trial counsel regarding their representation of defendant;

6) A copy of all correspondence of all correspondence between defendant and her trial counsel, and;

7) A copy of all notes of defendant's trial counsel pertaining to their representation of defendant.

Respectfully submitted,

STEPHANIE M. ROSE
United States Attorney

By: s/ C.J. WILLIAMS

C.J. WILLIAMS
Assistant United States Attorney
401 First Street SE, Suite 400
Cedar Rapids, Iowa 52401
319-363-6333
(Fax 319-363-0091)
cj.williams@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on April 14, 2010.

UNITED STATES ATTORNEY

BY:  s/ S. Van Weelden

COPIES TO: Counsel of Record

5