# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | Case No. 01-cr-3046 |
| | ) | CAPITAL CASE |
| | ) | |
| ANGELA JOHNSON, | ) | |
| | ) | |
| Movant | ) | |

## MOTION FOR ADDITION OF COUNSEL AND CONTINUANCE OF HEARING

COMES NOW movant Angela Johnson, by and through undersigned counsel, and moves this Court to appoint Michael E. Burt to represent Ms. Johnson for the remainder of her 28 U.S.C. § 2255 proceedings. Ms. Johnson seeks addition of Mr. Burt along with her current attorneys, Michael E. Lawlor and Ilann M. Maazel, or in the alternative to appoint Mr. Burt in lieu of one of Ms. Johnson's present counsel. In addition, Ms. Johnson, by and through undersigned counsel, seeks a continuance of the evidentiary hearing currently scheduled for October 4, 2010. *See* Doc. 53, Order Rescheduling Evidentiary Hearing.

## NEED FOR ADDITION OF COUNSEL AND CONTINUANCE

As the Court is aware, Angela Johnson is facing her first and last opportunity to develop facts in support of her claim that her conviction and death sentence were unconstitutional. She has pled non-frivolous claims challenging nearly every aspect of her federal capital proceedings and asserted, among other facts: that she suffers from

1

neurological and mental disease that her trial counsel unreasonably failed to discover and present to her capital jury and whose manifestation and interplay have had a profound effect on Ms. Johnson's functioning throughout her life; that she was under the influence of inappropriately administered medication and incompetent at the time of her trial and counsel were ineffective in failing to recognize that; that her trial counsel were ineffective in failing to investigate facts crucial to challenging the government's case at both stages of trial; that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963) and *Napue v. Illinois*, 360 U.S. 264 (1959) by knowingly presenting false testimony; and that some of the jurors who sat in judgment of this capital case engaged in misconduct. *See*, *e.g.*, Doc. 26, Corrected Amended § 2255 Motion. As of now, the evidentiary hearing may involve presentation of evidence concerning most or all of these claims, which undersigned counsel now realize will require more expertise than Ms. Johnson's current legal team possesses and more time than the current schedule permits.

First, as the Court is aware, the evidentiary hearing before this Court will be Ms. Johnson's only opportunity to present witnesses in support of her claims for relief. It will be the Court's only chance to evaluate the credibility of those witnesses and to have them explain under questioning the relevance of the information to which they testify. This will be particularly important with regard to the witnesses Ms. Johnson intends to present to describe and explain the limitations and medical conditions that have impacted her behavior throughout her life and that were significant contributors to her involvement in the events that led to her capital prosecution. The only opportunity the Court will likely have to hear

2

detailed and cohesive testimony, subject to examination by both parties, concerning Ms. Johnson's functioning, the actions of her trial team, and the tragic events that led to capital proceedings will be at the § 2255 hearing. This is because, as the Court is aware, successor § 2255 litigation may be pursued only under very limited circumstances. *See* 28 U.S.C. § 2255 (h) (requiring newly discovered evidence that if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense or a new, previously unavailable, rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court).

Moreover, unlike in federal habeas proceedings challenging state convictions where the federal petitioners have usually been allowed factual development and hearings in state courts before the federal courts hear their claims and have discretion to allow for further factual development and additional hearings, *see* 28 U.S.C. § 2254 (e), in § 2255 cases, the federal district court is the one and only forum in which the movant may present witnesses in support of her claims. Thus, at Ms. Johnson's hearing before this Court, she must present a *complete* record in support of her claims and she has the burden of proving those claims, which requires her counsel to collect, organize, and proffer all available evidence in this very fact-intensive case where the events spanned decades.

Such an undertaking is obviously complex and difficult. Witnesses must be located, interviewed and shepherded to the hearing; voluminous records (educational, institutional, medical, governmental, employment, etc.) must be obtained from a variety of agencies and

3

institutions, reviewed, and then distilled and transformed into court exhibits and demonstrative evidence; lines of examination and cross-examination must be prepared; legal research must be conducted into the admissibility of certain evidence; objections from the government must be anticipated (and potential objections to arguments and evidence from the government prepared), and so on. In short, the very real and practical difference between litigating a habeas case "on the papers" versus preparing for and conducting what is essentially a habeas trial places different burdens on counsel, ones which Ms. Johnson's current § 2255 attorneys are not, for a variety of reasons described more fully below, equipped to undertake without more time and the addition of a lawyer with more relevant expertise.

