# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

ANGELA JOHNSON,              *
                                      *
            **Petitioner,**        *
                                      *         **No. C 09-3064-MWB**
v.                                      *         **CAPITAL CASE**
                                      *
UNITED STATES OF AMERICA,     *
                                      *
           **Respondent**        *

## JOINT MOTION FOR A MODIFIED SCHEDULING ORDER AND JOHNSON'S MOTION FOR MRI, PET/CT AND EEG TESTING

COMES NOW Petitioner, by court-appointed counsel, Michael Burt, Ilann M. Maazel, and Marcia Morrissey, and the United States, by C.J. Williams, and jointly moves this Court for a modified scheduling order, and Ms. Johnson moves for MRI, PET/CT and EEG testing, as outlined herein. In support of their motion, the parties state the following:

1. As the Court is aware, the evidentiary hearing in this case is presently scheduled for March 7, 2011. New lead counsel in the case, Michael Burt, was appointed on September 7, 2010. New associate counsel Marcia Morrissey was appointed on September 10, 2010.

2. Since the date of their appointment, new defense counsel have worked diligently to get this case prepared for evidentiary hearing. That preparation has included extensive review and organization of predecessor counsel's massive files (approximately 140 banker boxes of paper material and voluminous electronic files), the completion of a great deal of investigative work, the providing of needed discovery to the government, and the follow-up of expert recommendations. In addition, defense counsel have also been working cooperatively with the government to ensure that both sides have all discovery to which they are entitled, and that the

1

hearing will proceed as expeditiously and efficiently as possible. To that end the parties have been negotiating as to what, if any, factual issues can be stipulated to or eliminated, what witnesses are best handled through depositions, and what witnesses must be called at the hearing before the Court. The parties have agreed, subject to the Court's approval, that depositions will be necessary because if all witnesses who have relevant information are called at a hearing before the Court, the hearing will extend well beyond the five days currently allotted for the hearing. The parties have also agreed, subject to the Court's approval, that with some possible exceptions, all trial and post-conviction experts will be most expeditiously handled through videotaped deposition rather than live testimony in court. Although great strides have thus been made, much investigative and other work still remains to be done.

3. Most importantly, it is and has been the strong recommendation of one of Ms. Johnson's post-conviction experts that petitioner undergo MRI, PET/CT, and EEG testing to either confirm or rule out brain impairment and/or a seizure disorder. (See, Letter of Dr. George Woods dated January 14, 2011, attached hereto as Exhibit A; see also, Declaration of George Woods dated August 11, 2009, attached to Third Supplement To Litigation Budget filed on September 1, 2009; Letter of Dr. George Woods, Doc. 64-4, both incorporated herein by reference). Significantly, this same recommendation was made to trial counsel by consulting expert Dr. William Logan, who recommended in a letter to trial counsel dated February 5, 2001 that "[a] psychiatric evaluation of Ms. Johnson would involve the following procedures:...Coordination with other medical specialties to obtain indicated physical, laboratory and x-ray examinations such as EEG, MRI, CT scan, PET scan." (Exhibit B, Letter of Dr. William Logan to Patrick Berrigan). Such testing was never conducted by trial counsel.

2

4. In the <u>Third Supplement to Litigation Budget</u>, predecessor counsel Michael Lawlor made application for this testing, but requested that it be conducted by Dr. Ruben Gur at the University of Pennsylvania Brain Behavior Laboratory at a cost of $31,800. This Court denied the application, ruling that "[a]lthough such evidence may become reasonably necessary to rebut any expert evidence from the prosecution casting doubt on defendant Johnson's contention that she suffers from various mental health problems or impairments, at this point, neuroimaging testing appears to be far beyond the bounds of what is reasonably necessary to establish mental health problems or impairments." (Doc 823, <u>Order Regarding Third Supplement to Litigation Budget</u>, filed October 2, 2009, p. 3). The Court also observed that "defendant Johnson's motion does not even attempt to address the difficulties and added expenses involved in transporting a death row inmate to a facility capable of performing the neuroimaging testing by Dr. Gur contemplated by Dr. Woods." (Id.).

5. The government subsequently commented on the absence of such testing in its Resistance, where it claimed that Dr. Wood's diagnosis of brain impairment and of a seizure disorder was "highly questionable", in part because "[t]he diagnosis is not based on EEGs, PET scans, CAT scans, or any other type of objective measurable medical testing." (Doc. 15, p.30; Doc. 27, p. 30). In addition, in order to rebut the diagnosis of Dr. Woods, the government has again retained the services of Dr. Daniel Martell. At trial, Dr. Martell issued a report in which he concluded that Ms. Johnson's "neuropsychological testing reveals a pattern of strengths and weaknesses, but no significant brain impairment." More recently, in March 2010, Dr. Martell interviewed Ms. Johnson for two full days and conducted additional neuropsychological testing. Although Dr. Martell has not yet issued a report concerning his more recent evaluation, it seems

highly unlikely based on the defense's review of the more recent testing data that Dr. Martell will change his prior opinion that Ms. Johnson does not suffer from any brain impairment unless he is presented with the kind of "objective measurable medical testing" alluded to in the government's Resistance. Ms. Johnson's neuropsychologist, Dr. Myla Young, has concluded based on neuropsychological tests alone that Ms. Johnson does suffer from neuropsychological deficits.

