# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

ANGELA JOHNSON,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

No. C 09-3064-MWB
(No. CR 01-3046-MWB)

**ORDER MODIFYING SCHEDULING ORDER AND AUTHORIZING ADDITIONAL TESTING**

_____

This case is before the court on the January 14, 2011, Joint Motion For A Modified Scheduling Order And Johnson's Motion For MRI, PET/CT, And EEG Testing (docket no. 103). The court held a telephonic conference on the motion on Monday, January 17, 2011.

Johnson is entitled to "reasonably necessary" services to support a 28 U.S.C. § 2255 petition in a death penalty case. *See* 18 U.S.C. § 3599(a)(2), *and compare* 21 848(q)(4)(B) (repealed in 2006); *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (O'Connor, J., concurring). The court denied a similar request for testing in September 2009. *See* Order Regarding Third Supplement To Litigation Budget For Neuroimaging And Neuropsychological Tests (Crim. docket no. 823, docketed October 2, 2009). However, based on Johnson's showing in support of her renewed attempt to obtain authorization for neuroimaging testing, the court now concludes that MRI, PET/CT, and EEG testing are "reasonably necessary" to support her § 2255 Motion. Therefore, the court will authorize such testing as requested.

The parties request a continuance of the evidentiary hearing, scheduled for the week of March 7, 2011, and modification of various deadlines, in light of the additional testing approved above. Whether or not to grant a continuance is reviewed for abuse of discretion. *United States v. Keiser*, 578 F.3d 897, 901 (8th Cir. 2009) (considering denial of a motion to continue a sentencing). Continuances should only be granted upon a showing of a compelling reason and should be based, for example, on consideration of whether counsel will have sufficient time to prepare and whether the movant will be prejudiced if the motion to continue is denied. *Id.*

While some continuance may be reasonably necessary, the parties have not shown a compelling reason for a continuance as long as they have requested. *Id.* Moreover, the court is unwilling to give up the hearing days already scheduled for the evidentiary hearing in this case or to compel the parties in some other case to use those days on such short notice. Counsel was originally appointed to represent Johnson on her *anticipated* § 2255 Motion almost two months before the one-year period to file that motion began to run and, consequently, almost fourteen months before that motion was actually filed. The evidentiary hearing as currently scheduled comes almost a year-and-a-half after Johnson's § 2255 Motion was filed, notwithstanding the court's notice to the parties prior to filing of Johnson's § 2255 Motion that the court intended to hold an evidentiary hearing within approximately seven months of the filing of her motion and the original scheduling of the hearing on May 3, 2010. The evidentiary hearing has been repeatedly continued, at the request of original § 2255 counsel, who was subsequently replaced, under circumstances that, in the court's view, now look like stalling tactics under the guise of giving the petitioner a "perfect" collateral attack on her conviction. Thus, notwithstanding that additional testing is reasonably necessary, another five-month continuance is not. Use of the current hearing days and a more compressed time frame to address issues raised by the

2

additional testing will still provide counsel with sufficient time to prepare and are unlikely to prejudice Johnson. *Id.*

THEREFORE, the January 14, 2011, Joint Motion For A Modified Scheduling Order And Johnson's Motion For MRI, PET/CT, And EEG Testing (docket no. 103) are **granted**, as follows:

1. The court **orders and authorizes** payment for MRI and EEG testing at John Peter Smith Hospital in Fort Worth, Texas, and PET/CT testing at Radiology Associates in Fort Worth, Texas, at an estimated cost of $2,186.00 for the MRI; $480.00 for the EEG; and $1,590.00 for the PET/CT.[1] Petitioner's counsel is authorized to submit the costs of these tests on counsel's voucher. The United States Marshal Service and the Bureau of Prisons shall take all reasonably necessary steps to effectuate such testing, which the parties anticipate will occur on or before February 15, 2011.

2. The Scheduling Order is **modified** to set the evidentiary hearing in two parts, as follows:

   a. The **first part** of the evidentiary hearing, for the presentation of the petitioner's non-expert (non-psychiatric and non-medical) witnesses, is now scheduled for **March 7, 2011, through March 13, 2011**, to run from 8:00 a.m. to 8:00 p.m. or the time at which available witnesses are expended each day, with reasonable breaks and one-hour breaks for lunch and dinner. This hearing schedule will require a second-shift court reporter.

---

[1] Because payment in excess of $7,500 is *not* anticipated for the additional testing at issue here or for the assistance of the Texas psychiatrist who is willing to prescribe those test, the court does not believe that written approval must be obtained from the chief judge of the circuit or his delegate.

Case 3:09-cv-03064-MWB-LTS    Document 106    Filed 01/17/11    Page 3 of 5

b.    The **second part** of the evidentiary hearing, for the presentation of the petitioner's expert witnesses and the respondent's witnesses, is now scheduled for **June 13, 2011, through June 21, 2011**, including the weekend, if necessary, also to run from 8:00 a.m. to 8:00 p.m. or the time at which available witnesses are expended each day, with reasonable breaks and one-hour breaks for lunch and dinner.  This hearing schedule will also require a second-shift court reporter.

c.    The parties shall confer and attempt to agree on appropriate deadlines for the petitioner's testing, exchange of experts' reports, depositions of experts, exchange of exhibits and witness lists, and pre-hearing briefs to prepare for the scheduled hearings.  The court will intervene only to resolve disputes about the appropriate deadlines that the parties are unable to resolve by consultation and agreement.  The parties shall advise the court of the deadlines that they establish.

3.    Petitioner's counsel Marcia Morrissey shall not be scheduled for a trial in Los Angeles County Superior Court in Case No. BA347047 that would conflict with her ability to prepare for the March 2011 or June 2011 hearings in this matter.

4.    Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, the parties are authorized to schedule depositions of petitioner's trial counsel.  Trial counsel is authorized to submit vouchers for payment for their time, at the regular CJA hourly rate for felony cases, for reasonable preparation for and appearance at depositions and/or an evidentiary hearing and for payment of reasonable travel and other expenses relating to their appearance at depositions and/or an evidentiary hearing.  The parties are to submit an appropriate proposed order, if necessary, compelling the appearance of trial counsel, adequately prepared, at any deposition or hearing.

5.    Trial experts are authorized to submit vouchers for payment for their reasonable time, at the rates authorized in the underlying criminal case, and for payment

4

of reasonable expenses, for preparation for and appearance at a deposition or evidentiary hearing in this matter.

**IT IS SO ORDERED.**

**DATED** this 17th day of January, 2011.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

5