# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

ANGELA JOHNSON,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

No. C 09-3064-MWB
(No. CR 01-3046-MWB)

**ORDER**

_____

This case is before the court on the petitioner's March 1, 2011, Motion To Compel Discovery Or *In Camera* Inspection Of Governmental Communications Relevant To Claim III A.1 Of The Corrected, Amended Motion Under 28 U.S.C. § 2255 (docket no. 160). The petitioner seeks production of the following: (1) any correspondence or memoranda by members of United States Attorney's Office for the Northern District of Iowa directed to defense counsel for Johnson or Honken relevant to plea negotiations in this case; (2) any correspondence or memoranda by members of the same Office directed to Main Justice relevant to plea negotiations in this case; (3) any correspondence or memoranda by Main Justice directed to members of the United States Attorney's Office for the Northern District of Iowa relevant to plea negotiations in this case; (4) any correspondence or memoranda between members of the United States Attorney's Office for the Northern District of Iowa relevant to plea negotiations in this case; and (5) any correspondence or memoranda by Main Justice directed to members of the United States Attorney's Office for the Northern District of Iowa relevant to the date of when there was any change in policy regarding acceptance of pleas in death eligible cases. She asserts that the word "correspondence" includes emails.

The petitioner represents that respondent's counsel has indicated that the government will voluntarily provide item (1), but that it would not provide the items

requested in (2) through (5), "because it constitutes ordinary attorney work product, opinion attorney work product, and is further protected by the deliberative process privilege." As of the date of the petitioner's motion, the respondent had not produced any of the items requested in (1) through (5). The petitioner asserts that she needs all of the requested material in order to bolster her claim that trial counsel failed to pursue a plea and in order to rebut the specific counter-arguments advanced by the respondent in its Amended Resistance, which were that there was never a plea offer made by the government and nothing but conjecture that the Attorney General would have taken death off the table in exchange for a guilty plea. The petitioner argues that the respondent waived any privilege by advancing this response. She acknowledges that the respondent denies that it has waived any privilege.

The petitioner's March 1, 2011, Motion To Compel Discovery Or *In Camera* Inspection Of Governmental Communications Relevant To Claim III A.1 Of The Corrected, Amended Motion Under 28 U.S.C. § 2255 (docket no. 160) is **granted** to the extent that the respondent must produce the documents in (1), which it has agreed to produce, as soon as possible. However, the court **reserves ruling** on whether respondent must produce the documents in (2) through (5), either to the petitioner or to the court for *in camera* review, until the court has heard evidence about whether the petitioner was ever amenable to a guilty plea, what steps, if any, trial counsel took to attempt to encourage the petitioner to consider a guilty plea or to obtain from the government a plea agreement to a sentence other than death, and whether the government ever made any plea offers.

**IT IS SO ORDERED.**

**DATED** this 2nd day of March, 2011.

_Mark W. Bennett_
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

2