# WATSON & DAMERON, LLP
## TRIAL ATTORNEYS
Henri J. Watson • Russell S. Dameron
Patrick J. Berrigan • Kathleen M. Hagen∗ • Jesse B. Garcia∗ • Jason B. Billam∗∗
Of Counsel: Ramón Murguía

∗Licensed in MO & KS                                                    ∗∗Licensed in Kansas only

March 19, 2001

Angela Johnson
c/o Linn County Jail
53 3rd Ave. Bridge
Cedar Rapids, IA 52401-1705

**DRAFT**

> **Re:**   **United States v. Angela Johnson**

Dear Angela:

Please find enclosed copies of recent correspondence between Pat Reinert and myself concerning plea negotiations in your case. While I very well know that you are not presently in discussing a guilty plea, I thought we should at least keep our options open for the future, one never knows what might happen down the road, or what offers may come along.

Al has relayed to me your concerns about the lack of contact visitation at the Linn County Jail amongst other problems. Although it is unlikely we will be able to get you transferred, we are going to take steps to attempt to get you contact visits with your daughters. Al and I are going to meet a week from Monday to discuss this, and I hope to visit with you about it at the same time. I am optimistic that we can improve your present no-contact situations and provide at least some limited contact visits with your daughters.

This book was a best seller a couple of years ago and has been since made into a movie. You can donate it to the jail library when you are finished or do with it whatever you would like.

I hope you had a good St. Patrick's Day. I am looking forward to visiting with you next week, probably on Tuesday or Wednesday, March 27th or 28th. In the meantime, please do not hesitate to call me, collect (816) 474-3350, particularly if you would like to discuss the visitation situation or the enclosed letters.

Take care, Angela.

Sincerely,

Patrick J. Berrigan
Trial Lawyer

PJB:vem

Enclosure

GOVERNMENT
EXHIBIT
*U*
09-CV-3064 MWB

Case 3:09-cv-03064-MWB-LTS   Document 245-25   Filed 05/05/11   Page 1 of 5

U-P1

WATSON & DAMERON LLP
TRIAL ATTORNEYS
Henri J. Watson • Russell S. Dameron
Patrick J. Berrigan • Kathleen M. Hagen• • Jesse B. Garcia• • Jason B. Billam••
Of Counsel: Ramón Murguía

•Licensed in MO & KS                                                                              ••Licensed in Kansas only

March 16, 2001


Patrick J. Reinert
Assistant United States Attorney
Northern District of Iowa
P.O. Box 74950
Cedar Rapids, Iowa 52407-4950

            *Re:*    *United States v. Angela Johnson*

Dear Mr. Reinert:

This letter follows our telephone conversation of today's date and is in response to your letter of March 8th which discusses the possibility of a settlement of this case short of trial. While our client may very well be interested in engaging in negotiations with the government which may lead to a plea, those negotiations cannot be productive until the uncertainty of the strength of the government's case is decided in the pending *Messiah* litigation. Furthermore, although we have been laboriously attempting to read all of the discovery in the government's file, we are still a long way from completing that process. As you know from our conversation today, Al Willett is still eagerly awaiting the taped conversations of our client while she was in the Benton County Jail. Angela could not possibly make an informed decision regarding the possibility of a guilty plea unless her counsel were fully familiar with the government's evidence, having not only read the discovery, but litigated any significant legal issues that might affect the outcome of the case.

To put our position more succinctly, we will be unable to comply with your request that this case be resolved by April 15th. Given that we will not even litigate the *Messiah* issues until April 12th and 13th, a Court opinion on that matter is unlikely until mid-May. I suspect that, if we have completed discovery by that time, we may then be in a position to engage in more meaningful plea negotiations.

