**ROSENBERG & STOWERS**
1010 INSURANCE EXCHANGE BUILDING
505 FIFTH AVENUE
DES MOINES, IOWA 50309

RAYMOND ROSENBERG
DEAN STOWERS
BRENT D. ROSENBERG

Telephone: (515) 243-7600
Facsimile: (515) 243-0583

October 8, 2001

Mr. Patrick J. Reinert
Asst. U.S. Attorney
P.O. Box 74950
Cedar Rapids, IA 52407-4950

By FAX and by mail: (319) 363-1990

Re: U.S. vs. Angela Johnson
    Cr. No. 00-3034

Dear Mr. Reinert:

This letter will serve as a memorandum of a proposed plea agreement between the United States Attorney's Office for the Northern District of Iowa and Angela Johnson, defendant. All references to the "United States" or "government" in this proposed plea agreement refer to the United States Attorney's Office for the Northern District of Iowa and to no other governmental entity.

## CHARGES AND PENALTIES

1. _____ The defendant will plead guilty to Count ___ of the Indictment presently pending in CR _____. The defendant understands that her offense is punishable by the following maximum penalties: (1) any term of years up to life imprisonment without the possibility of parole or death; (2) a fine of up to $250,000; and (3) a mandatory special assessment of $100. . .

2. _____ The defendant understands that restitution and a term of supervised release following incarceration may be imposed in addition to any other sentence. The defendant further acknowledges that if she violates, at any time, any condition of supervised release, she could be returned to prison for the full term of supervised release and the court is not required to grant credit for any amount of time the defendant may

GOVERNMENT
EXHIBIT
GGG
09-CV-3064 MWB

GGG-P1

have successfully completed on supervised release. The defendant also understands that the U.S. Sentencing Guidelines apply to this case.

3. _____ At the time the guilty plea is entered, the defendant will admit that she is guilty of the charge contained in Count ___. The U.S. Attorney's Office for this District will file no additional Title 18 or Title 21, criminal charges arising from or relating to this investigation. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such prosecution. At the time of sentencing, the United States will move to dismiss all remaining counts of the indictments pending against the defendant.

## COOPERATION

4. _____ Defendant agrees to fully and completely cooperate with the United States Attorney's Office and other law enforcement agencies in the investigation of criminal activity within the Northern District of Iowa and elsewhere.

5. _____ Full and complete cooperation with the United States Attorney's Office and law enforcement agencies shall include but is not limited to the following:

    A. providing intelligence information;

    B. providing testimony before the federal grand jury and, if necessary, testimony before any court as a witness in this case or in any prosecutions growing out of this or any related investigation;

    C. providing information and assistance to obtain or recover any documents, firearms or other tangible evidence relevant to this or any related investigation;

    D. providing any documents or other items in the defendant's custody, possession or under the defendant's control that are relevant to this or any related investigation;

    E. making defendant available for interview and debriefing sessions by government attorneys and law enforcement agents upon request;

    F. engaging in and conducting other activities as directed by the law enforcement agents in charge of the investigation.

6. _____ The defendant will provide complete and truthful information to the government, law enforcement officers and the federal grand jury conducting this investigation. The defendant will answer all questions concerning this investigation and will not withhold any information. The defendant will neither attempt to protect any person or entity through false information or omission, nor falsely implicate any person

2

Case 3:09-cv-03064-MWB-LTS    Document 245-58    Filed 05/05/11    Page 2 of 9

GGG-P2

or entity. The defendant will at all times tell the truth and nothing but the truth during any interviews or as a witness, regardless of who asks the questions – the prosecutors, defense attorneys, investigating agents, probation officers or the judge. Since the United States insists upon the defendant telling the truth and nothing but the truth during any court proceeding, grand jury proceeding or government interview related to this case, failure to provide complete and truthful information at any such time will constitute a breach of this agreement.

7. _____ No testimony or other information provided by the defendant pursuant to this agreement to the United States Attorney's Office, federal or state law enforcement officers, employees of the government, or to the federal grand jury conducting this investigation, or any information directly or indirectly derived from such testimony or other information, will be used against the defendant provided the defendant does not violate or withdraw from the terms of this agreement pursuant to which the grant of "limited use immunity" is being made. However, such testimony or other information may and will be used:

> A.    in a prosecution for perjury or giving a false statement;
>
> B.    to impeach the defendant's credibility, for purposes of cross-examination and for purposes of a rebuttal case in any proceeding;
>
> C.    in any asset forfeiture matter;
>
> D.    by the court or probation office at any time, including at the time of the defendant's guilty plea and sentencing in this matter and to determine the length of the defendant's sentence; and
>
> E.    in any proceeding concerning a breach of this agreement.

The "limited use immunity" granted by this agreement extends only to acts committed by the defendant on or before the date shown at the top of this agreement and does not apply to any prosecution for acts committed by the defendant after that date. It is agreed that information provided by the defendant in the course of any "proffer" may be relied upon and considered under the terms and conditions of this agreement. The defendant understands the obligation of the United States to provide all information in its file regarding the defendant to the United States Probation Office and the court.

