# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

ANGELA JOHNSON,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 09-3064-MWB
(No. CR 01-3046-MWB)

_____

**CORRECTED TABLE OF CONTENTS FOR
SECOND AMENDED MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Michael Burt
Law Office of Michael Burt
600 Townsend Street, Suite 329E
San Francisco, California   94103
415-522-1508 (tel.)
415-522-1506 (fax)
Michael.Burt@prodigy.net

Marcia A. Morrissey
Attorney at Law
2115 Main Street
Santa Monica, California  90405
310-399-3259 (tel.)
310-399-1173 (fax)
MorrisseyMA@aol.com

Nancy S. Pemberton
Pemberton & Associates
600 Townsend Street, Suite 329E
San Francisco, California 94103
415-522-0840 (tel.)
415-522-1506 (fax)
nspemberton@earthlink.net

Petitioner submits this Corrected Table of Contents to the Second Amended

Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence by a Person in

Federal Custody (Doc. 263) filed June 1, 2011.

Counsel for Petitioner apologizes to the Court for the errors in the original Table

of Contents accompanying the Second Amended Motion.

DATED: June 14, 2011

Respectfully submitted,

Michael Burt
Law Office of Michael Burt
600 Townsend Street, Suite 329E
San Francisco, California   94103
415-522-1508 (tel.)
415-522-1506 (fax)
Michael.Burt@prodigy.net

Marcia A. Morrissey
Attorney at Law
2115 Main Street
Santa Monica, California  90405
310-399-3259 (tel.)
310-399-1173 (fax)
MorrisseyMA@aol.com

Nancy S. Pemberton
Pemberton & Associates
600 Townsend Street, Suite 329E
San Francisco, California 94103
415-522-0840 (tel.)
415-522-1506 (fax)
nspemberton@earthlink.net


By: _____/s/_____

Nancy S. Pemberton

<u>**CORRECTED TABLE OF CONTENTS**</u>

**Page No.**

I.     Relevant Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    Statement Regarding Briefing and Legal Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   Grounds for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.   Jurisdiction and Authority to Grant Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V.    Claims for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Claim One

Denial of Angela Johnson's Right to Effective Assistance of Counsel. . . . . . . . . . . . . . . . . . . . . 3

     A.     Trial Counsel Ineffectively Failed to Pursue a Disposition
              for a Sentence of Less than Death. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     B.     Trial Counsel Were Ineffective in Not Proceeding to Trial at
              a Time That Would Have Precluded the Government From
              Filing a Timely Notice of Intent to Seek the Death Penalty. . . . . . . . . . . . . 17

     C.     Trial Counsels' Voir Dire Was Ineffective. . . . . . . . . . . . . . . . . . . . . . . . . . 18

              1.     Juror No. 55. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

              2.     Failure to Structure Voir Dire to Identify Jurors With
                        Prejudicial Views on Pentecostal Religion and Women. . . . . . . . . . 23

     D.     Trial Counsel Ineffectively Failed to Reduce Petitioner's
              Medication and Did Nothing to Address the Effects of the
              Medication on Her Demeanor at Trial and Her Ability to
              Participate in Her Own Defense, in Violation of her Right to
              Due Process and a Fair Trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

     E.     Trial Counsel Ineffectively Failed to Seek a Competence
              Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

     F.     Trial Counsel Were Ineffective in Failing to Investigate and
              Present a Guilt Phase Defense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

     G.     Trial Counsel Was Ineffective By Presenting a "Mere Presence" Defense
              Without Investigation and Despite Petitioner's Repeated Assertions that She
              Was Not  Present at the Nicholson/Duncan Killings. . . . . . . . . . . . . . . . . . . 34

     H.     Trial Counsel Were Ineffective in Failing to Create a Reasonable
              Doubt Through Impeachment of Prosecution Witnesses at the
              Merits Phase. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

i

1. Trial Counsel Were Ineffective in Failing to Impeach Robert McNeese by the Court's Findings Regarding His Credibility at the *Massiah* Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . 38

2. Trial Counsel's Ineffective Examination of Christie Gaubatz. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

I. Trial Counsel's Ineffective Failure to Present Evidence of Terry DeGeus's Involvement in the Killing of Gregory Nicholson and the Duncans. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

