# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ANGELA JOHNSON,<br><br>      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | No. C 09-3064-MWB<br>(No. CR 01-3046-MWB)<br><br>**ORDER** |

       This case is before me on petitioner Angela Johnson's June 1, 2011, Renewed Motion To Compel Discovery Or *In Camera* Inspection Of Governmental Communications Relevant To Claim III A.1 Of The Corrected, Amended Motion Under 28 U.S.C. § 2255 (docket no. 262). In her renewed motion, Johnson states that, in a March 1, 2011, Motion (docket no. 160), she originally sought five categories of evidence, related to the prosecution's position in plea negotiations: (1) any correspondence or memoranda by members of the United States Attorney's Office for the Northern District of Iowa directed to defense counsel for Johnson or Honken relevant to plea negotiations in this case; (2) any correspondence or memoranda by members of the United States Attorney's Office for the Northern District of Iowa directed to Main Justice relevant to plea negotiations in this case; (3) any correspondence or memoranda by Main Justice directed to members of the United States Attorney's Office for the Northern District of Iowa relevant to plea negotiations in this case; (4) any correspondence or memoranda between members of the United States Attorney's Office for the Northern District of Iowa relevant to plea negotiations in this case; and (5) any correspondence or memoranda by Main Justice directed to members of the United States Attorney's Office for the Northern District of Iowa relevant to the date

of when there was any change in policy regarding acceptance of pleas in death eligible cases.

The respondent produced the items in category (1), but I reserved ruling on the remaining categories until I had heard evidence about whether the petitioner was ever amenable to a guilty plea, what steps, if any, trial counsel took to attempt to encourage the petitioner to consider a guilty plea or to obtain from the government a plea agreement to a sentence other than death, and whether the government ever made any plea offers. *See* Order (docket no. 162). Subsequently, by Order (docket no. 218), filed April 13, 2011, I denied Johnson's request for the information in categories (2) through (5), finding that much of the information in the remaining categories is simply irrelevant, where there is no showing that anyone other than the Attorney General had ultimate authority with regard to any plea offer in a capital case; if somehow relevant, the information in these categories is subject to work product and/or deliberative process privileges; and there was no waiver of any applicable privilege.

In her Renewed Motion (docket no. 162), Johnson renews her request for production of the items in categories (2) through (5), either directly to her counsel or, in the alternative, to the court for *in camera* inspection and creation of an appellate record. She notes that, after my rulings, the respondent produced some documents within categories (2) through (5), which were incorporated into hearing Exhibit 48, and that I ruled that any privilege as to these documents had been waived. She also points out that several witnesses in the hearing provided testimony relevant to the plea negotiation issues to which the requested documents pertain. She contends that, while I ruled that there had been no waiver as to any applicable privilege as a result of the respondent's response to Johnson's § 2255 motion, I have not yet addressed or resolved the second waiver argument raised in her motions, that is, that any privileges were waived, because, at the time of trial,

government counsel had disclosed to defense counsel internal plea discussions between members of the United States Attorney's Office and between that Office and Main Justice.

On June 13, 2011, in the course of part three of the evidentiary hearing, I advised the parties that I had reviewed relevant case law and that I was convinced that the correspondence between the Attorney General's Office and the local United States Attorney's Office is protected by the deliberative process privilege and that I did not believe that privilege had been waived. Hearing Transcript, Vol. 13, 352:21-353:2. However, I suggested that, in my view, whether or not the Attorney General or a representative of the Attorney General ever authorized a plea to less than death was an ultimate determination not protected by that privilege. *Id.* at 353:3-15. Therefore, I asked the respondent to consider answering the ultimate question of whether the Attorney General, or any of his representatives, ever authorized anyone to accept a plea of less than death for Angela Johnson. In an e-mail dated June 21, 2011, to the court and opposing counsel, the respondent's counsel has now answered that question, and the answer is no, neither the Attorney General, nor any of his representatives, ever authorized anyone to accept a plea of less than death for Angela Johnson. The court anticipates that respondent's counsel will file an affidavit to that effect, as well.

