

PLAINTIFFS
EXHIBIT
128

## Declaration of Leonard Post

I, Leonard Post, declare the following:

I am a licensed private investigator who is assisting defense counsel in investigating and preparing a petition for writ of habeas corpus on behalf of Angela Johnson. In that capacity, I interviewed James Braun on August 25, 2009 at his white, single-family house in Forest City, Iowa. We spoke the entire time standing on either side of his front screen door.

Mr. Braun, who appeared to be in his late sixties, is a retired mathematics teacher. He taught Angela Johnson in the eighth grade in the Forest City public school system.

Mr. Braun recalled that Ms. Johnson was a "resource" student, a designation term that replaced "special ed." At his school, these students were mainstreamed, although they used to be taught in separate classes. There was an additional teacher in the classroom whose job it was to assist resource students.

Mr. Braun described Angela as a back-of-the-room sitter whose attention wasn't always there. She was not disruptive; she just wasn't really paying attention.

Mr. Braun would not sign a declaration because he does not want to get involved. He has never been contacted by anyone from the defense or the prosecution.

On August 27, 2009, I interviewed Pat Formanek, Ms. Johnson's physical education teacher in the seventh and eighth grades, a time when girls and boys

1

were in separate classes. Ms. Formanek indicated that Ms. Johnson did not fit in and that she seemed very unhappy. Ms. Formanek recalled that Ms. Johnson seemed different from the rest of her class, but was not at all disruptive. She said that teachers at that time did not recognize mental health issues. No one form Ms. Johnson's defense team ever contacted her. She did not want to sign a declaration.

On August 27, I also interviewed Jim Jacobson, Ms. Johnson's science teacher who retired 12 years ago. He recalled that Ms. Johnson was a resource student and that she was not disruptive. His recollection is that resource students did not take tests with non-resource students, but took tests in the resource room, where they also spent part of each day. He was not contacted by anyone from Ms. Johnson's defense.

On August 26, I interviewed Ken Baker, the present Forest City High School principal. A year younger than Ms. Johnson, he grew up in Minnesota. He stated that when testing special ed. students, the idea is not to confuse them. As an example, he pointed out that while a regular student might have four choices in a multiple-choice test, a special ed. student might just have two choices.

I interviewed Darwin Lehmann, superintendant of schools. Iowa only requires that IAPs (individual assessment reports), which have been known by other names in previous years, are destroyed after seven years in the regular course of business. In other words, there is no school record after seven years that reflects whether a student was a resource student or a special ed. student. No such record exists for Ms. Johnson who dropped out of school in the ninth

2

grade.

Before I left the district office, I made a special request that the files be checked once more, but there were no such files, save for her microfilmed transcript that does not reflect Ms. Johnson's "special," status, a common circumstance since there is no requirement that transcripts reflect that status.

I declare under penalty of perjury that the foregoing 3-page declaration is true and correct.

Executed by me this 1st day of September in New York County, New York.

Leonard Post

Case 3:09-cv-03064-MWB-LTS    Document 284-76    Filed 06/23/11    Page 3 of 3