

PLAINTIFFS
EXHIBIT
131

I, Nancy S. Pemberton, declare under penalty of perjury that:

1. I am an attorney licensed by the State of California and a private investigator licensed by the State of California. I have been admitted pro hac vice in the United States District Court for the Northern District of Iowa in the case *Johnson v. United States*, No. CV-09-3064 (MWB).

2. I interviewed Dr. M.E. Lassise, psychiatrist at the Mental Health Center of North Iowa (MHCNI) by telephone on May 25, 2011 after scheduling a telephone interview with him through his staff. Dr. Lassise told me the following information:

A. Dr. Lassise examined, diagnosed and treated Angela Johnson in April and May 1996 according to records of the MHCNI. Dr. Lassise did not independently recall Angela. We reviewed the records [Exhibit 1, MG001490 to MG001495], particularly the intake interview. I asked Dr. Lassise to explain entries he made in the records.

B. Dr. Lassise saw Ms. Johnson on March 25, 1996. He did not see her again, nor did he speak with her by phone after the intake interview [Exhibit 1, MG001494-MG001495]. The medical notes of April 17 and May 8, 1996 [Exhibit 1, MG001493] reflect messages that Ms. Johnson left for Dr. Lassise, and Dr. Lassise's prescription orders in response to the messages.

C. The records reflect that Ms. Johnson reported being seen in Ambulatory Psych. clinic and started on Prozac. 20 mg. q.d. Dr. Lassise does not know which

1

Ambulatory Clinic started Ms. Johnson on Prozac. It could have been in either Urbandale or Mason City. Both have ER clinics there.

D. Dr. Lassise did a mini-mental status exam and the results indicate that Ms. Johnson was "pretty intact," and he concluded he did not need to conduct further neuropsych testing.

E. "Moderate lability," means that she was more changeable than people not under stress. She cried, settled down, then had another outburst of crying. Moderate lability can be a sign of depression, Dr. Lassise told me.

F. "Reality testing unimpaired" means that she had no delusions or hallucinations, and understood what's real and what is not real.

G. "Rate of speech mildly decreased" is a symptom consistent with depression. It can be situational. Dr. Lassise described it as plodding, and slower than expected.

H. "Flow of thought is circumstantial" means that she bounced from one thing to another while talking, that she was verbal, offered information even if not asked. Dr. Lassise noted that if she were not able to return to the original topic of discussion, he would have described the flow of thought as "loose." Therefore, she was able eventually to return to the topic but it took time.

I. "Thought content dependent" means that she is dependent on others to make her decisions. This was not an observation particular to her daughter; it was more

2

generalized. She is dependent on others in her decision making. She struggles to take responsibility, and leans on others.

J. "Mood is low" means she suffers from depression.

K. "Insight poor" means that she is not good in understanding how things happened in her life, how she got to where she is, and how circumstances might impact her emotional state.

L. Dr. Lassise had enough information to diagnose depression. His diagnosis of "dependent personality features" was a provisional diagnosis of dependent personality disorder. He did not have enough information, he did not have her full history, to make the diagnosis of dependent personality disorder. If he had seen her several times and she continued to show signs of the features, he would have diagnosed her with dependent personality disorder.

J. Dr. Lassise continued the prescription of Prozac 20 mg. q.d. and scheduled her for psychotherapy treatment Steven Gordon, Ph.D.

K. Dr. Lassise does not know where Steven Gordon, Ph.D. currently resides or works.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of June 2011 at Sioux City, Iowa.

NANCY S. PEMBERTON

3