# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

ANGELA JOHNSON,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

No. C 09-3064-MWB
(No. CR 01-3046-MWB)

**ORDER REGARDING CLAIM IDENTIFICATION**

_____

I have found the petitioner's claim identification, tied to headings in the various versions of her § 2255 Motion, to be cumbersome and confusing, and the order in which the claims are asserted to be haphazard. Consequently, I have reorganized Johnson's claims for § 2255 relief by phases of her trial, rather than in the order in which her § 2255 counsel presented them, and renumbered them consecutively. While my reorganization may be as idiosyncractic as Johnson's, it at least has the advantage of addressing her claims in chronological order, thus more clearly defining what phase or phases of the trial are affected, if relief on one or more claims is appropriate. The attached chart shows the petitioner's claims as I have renumbered them, then as identified in the table of contents to her § 2255 Motion, as last amended (docket no. 263). Finally, I have simplified Johnson's statements of her claims and inserted some summary "leaders" for claims that I have grouped together (*e.g.*, "Juror No. 55," "Demeanor and competence," "Investigation and presentation").

The parties are directed to use the claim numbers that I have assigned in all further briefing.

IT IS SO ORDERED.

DATED this 6th day of July, 2011.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

2

| GROUNDS FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL | | |
|---|---|---|
| **PRETRIAL PHASE** | | |
| **Court's Claim No.** | **Petitioner's Sec. No.** | **Claim** |
| 1. | I.A. | Failure to pursue a disposition for a sentence of less than death |
| 2. | I.B. | Failure to proceed to trial at a time that would have precluded the government from filing a timely notice of intent to seek the death penalty |
| 3. | I.DD.a.-c., f. | Failure to timely and effectively make a number of meritorious motions, objections, and arguments |
| **JURY SELECTION** | | |
| **Court's Claim No.** | **Petitioner's Sec. No.** | **Claim** |
| 4. | I.C.1. | Juror No. 55: Ineffective voir dire |
| 5. | VI. | Juror No. 55: Misconduct by Juror |
| 6. | I.C.2. | Failure to structure voir dire to identify jurors with prejudicial views on Pentecostal religion and women |
| 7. | I.DD.e., g. | Failure to timely and effectively re-urge Johnson's motion for change of venue and to object to the manner in which peremptory challenges were allocated |

3

| MERITS PHASE | | |
|---|---|---|
| **Court's Claim No.** | **Petitioner's Sec. No.** | **Claim** |
| 8. | I.D. | Demeanor and competence: Failure to reduce petitioner's medication or to address the effects of the medication on her demeanor at trial and her ability to participate in her own defense, in violation of her right to due process and a fair trial |
| 9. | I.E. | Demeanor and competence: Failure to seek a competence hearing |
| 10. | V. | Demeanor and competence: Petitioner was tried while incompetent, in violation of the Fifth, Sixth, and Eighth Amendments to the United States Constitution |
| 11. | I.F., I.H.1. | Investigation and presentation: Failure to investigate Robert McNeese or to impeach him with the court's findings regarding his credibility at the *Massiah* hearing |
| 12. | I.F., I.H.2. | Investigation and presentation: Failure to investigate and effectively examine Christie Gaubatz |
| 13. | I.T. | Investigation and presentation: Failure to effectively cross-examine Wendy Jensen |
| 14. | I.F., I.I. | Investigation and presentation: Failure to present evidence of Terry DeGeus's involvement in the killing of Gregory Nicholson and the Duncans |
| 15. | I.F. | Investigation and presentation: Failure to use a forensic expert or to investigate Phyllis Proscovec, the gun shop owner, an after-acquired evidence theory, or an alibi |
| 16. | I.G. | Presentation of a "mere presence" defense without investigation and despite petitioner's repeated assertions that she was not present at the Nicholson/Duncan killings |

4

Case 3:09-cv-03064-MWB-LTS   Document 287   Filed 07/06/11   Page 4 of 10

| MERITS PHASE (continued) | | |
|---|---|---|
| **Court's Claim No.** | **Petitioner's Sec. No.** | **Claim** |
| 17. | I.JJ., VII. | Cumulative errors render the petitioner's conviction constitutionally infirm |
| MITIGATION PHASE | | |
| **Court's Claim No.** | **Petitioner's Sec. No.** | **Claim** |
| 18. | I.J. | Confrontation of aggravating evidence: Failure to present evidence of battered woman's syndrome to explain the relationship between petitioner and Terry DeGeus to rebut the prosecution's theory of her motive for killing him |
| 19. | I.M. | Confrontation of aggravating evidence: Failure to present readily available evidence about Dustin Honken to refute the prosecution's argument that Angela Johnson was "worse" than Honken |
| 20. | I.N. | Confrontation of aggravating evidence: Failure to use the prosecution's arguments at Dustin Honken's trial as party admissions to rebut the government's evidence that petitioner was "worse" than Honken |
| 21. | I.P. | Confrontation of aggravating evidence: Failure to discover and present information regarding Dustin Honken's plans to kill prosecutor Reinert and his family and Honken's membership in a white supremacist prison organization |
| 22. | I.Q. | Confrontation of aggravating evidence: Failure to address aggravating evidence at the merits and mitigation phases of the trial |
| 23. | I.R. | Confrontation of aggravating evidence: Failure to limit future dangerousness evidence to future danger in prison |

5

| MITIGATION PHASE (continued) | | |
|---|---|---|
| **Court's Claim No.** | **Petitioner's Sec. No.** | **Claim** |
| 24. | I.S. | Confrontation of aggravating evidence:  Failure to object to Kathy Rick's triple hearsay testimony about petitioner's alleged possession of a gun |
| 25. | I.U. | Confrontation of aggravating evidence:  Failure to object to Kyla Davis's testimony that petitioner tried to find out where she lived and what car she drove |
| 26. | II. | Prosecution misconduct:  The prosecution's failure to correct false testimony at Angela Johnson's trial violated the Fifth and Eighth Amendments to the United States Constitution |
| 27. | III. | Prosecution misconduct:  The prosecution's violation of *Brady v. Maryland* by failing to disclose Dustin Honken's planned violent attack on the trial prosecutor and his association with a white supremacist prison organization |
| 28. | IV. | Prosecution misconduct:  The prosecution's violation of the petitioner's rights under the Sixth and Eighth Amendments and the Due Process Clause by presenting inconsistent arguments at her trial and that of her co-defendant |
| 29. | I.BB.1. | Ineffective mitigation:  The testimony of Holly Dirksen |
| 30. | I.BB.2. | Ineffective mitigation:  The testimony of Douglas Book |
| 31. | I.BB.3. | Ineffective mitigation:  The testimony of Susan Marsolek |
| 32. | I.CC. | Ineffective mitigation:  Failure to provide psychiatric pharmacologist Roswell Lee Evans with data regarding petitioner's drug history, rendering his expert testimony virtually irrelevant |

6

Case 3:09-cv-03064-MWB-LTS    Document 287    Filed 07/06/11    Page 6 of 10

| MITIGATION PHASE (continued) | | |
|---|---|---|
| **Court's Claim No.** | **Petitioner's Sec. No.** | **Claim** |
| 33. | I.EE. | Ineffective mitigation: Use of multi-faceted, overly-complicated yet incomplete mitigating factors for the jury to weigh rather than simple, straight-forward facts that encompassed all of the mitigation |
| 34, | I.K. | Failure to prepare mitigation: Failure to investigate and present evidence regarding Angela Johnson's mental state at the time of the offenses |
| 35. | I.Y. | Failure to prepare mitigation: Delay in hiring Dr. Gelbort, and failure to follow-up on his recommendations, to instruct him to conduct a more thorough battery of neuropsychological tests, to retain another neuropsychologist when Dr. Gelbort inexplicably refused to testify, to incorporate his helpful findings and diagnosis into the testimony of the experts who did testify, and to conduct additional neuropsychological and neuroimaging testing of petitioner |
| 36. | I.Z. | Failure to prepare mitigation: Failure to introduce evidence of, and give the trial experts records concerning, the 1996 diagnosis of petitioner with depression and dependent personality features |
| 37. | I.O. | Failure to prepare mitigation: Failure to offer expert and lay testimony that Angela Johnson was under the substantial influence of Dustin Honken |
| 38. | I.L.1. | Failure to prepare mitigation: Failure to introduce the statements of Phyllis Proscovec to support residual doubt |
| 39. | I.L.2. | Failure to prepare mitigation: Failure to offer Dustin Honken's letters to impeach the mitigation phase testimony of Steven Vest to support residual doubt |

7

| MITIGATION PHASE (continued) | | |
|---|---|---|
| Court's Claim No. | Petitioner's Sec. No. | Claim |
| 40. | I.L.3. | Failure to prepare mitigation:  Failure to impeach Steven Vest by presenting evidence that Honken lied about petitioner's role in the offenses to support residual doubt |
| 41. | I.V. | Failure to prepare mitigation:  Failure to introduce petitioner's offer to plead guilty as evidence in mitigation |
| 42. | I.W. | Failure to prepare mitigation:  Failure to present evidence of remorse through expert testimony |
| 43. | I.X. | Failure to prepare mitigation:  Failure to elicit evidence of the effect of petitioner's execution on her family members |
| 44. | I.AA. | Failure to prepare mitigation:  Ineffective presentation of mitigation evidence through the lay witnesses |
| 45. | I.DD.h.-i. | Failure to timely and effectively object to the mitigation phase determination and confusion evident from the jury's findings |
| 46. | I.JJ., VII. | Cumulative errors render the petitioner's sentence constitutionally infirm |
| POST-TRIAL AND APPEAL | | |
| Court's Claim No. | Petitioner's Sec. No. | Claim |
| 47. | I.DD.d. | Ineffective post-trial motions:  Failure to timely and effectively make a number of meritorious arguments in post-trial motions |
| 48. | I.FF.2. | Ineffective post-trial motions:  Failure to raise Juror No. 55's failure to honestly answer questions on voir dire |
| 49. | I.GG. | Ineffective appeal:  Failure to raise all components of the misconduct by Juror No. 55 |

| POST-TRIAL AND APPEAL (continued) | | |
|---|---|---|
| **Court's Claim No.** | **Petitioner's Sec. No.** | **Claim** |
| 50. | I.HH. | Ineffective appeal: Failure to litigate the prosecution's inconsistent theories as to Dustin Honken and Angela Johnson |
| 51. | I.II. | Ineffective appeal: Failure to raise the unconstitutional skewing effect of multiplicitous counts |
| 52. | I.DD.j.-o. | Ineffective appeal: Failure to raise a number of meritorious arguments |
| 53. | I.JJ., VII. | Ineffective appeal: Cumulative errors of appellate counsel render the petitioner's sentence constitutionally infirm |
| **EIGHTH AMENDMENT VIOLATIONS** | | |
| **Court's Claim No.** | **Petitioner's Sec. No.** | **Claim** |
| 54. | VIII. | The Eighth Amendment requires a heightened standard of proof for imposition of the death penalty |
| 55. | IX. | Petitioner suffers from severe mental illness and the Eighth Amendment precludes her execution |
| 56. | X. | The Bureau of Prisons' method of carrying out the petitioner's execution by lethal injection violates the Fifth and Eighth Amendments, the Administrative Procedure Act, and the Controlled Substances Act |
| 57. | X.A.1. | *Baze* claim: Executioner incompetence |
| 58. | X.A.2. | *Baze* claim: Drug administration deficiencies |
| 59. | X.A.3. | *Baze* claim: Lack of safeguards |

| EIGHTH AMENDMENT VIOLATIONS (continued) | | |
|---|---|---|
| **Court's Claim No.** | **Petitioner's Sec. No.** | **Claim** |
| 60. | X.B. | There are readily available alternatives that would substantially reduce the risks of maladministration and inhumane executions |
| 61. | X.C. | Whether the BOP's new protocol is constitutional even under *Baze* cannot be answered without further discovery |
| 62. | X.D. | The *Baze* decision does not have any impact on petitioner's Administrative Procedures Act and Controlled Substances Act Claims |
| 63. | XI. | The death penalty violates the Eighth Amendment |

10