The § 2255 investigation and hearing preparation have brought to light a number of tasks that need to be completed before counsel can be confident that Ms. Johnson's claims are being fully supported by the available facts.

Mr. Burt's expertise is necessary to complete the preparation for the hearing, including the final stages of the investigation into Ms. Johnson's background, character and mental health, which is a very specialized under taking with which current counsel are not sufficiently familar.[1] At this juncture, regrettably, undersigned counsel is ill-

---

[1] Any presentation of mental health evidence depends not only on expert testimony but also on the corroborative testimony of lay witnesses with knowledge of the defendant's behavior and life experiences as well as on her functioning related to those around her. This information is crucial to the expert who evaluates the client's functioning over time and day to day as well as the manifestation of symptoms of disease over time. Therefore, the mental health expert cannot

4

prepared to conduct all this investigation and create a necessary inventory of materials and trial proceedings without the addition of another capital lawyer with the requisite experience to prepare for this wide-ranging hearing.[2]

Undersigned counsel are extremely mindful that the request for a continuance implicates concerns about the finality of Ms. Johnson's conviction as well as the management of the Court's busy docket , that a continuance will likely burden the Court's schedule, and that the Court has already granted more than one continuance. Counsel sincerely regrets the need for more time and would not be moving for continuance or substitution of counsel in the absence of very good reason, not the least of which is that this is a capital case and counsel, and surely the Court, are constantly mindful that Ms. Johnson's life literally depends on the thorough handling of these proceedings. In light of that ever-present fact, as preparations for the evidentiary hearing were underway and the above-

competently finalize his or her conclusions until the life history investigation has been completed. By the same token, lay witness testimony alone cannot provide an accurate picture of the client's relevant mental state. An expert is needed to provide an overview of factors that shaped a client's life and to provide a framework for understanding any mental disorders that might have resulted from those factors. Thus, adequate preparation for a capital habeas hearing raising claims such as the ones that Ms. Johnson has raised requires comprehensive life history investigation, collection and documentation of vital information, and identification, interview, and preparation of lay and expert witnesses. In Ms. Johnson's case, her trial mitigation specialist identified over 50 available witnesses to be interviewed but only managed to talk with less than half of those witnesses, and present counsel have not completed that investigation. In addition, Ms. Johnson's § 2255 investigation has turned up a number of additional witnesses who need to be interviewed.

[2] As the Court is aware, the need for at least two attorneys two develop and present capital habeas cases is well established. *See*, *e.g.*, Revised ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases. 18 U.S.C.§ 3599 allows the appointment of additional counsel in a capital case and reflects the gravity and complexity of capital habeas litigation.

outlined tasks among others were identified as still needing to be completed, it became very apparent that Ms. Johnson's case needs to be led by an attorney with expertise in federal capital trials and in representing clients presenting claims that turn on understanding complex medical, specifically mental health, disorders in order to insure that her claims are fleshed out accurately and completely.[3] As described below, Michael E. Burt is such an attorney.

Mr. Burt has been Federal Death Penalty Resource Counsel (FDPRC) for the past nine years. Prior to his association with FDPRC, Mr. Burt worked for 24 years as a state public defender in California. He has successfully defended fifteen federal capital defendants at various stages of litigation (including in habeas) and numerous state capital cases, a number of which involved defenses or claims of mental illness, intellectual disability, or neurological disease or defect. He is also an expert in the use of forensic evidence and in the use of mental health evidence in capital proceedings and has published on both topics as well as presented at capital trainings on these issues for the past 25 years. He has also served as an expert in evaluating trial counsel's performance under *Strickland v. Washington*, 466 U.S. 668 (1984) in fourteen cases. Given his federal capital experience and his particular expertise in the litigation of *Strickland* claims as well as other claims involving mental health and other forensic issues in state and federal capital cases, Mr. Burt is well situated to lead

---

[3] It should be noted that while Mr. Maazel is experienced in federal litigation and criminal defense generally, he is not a capital lawyer, nor is he a habeas expert. He and Mr. Lawlor now recognize the need for a second experienced capital lawyer to insure that Ms. Johnson's claims are fairly presented during these labor intensive and complex proceedings. For a variety of reasons, Mr. Lawlor is not in a position to litigate this case without a second experienced capital attorney.

Angela Johnson's capital § 2255 litigation, much of which depends on thorough development and explication of the mental health evidence that Ms. Johnson has pled that her trial counsel failed to discover.

Although Mr. Burt is only available to represent Ms. Johnson if the Court grants a continuance to give him an opportunity to familiarize himself with the voluminous trial record and approximately 150 boxes of related documents and the results of the postconviction investigation to date, as well as to assist in completing some of the critical tasks outlined above. Mr. Burt's appointment, because of his particularly relevant expertise and experience, will in the longer term facilitate more efficient and expeditious litigation of this case while at the same time insuring that Ms. Johnson has a meaningful opportunity to meet her burden of proof at the hearing and adequately and develop and present facts in support of her claims.

Finally, both Mr. Maazel and Mr. Lawlor are willing to remain on as Ms. Johnson's counsel if the Court is willing to allow them to while appointing Mr. Burt. However, counsel are fully mindful that it is in Ms. Johnson's best interests to be represented at this juncture by someone with the specialized capital expertise this case requires and so therefore either of them is also willing to step aside so that the Court may allow Mr. Burt to substitute for him.

A second, independent reason for requesting a continuance has recently occurred. Undersigned counsel, Michael Lawlor, was recently appraised of the fact that his mother has been diagnosed with cancer. Ms. Lawlor has, for some years, suffered from a blood disorder

7

that is considered a precursor to Leukemia.  That medical situation had been considered stable and not life-threatening.   Approximately one month ago, Ms. Lawlor was diagnosed with Lymphoma.  After meeting with her doctors, a course of chemotherapy was scheduled to occur on an out-patient basis once every three weeks.   One week ago, Ms. Lawlor was scheduled for further evaluation at Beth Israel Medical Center in Boston, MA.  That day, Ms. Lawlor was advised that her Leukemia was now acute and she was admitted to the hospital and an intensive course of chemotherapy was begun.   That course was scheduled to end Sunday.  Last evening, undersigned spoke to his mother and other family members and was advised that the situation is complicated further still.   Apparently, the fact that Ms. Lawlor is suffering from both Leukemia and Lymphoma is rare and complex.  As a result of ongoing issues, I was advised that my mother will be receiving a further round of chemotherapy and will likely remain hospitalized for the better part of the next month.

As a result of this, undersigned, of course, desires to have the ability to spend as much time in Massachusetts in the next month or so while, we pray, my mother's health condition stabilizes.  As a result, independent of any other issue that the Court has recently been made aware of, undersigned requests that the Court grant a continuance of the October 4 hearing date.

CONCLUSION

Ms. Johnson will have only one opportunity to present evidence in support of her § 2255 motion, at a hearing where the burden of proof is entirely on her, and where failing to develop adequate extra-record evidence to prove her claims could cost her her life.

8

Moreover, Ms. Johnson must do so while being "confronted with the massive power of the United States Government." *United States v. Coffee*, 113 F. Supp. 2d 751, 757 (E.D. Pa. 2000). Given the enormity and complexity of the tasks associated with litigating a capital habeas proceeding, and especially considering the huge disparity in resources between the parties, it is respectfully submitted that the appointment of a second experienced capital habeas attorney for Ms. Johnson to obtain a "fair and just determination" of her claims at her evidentiary hearing. The appointment of Michael Burt will necessitate a continuance. However, his appointment will go a long way toward insuring that Ms. Johnson's claims are presented completely and effectively and that the preparation for her hearing proceeds far more efficiently going forward. Further, given undersigned's personal family medical issue, a request for a continuance of the hearing is requested.

9

<u>PRAYER FOR RELIEF</u>

Ms. Johnson's 2255 counsel seek the Court's assistance to ensure that Ms. Johnson receives the post-conviction process to which she is entitled.  Due to the size and complexity of this case and the substantive issues that have proved most significant, undersigned counsel have come to understand that they cannot competently and properly represent Ms. Johnson's best interests without assistance. Counsel respectfully state that they would not seek such remedies they did not believe them essential for a fair hearing on their death row client's claims.

IN LIGHT OF THE FOREGOING, Ms. Johnson respectfully requests that this Court grant a continuance for the evidentiary hearing currently scheduled for October 4, 1010 and appoint Michael E. Burt to represent her along with undersigned counsel.

Respectfully Submitted,

Michael E. Lawlor
Lawlor and Englert, LLC
6305 Ivy Lane
Suite 608
Greenbelt, MD 20770

Ilann M. Maazel
Emery, Celli Brinkerhoff &
Abady, LLC
75 Rockefeller Plaza
20th Floor
New York, NY 10019

10

11