6. The issues of brain impairment and seizure disorder are thus clearly joined in this case. In recent discussions with the government on this issue, the government has acknowledged that at least to some degree, the viability of the ineffective assistance claim relating to defendant's alleged psychological issues turns on what the defense comes up with as a result of the new tests requested in this motion. The government has also acknowledged that the defense needs to obtain the testing results before defense and government reports can be finalized, and before the parties can question trial counsel and trial experts about what they did or failed to do.

7. In an effort to address the government's criticism of Dr. Woods' diagnosis and in anticipation of the rebuttal of Dr. Martell, and to meet the Court's expressed concerns about the cost and practicality of transporting a death row inmate, present counsel have expended a great deal of time trying to arrange for PET, MRI, and EEG testing near the prison where Ms. Johnson is presently housed in Fort Worth, Texas. Initial investigation of this issue revealed that in order to get the testing done in Texas, it was necessary to get a Texas licensed psychiatrist to prescribe the testing. Dr. Woods assisted in locating such a psychiatrist to work on the case *pro bono* and

4

he has recently completed his review of records and is prepared to issue a prescription for MRI, PET/CT, and EEG testing.

8. The next challenge was finding a facility that could conduct the testing, preferably a single facility close to the prison that could conduct all three tests with the proper equipment. After making diligent inquiry into all local medical facilities, the defense determined that there was not a single facility that could do all three tests, and that in any event conducting all three procedures in a single day was not medically advisable. The defense did locate one facility in close proximity to the prison that had the necessary equipment and was willing to conduct both MRI and EEG testing on Ms. Johnson (John Peter Smith Hospital, 1500 South Main Street, Ft. Worth, Texas 76104) , and another medical facility also in close proximity to the prison that was willing to conduct PET/CT testing (Radiology Associates, 800 West Magnolia Street, Ft. Worth, Texas 76104). Both facilities have conducted testing on prisoners from Carswell in the past and have billing arrangements with the prison. Neither facility has any issue with having security personnel present during the testing, as long as Ms. Johnson can be tested without any handcuffs or other metal on her body. The cost of the MRI testing will be approximately $ 2186.00. The coat of the EEG testing will be approximately $ 480.00. The cost of the PET/CT testing will be approximately $ 1590.00. Based on the recommendation of Dr. Woods as detailed in his prior declaration and letter to the Court, Ms. Johnson is requesting that the Court order and authorize payment for MRI and EEG testing at John Peter Smith Hospital in Fort Worth, Texas, and PET/CT testing at Radiology Associates.

5

9. In view of the necessity of completing necessary investigation and obtaining the testing results before expert reports are finalized and depositions and the hearing proceed, the parties have worked out a proposed modified scheduling order which is designed to set firm dates for all subsequent events in this case. The proposed schedule is as follows:

Further testing of defendant --2/15/11

Production of defense experts reports --3/15/11

Production of government experts reports -- 4/15/11

Deadline for depositions of defense experts, including trial experts -- 5/15/11

Deadline for depositions of government experts -- 6/15/11

Exhibit and witness lists –7/18/11

Exchange of exhibits -- 7/18/11

Pre-hearing briefs -- 7/18/11

Hearing - 8/1/11

Post-hearing briefs -- 9/5/11.

WHEREFORE, for the foregoing reasons, counsel respectfully move that this Court adopt the proposed scheduling order and further order MRI, PET/CT and EEG testing as outlined herein.

6

DATED this 14th day of January, 2011

Respectfully submitted,

Michael Burt
Law Office of Michael Burt
600 Townsend Street, Suite 329E
San Francisco, California 94103
Telephone: 415- 522-1508
Facsimile: 415- 522-1506
michael.burt@prodigy.net


Ilann M. Maazel
Emery, Celli Brinkerhoff & Abady, LLC
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
Telephone: 212-763-5000
Facsimile: 212-763-5001
imaazel@ecbalaw.com


Marcia Morrissey
Law Office of Marcia Morrissey
2115 Main Street
Santa Monica, California 90405-2215
Telephone: 310-399-3259
Facsimile: 310-399-1173
MorrisseyMA@aol.com

C.J. WILLIAMS
Assistant United States Attorney
401 First Street SE, Suite 400
Cedar Rapids, Iowa 52401
319-363-6333; Fax 319-363-0091
cj.williams@usdoj.gov

7