Although you indicated in our telephone conversation that you would be unlikely to consider a guilty plea after seeking authorization from the death penalty committee at DOJ, I would urge you to keep an open mind as to the possibility that a settlement is still possible even up and until shortly before trial. As in most of the cases that we handle for our respective clients, it often takes the parties a good deal of time to realize the benefits of a negotiated plea as opposed to costly and time-consuming litigation. Drawing a line in the sand as to the date for resolution seldom brings positive results and may very well have the unintended consequence of prematurely cementing a party's position when it could be decidedly more beneficial for all that the parties remain flexible enough to negotiate a plea.

Case 3:09-cv-03064-MWB-LTS    Document 245-25    Filed 05/05/11    Page 2 of 5

U-P2

Of course, given your experience and expertise as a trial attorney and a prosecutor, I am not telling you anything you are not already aware of. We ask for your patience and understanding in setting aside the April 15th timetable and allowing the case to be more fully explored, both in discovery and in the current *Messiah* litigation, before we undertake plea negotiations. In the meantime, we intend and desire to keep the lines of communication open between our respective offices, as we have to date, so that we can continue to discuss this matter, as well as the many other issues which will present themselves in this case.

Al and I very much appreciate your professionalism, spirit of cooperation, and candor during our telephone discussions today and look forward to continuing that open dialogue in the months to come. Thanks Pat.

Sincerely,

Patrick J. Berrigan
Trial Lawyer

PJB:vem

P.S.    Although the defense team has no intention of sharing any part of plea negotiations with individuals not part of the team, conditioning further negotiations on such non-disclosures is dangerously volatile. Our client's interests are obviously incompatible with Dustin Honken's, but we have no control over Mr. Honken's sources of information, nor his counsel's, nor the Court's. For example, it is extremely unlikely that our client would undertake a plea calling for lengthy incarceration without first discussing such a course of action with her family and her daughters. Furthermore, although the Court is unlikely to inquire about plea negotiations, we have no intention of misleading or misinforming the Court if it makes such an inquiry, and do not understand your concern in this regard. We would urge you to reconsider attempts at controlling First Amendment Rights as part of a willingness to engage in plea negotiations. Thanks again, Pat.

cc:     Angela Johnson
        Al Willett

2500 Holmes, Kansas City, MO 64108 • wdlaw@kctriallawyers.com • Fax:(816) 221-1636 • (816)474-3350



U.S. Department of Justice

United States Attorney
Northern District of Iowa

---

*Mailing Address:*
*P. O. Box 74950*
*Cedar Rapids, Iowa 52407-4950*
*(319) 363-6333*

*Shipping Address:*
*401 First Street S.E.*
*Suite 400*
*FAX (319) 363-1990*
*TTY (319) 286-9258*

March 8, 2001

Alfred Willett
Terpstra & Epping
Higley Building
118 Third Avenue SE, Suite 500
Cedar Rapids, IA 52401-1424

Patrick J. Berrigan
Watson & Demeron, LLP
2500 Holmes Street
Kansas City, MO 64108-2743

     Re:    United States v. Angela Johnson

Gentlemen:

As you know, the United States has been preparing the necessary documents to present your client's case to the Department of Justice in accordance with the death penalty protocol, and is considering seeking the death penalty for your client. Due to recent developments in this matter, we need to expeditiously determine if your client will resolve this case by guilty plea in exchange for the United States not seeking the death penalty. If the United States obtains authorization to seek the death penalty, there will be no further negotiation to resolve this case, and it will proceed to trial as a capital case. If your client is interested, we must resolve this matter by no later than April 15, 2001.

Of course, this letter can be shared with your client, but the details or fact that this matter is currently under discussion or that a deadline has been set may not be disclosed to any other individual, including Dustin Honken, Honken's counsel, or the Court. Any disclosure of the facts or contents of any discussions prior to the completion of the discussions and a resolution of this matter will result in a withdrawal of this tentative offer and the United States will not engage in further plea negotiations with your client.

March 8, 2001
Page 2

Thank you for your attention to this matter.

Sincerely,

STEPHEN J. RAPP
United States Attorney

By: PATRICK J. REINERT
Assistant United States Attorney

PJR/hpv

U-P5