8. _____ It is understood that, upon request by the government, the defendant will voluntarily submit to a polygraph examination. If performance in any polygraph examination suggests a conscious intent to deceive, mislead or lie and the totality of circumstances convinces the government that the defendant's statement is not complete and truthful, the defendant will be so informed and any and all obligations imposed on the government by this agreement will be rendered null and void. This decision to nullify the agreement will be in the sole discretion of the United States Attorney's Office for the Northern District of Iowa.

3

GGG-P3

9. _____ The defendant shall not reveal or discuss the existence or conditions of this agreement or the defendant's cooperation to any person other than the defendant's attorney and law enforcement personnel involved in this investigation. Nor shall the defendant or any agent of the defendant disclose to any person, directly or indirectly, other than to the defendant's attorney, without prior written authorization from the government, the true identity or occupation of any law enforcement personnel participating in this investigation in an undercover capacity or otherwise. Nor shall the defendant or any agent of the defendant disclose to any person, without prior written approval of the government, the location of investigative offices, surveillance locations, or the nature of investigative techniques used by agents in this investigation. Nothing in this paragraph is intended to restrict or prohibit the defendant from providing complete and truthful testimony in any court proceeding. Furthermore, this agreement does not prohibit the defendant from speaking with an attorney for a party adverse to the government in any litigation concerning the defendant's possible testimony in that litigation. While the defendant is under no obligation to speak with such an attorney, the defendant is free to do so if the defendant chooses. That decision rests solely with the defendant as it does with any witness.

10. _____ Nothing in this agreement requires the government to accept any cooperation or assistance that the defendant may offer or propose. The decision whether and how to use any information and/or cooperation that the defendant provides (if at all) is in the exclusive discretion of the Unite States Attorney's Office.

11. _____ The defendant further understands that because this is a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(e)(1)(c) she agrees that the sentence to be imposed in this case, including credit for the appropriate reduction for substantial assistance is a sentence of 240 months. Defendant understands that this will be her final sentence and that there will be no reduction of sentence below this 240 month sentence. She will have the right to withdraw her guilty plea if the court does not accept this plea agreement and sentence her to 240 months.

12. _____ The defendant, her attorney and the United States may make whatever other comment and evidentiary offer or seek any other sentencing guideline adjustment, enhancement or departure they deem appropriate at the time of the guilty plea, sentencing or any other proceeding related to this case, so long as the offer, comment or request does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the probation office for use in preparing the presentence report.

13. _____ The defendant understands that pursuant to the Victim and Witness Protection Act and the regulations promulgated under the Act by the Attorney General of the United States:

A.    The victim of a crime is given the opportunity to comment on the offense and make recommendations regarding the sentence to be imposed. The defendant understands that the victim's comments

4

GGG-P4

and recommendations may be different from those of the parties to this agreement.

B.  The government is required to consult with victims of serious crimes to obtain their view regarding the appropriate disposition of the case against the defendant and make any such information regarding sentencing known to the court. The defendant understands that any victim's opinions and recommendations may be different than those presented by the government.

C  The government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant to victims of crime, including, but not limited to, restitution for property loss, personal injury or death.

## POTENTIAL FOR DEPARTURE OR CREDIT

14. _____ At or before the time of sentencing, the United States will advise the court of any assistance, or lack thereof, provided by the defendant in the ongoing investigation into criminal activity within the Northern District of Iowa and elsewhere, or the prosecution of another person who has committed a criminal offense. The United States will make a motion pursuant to § 5K1.1 of the United States Sentencing Guidelines requesting the court to depart below the mandatory life sentence in the event defendant provides "substantial assistance". No downward departure for "substantial assistance" may be made absent a government motion under § 5K1.1.

15. _____ It is understood and agreed that no motion for downward departure shall be made, under any circumstances, unless the defendant's cooperation is deemed "substantial" by the United States Attorney's Office and defendant has fully complied with all provisions of this plea agreement.

16. _____ The United States will consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the United States Attorney's Office, the defendant has provided "substantial assistance" which would merit a government request for a downward departure:

A.  the government's evaluation of the significance and usefulness of any assistance rendered by the defendant;

B.  the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

C.  the nature and extent of the defendant's assistance;

5

Case 3:09-cv-03064-MWB-LTS    Document 245-58    Filed 05/05/11    Page 5 of 9

GGG-P5

D.     any injuries suffered or any danger or risk of injury to the defendant or family members resulting from any assistance provided;

E.     the timeliness of any assistance provided by the defendant; and

F.     other benefits received by the defendant in the plea agreement.

## FINANCIAL MATTERS

17. _____ The defendant agrees to pay a special assessment of $100, as required by 18 U.S.C. § 3013. Using the enclosed payment coupon, the defendant or her representative will send or deliver the special assessment payment to the U.S. District Court Clerk, P.O. Box 74710, Cedar Rapids, IA 52407-4710. Payment must be in the form of a money order made out to the "U.S. District Court Clerk". The special assessment must be paid before this signed agreement is returned to the U.S. Attorney's Office. The defendant understands that if she fails to make this payment before her sentencing, the United States may contest any downward adjustment for acceptance of responsibility under USSG § 3E1.1.

18. _____ The defendant will be required to pay full restitution resulting from the offense to which she is pleading guilty. The defendant further understands that the amount of loss sustained as a result of the offense will be determined during the course of preparation of the presentence investigation report. The defendant agrees to cooperate in the investigation of the amount of loss and the identification of all victims. The defendant understands that because restitution for this offense is mandatory, full restitution will be ordered regardless of the defendant's financial resources.

19. _____ Any restitution obligation should be paid to the Clerk of Court for eventual disbursement to the victim(s) identified in the presentence report. Complete restitution shall be due and payable at or before the time of sentencing. The defendant agrees to cooperate in efforts to collect the restitution obligation, by e.g. set-off of program payments, execution on non-exempt property or any other means the United States deems appropriate. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and she will not seek a discharge or a finding of dischargeability as to the restitution obligation.

## FORFEITURE

20. _____ The defendant agrees to forfeit, abandon, give up, and give away to the United States prior to the date of sentencing herein, any right, title and interest the defendant may have in property subject to forfeiture pursuant to 18 U.S.C. §§ 924 and

6

GGG-P6

981 or any other provision of law. Specifically, defendant agrees to forfeit and abandon any claim or interest she may have in any firearms seized in connection with this investigation. The defendant agrees to execute any documents required to be executed to accomplish such forfeiture or abandonment.

21. ____ The defendant agrees to fully and truthfully complete the enclosed financial statement. Further, upon request, she agrees to provide the U.S. Attorney's Office with any information or documentation in her possession or control regarding her financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time any judgment or claim against her, including principal and interest, is satisfied in full. This information will be used to evaluate her capacity to pay any claim or judgment against her.

## GENERAL MATTERS

22. ____ The defendant shall not violate any local, state or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking tickets, committed by the defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. The defendant or her attorney shall notify this office within 48 hours if the defendant is questioned, charged or arrested for any law violation.

23. ____ The defendant waives all claims she may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. The defendant also agrees that any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 *et seq*. (the Speedy Trial Act) and related provisions

24. ____ Any dismissal of counts or agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or the defendant's conviction is ultimately overturned, the United States retains the right to reinstate previously dismissed counts and to file charges which were not filed because of this agreement. Dismissed counts may be reinstated and uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) the defendant successfully challenges her conviction through a final order in any appeal, cross-appeal, habeas corpus action or other post-conviction relief matter. A final order is an order not subject to further review or any order which no party challenges. The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. The defendant waives all constitutional and statutory speedy trial rights she may have. The defendant also waives all statute of limitations or other objections or defenses she may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

## ACKNOWLEDGMENT OF DEFENDANT'S UNDERSTANDING

7

GGG-P7

25. _____ The defendant acknowledges that she has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. She has discussed the case and her constitutional and other rights with her attorney. The defendant understands that by entering a plea of guilty she will be giving up her right to plead not guilty; to trial by jury; to confront, cross-examine and compel the attendance of witnesses; to present evidence in her defense; to remain silent and refuse to be a witness against herself by asserting her privilege against self-incrimination and to be presumed innocent until proven guilty beyond a reasonable doubt. The defense agrees that her attorney has represented her in a competent manner and has no complaints about that lawyer's representation. The defendant states that she is not now on or under the influence of any drug, medication, liquor or other intoxicant or depressant, whether prescribed by a physician or not, which would impair her ability to fully understand the terms and conditions of this plea agreement.

26. _____ The defendant acknowledges that she is entering into this plea agreement and is pleading guilty freely and voluntarily because she is guilty and for no other reason. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the government and her (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement) and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of each offense to which she is pleading guilty, including the penalties provided by law.

27. _____ The defendant further understands that she will be adjudicated guilty of each offense to which she will plead guilty and may therefore be deprived of certain rights, including but not limited to, the right to vote, to hold public office, to serve on a jury and to possess firearms. The defendant understands that the government reserves the right to notify any state or federal agency by whom she is licensed, or with whom she does business, of the fact of her conviction.

## VERIFICATION

28. _____ This letter constitutes the entire agreement between the parties. No other promises of any kind, express or implied, have been made to the defendant by the United States or its agents. No additional agreement may be entered into unless in writing and singed by all parties. The agreement will not be deemed to be valid unless and until all signatures appear where indicated below.

The undersigned defendant, with advice of counsel, accepts the terms of the above plea agreement. The undersigned Assistant U. S. Attorney accepts the terms of the executed plea agreement.

8

GGG-P8

_____   
Angela Johnson        Date  
Defendant

_____   
Patrick J. Reinert        Date  
Assistant United States Attorney

_____   
Alfred Willett        Date

_____   
Patrick J. Berrigan        Date

_____   
Dean Stowers        Date

ENCLOSURES:

Financial Statement Form  
Special Assessment Payment Coupon

9

GGG-P9