J. Trial Counsel Were Ineffective in Failing to Present Evidence of Battered Woman's Syndrome to Explain the Relationship Between Petitioner and Terry DeGeus.. . . . . . . . . . . . . . . . . . . . . . . . . 44

K. Trial Counsel Were Ineffective in Failing to Investigate and Present Evidence Regarding Angela Johnson's Mental State at the Time of the Offenses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

L. Trial Counsel Ineffectively Failed to Introduce Evidence In Support of Residual Doubt at Penalty Phase. . . . . . . . . . . . . . . . . . . 57

1. Trial Counsel Unreasonably Failed to Introduce The Statements of Phyllis Proscovec in Mitigation. . . . . . . . . . . . . . . . . 59

2. Trial Counsel Were Ineffective in Failing to Offer Dustin Honken's Letters to Impeach The Penalty Phase Testimony of Steven Vest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

3. Trial Counsel Ineffectively Failed to Impeach Steven Vest By Presenting Evidence that Honken Lied about Petitioner's Role in the Offenses.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

M. Trial Counsel Failed to Present Readily Available Evidence About Dustin Honken to Refute the Prosecution's Argument That Angela Johnson Was "Worse" than Honken. . . . . . . . . . . . . . . . . . . 64

N. Trial Counsel Were Ineffective in Failing to Use the Prosecution's Arguments at Dustin Honken's Trial as Party Admissions to Rebut the Government's Evidence That Petitioner Was "Worse" Than Honken. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

O. Trial Counsel Ineffectively Failed to Offer Expert and Lay Testimony That Angela Johnson Was Under the Substantial Influence of Dustin Honken.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

P. Trial Counsel Ineffectively Failed to Discover and Present Information Regarding Dustin Honken's Plans to Kill Prosecutor Reinert and His Family and Honken's Membership in a White Supremacist Prison Organization.. . . . . . . . . . . . . . . . . . . . . . . . . . 79

ii

Q.  Trial Counsel Did Not Effectively Address Aggravating
    Evidence at the Merits and Penalty Phases Of the Trial. . . . . . . . . . . . . . . . . 86

R.  Trial Counsel Ineffectively Failed to Limit Future
    Dangerousness Evidence to Future Danger In Prison. . . . . . . . . . . . . . . . . . 87

S.  Trial Counsel Ineffectively Failed to Object to Kathy Rick's
    Triple Hearsay Testimony About Petitioner's
    Alleged Possession of a Gun. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

T.  Trial Counsel Failed to Effectively Cross-Examine
    Wendy Jensen. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92

U.  Trial Counsel Were Ineffective in Failing to Object to
    Kyla Davis's Testimony That Petitioner Tried to Find Out
    Where She Lived and What Car She Drove. . . . . . . . . . . . . . . . . . . . . . . . . 93

V.  Trial Counsel Failed to Introduce Petitioner's Offer to Plead
    Guilty as Evidence in Mitigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94

W.  Trial Counsel Ineffectively Failed to Present Evidence of
    Remorse Through Expert Testimony. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95

X.  Trial Counsel Ineffectively Failed to Elicit Evidence of the
    Effect of Petitioner's Execution on Her Family
    Members. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

Y.  Trial Counsel Ineffectively Delayed Hiring Dr. Gelbort, Failed
    to Follow-Up on His Recommendations, Failed to Instruct Him to
    Conduct a More Thorough Battery of Neuropsychological Tests,
    Failed to Retain Another Neuropsychologist When Gelbort
    Inexplicably Refused to Testify, Failed to Incorporate His Helpful
    Findings and Diagnosis Into the Testimony of the Experts Who
    Did Testify and Failed to Conduct Additional Neuropsychological
    and Neuroimaging Testing of  Petitioner. . . . . . . . . . . . . . . . . . . . . . . . . . . 99

Z.  Trial Counsel Were Ineffective in Failing to Introduce Evidence
    of, and Give The Trial Experts Records Concerning, the 1996
    Diagnosis of Petitioner With Depression and Dependent
    Personality Features. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 105

AA. Trial Counsel Ineffectively Presented Mitigation
    Evidence through the Lay Witnesses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 106

BB. Trial Counsel's Presentation of Penalty Phase Witnesses Was
    Ineffective. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 110

    1.  The Testimony of Holly Dirksen. . . . . . . . . . . . . . . . . . . . . . . . . . . 110

    2.  Douglas Book. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 112

    3.  Susan Marsolek. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 114

CC. Trial Counsel Were Ineffective for Failing to Provide Psychiatric Pharmacologist Roswell Lee Evans With Data Regarding Petitioner's Drug History, Rendering His Expert Testimony Virtually Irrelevant.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 116

DD. Trial and Appellate Counsel Rendered Prejudicially Ineffective Assistance of Counsel by Failing to Timely and Effectively Make a Number of Meritorious Motions, Objections, and Arguments.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 120

EE. Trial Counsel Were Ineffective in Offering Multi-faceted, Overly-Complicated Yet Incomplete Mitigating Factors for the Jury to Weigh Rather than Simple, Straight-Forward Facts that Encompassed All of the Mitigation.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 124

FF. Trial Counsel Were Ineffective in Failing to Raise Juror No. 55's Failure to Honestly Answer Questions on Voir Dire.. . . . . . . . . . . . . . . 129

GG. Appellate Counsel Provided Ineffective Assistance in Failing to Raise All Components of the Misconduct by Juror No. 55.. . . . . . . . . . . . 130

HH. Trial and Appellate Counsel Were Ineffective in Litigating the Prosecution's Inconsistent Theories As to Dustin Honken and Angela Johnson.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 131

II. Appellate Counsel Ineffectively Failed to Raise the Unconstitutional Skewing Effect of Multiplicitious Counts.. . . . . . . . . . . . . 132

JJ. The Cumulative Errors of Petitioner's Trial and Appellate Counsel Warrant the Relief Requested. . . . . . . . . . . . . . . . . . . . . . . . . . . . 133

## Claim Two

The Government's Failure to Correct False Testimony at Angela Johnson's Trial Violated the Fifth and Eighth Amendments to the United States Constitution.. . . . . . . . . . . . . . 134

## Claim Three

The Government Violated Its Obligations Under *Brady v. Maryland* by Failing to Disclose Dustin Honken's Planned Violent Attack on the Trial Prosecutor and His Association with a White Supremacist Prison Organization. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 136

## Claim Four

The Government Violated Petitioner's Rights Under the Sixth and Eighth Amendments and the Due Process Clause by Presenting Inconsistent Arguments at Her Trial and That of Her Co-Defendant.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 138

## Claim Five

Ms. Johnson was Tried While Incompetent, in Violation of the Fifth, Sixth and Eighth Amendments to the United States Constitution.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 140

Claim Six

Misconduct By Juror No. 55. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 145

Claim Seven

Cumulative Constitutional Errors Rendered by Ms. Johnson's Convictions
and Sentences Constitutionally Infirm. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 146

Claim Eight

The Eighth Amendment Requires a Heightened Standard of Proof for Imposition
of the Death Penalty. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 147

Claim Nine

Petitioner Suffers From Severe Mental Illness and the Eighth Amendment Precludes
Her Execution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 148

Claim Ten

The Bureau of Prisons' Method of Carrying out the Petitioner's Execution by Lethal Injection
Violates the Fifth and Eighth Amendments, the Administrative Procedure Act, and the
Controlled Substances Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 149

      A.      Under *Baze*, the BOP's Failure to Employ Competent Execution Personnel,
Their Haphazard Drug Administration Procedures and The Absence of
Sufficient Safeguards Create a Substantial Likelihood of Maladministration
and Inhumane Executions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 151

           1.     Executioner Incompetence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 152

           2.     Drug Administration Deficiencies. . . . . . . . . . . . . . . . . . . . . . . . . . 155

           3.     Lack of Safeguards. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 157

      B.      There Are Readily Available Alternatives That Would Substantially Reduce
the Risks of Maladministration and Inhumane Executions. . . . . . . . . . . . . . 160

      C.      Whether the BOP's New Protocol Is Constitutional Even Under *Baze* Cannot
Be Answered Without Further Discovery. . . . . . . . . . . . . . . . . . . . . . . . . . 161

      D.      The *Baze* Decision Does Not Have Any Impact on Petitioner's Administrative
Procedures Act and Controlled Substances
Act Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 163

Claim Eleven

The Death Penalty Violates the Eighth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 164

VI.      Prayer for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 164