In my view, the respondent's answer to the ultimate question renders irrelevant all of the remaining categories of correspondence requested by Johnson in her Renewed Motion. Moreover, while the ultimate answer plainly is not privileged, *see NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151-52 (1975), I am convinced that the remaining categories of correspondence and communications are subject to deliberative process and other privileges. *See, e.g., Department of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001); *United States v. Nobles*, 422 U.S. 225, (1975) (explaining the applicability of work-product and mental processes privileges to prosecutors); *NLRB*,

3

421 U.S. at 150-51; *United States v. Zingsheim*, 384 F.3d 867, 871-72 (7th Cir. 2004) (considering privileges applicable to communications between prosecutors and client agencies and materials and discussions leading to the formulation of an official position); *United States v. Fernandez*, 231 F.3d 1240, 1247 (9th Cir. 2000) (finding work product privilege applies to the death penalty evaluation form and prosecution memoranda); *Amobi v. District of Columbia Dep't of Corrections*, 262 F.R.D. 45, 57 (D.D.C. 2009) (holding that federal prosecutors could assert work product and deliberative process privileges concerning notes and materials incident to the decision to prosecute the defendant); *Antonelli v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 555 F. Supp. 2d 16, (D.D.C. 2008) (holding that inter-agency and intra-agency memoranda and letters from an assistant United States Attorney to the Bureau of Prisons in connection with a criminal prosecution were protected by the deliberative process privilege); *Berger v. IRS*, 487 F. Supp. 2d 482, 498-500 (D.N.J. 2007) (holding that interagency correspondence between the local United States Attorney's Office and the IRS regarding a criminal investigation were subject to the deliberative process and work product privileges).

I also now find or reiterate my finding that the respondent has not waived applicable privileges, either as a result of the respondent's response to Johnson's § 2255 motion, or because, at the time of trial, government counsel had disclosed to defense counsel internal plea discussions between members of the United States Attorney's Office and between that Office and Main Justice. Specifically, I find that the circumstances of the alleged disclosure to defense counsel of internal plea discussions between members of the United States Attorney's Office and between that Office and Main Justice identified by Johnson fall short of circumstances giving rise to a waiver of the applicable privileges. References to what local prosecutors might find acceptable or what local prosecutors thought Main Justice might find acceptable for terms of a plea agreement do not actually disclose internal

4

plea discussions nor do they sufficiently convey an intention to disclose work product or deliberative processes. *See, e.g., Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998) (stating that, ordinarily, disclosure of work product waives work product privilege, but there must be an intention that the opposing party see the work product); *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997) (holding that a waiver occurred only as to work product actually used as exhibits at trial); *United States v. Metropolitan St. Louis Sewer Dist.*, 952 F.2d 1040, 1045 (8th Cir. 1992) (giving as an example of waiver disclosure of privileged documents to third parties); *In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 860 F.2d 844, 846-47 (8th Cir. 1988) (holding that disclosure to an adversary waives the privilege only as to the items actually disclosed, while continuing efforts to keep material confidential would retain the privilege for those materials); *United States v. Pfizer, Inc.*, 560 F.2d 326, 339 n.24 (8th Cir. 1977) (holding that testimonial use of confidential materials waives applicable privileges, but questioning by an opposing party about events that may be discussed in the privileged materials does not result in a waiver).

THEREFORE, petitioner Angela Johnson's June 1, 2011, Renewed Motion To Compel Discovery Or *In Camera* Inspection Of Governmental Communications Relevant To Claim III A.1 Of The Corrected, Amended Motion Under 28 U.S.C. § 2255 (docket no. 262) is **denied** as to requested information not already disclosed.

**IT IS SO ORDERED.**

**DATED** this 23rd day of June, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA