# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| ANGELA JOHNSON,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. C 09-3064-MWB<br>(No. CR 01-3046-MWB)<br><br>**PETITIONER'S REPLY TO GOVERNMENT'S AMENDED ANSWER TO SECOND AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

_____

# TABLE OF CONTENTS

I     Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    Rules 8 and 12, Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   Rule 15, Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Rule 15(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    Rule 15(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C.    Rule 15 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        1.    28 U.S.C. § 2255 (f)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        2.    The relation back doctrine . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

IV.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

i

# TABLE OF AUTHORITIES

**Constitution**

United States Constitution, Art. I, § 9, cl. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Cases**

*American Federation of State, County and Municipal Employees
v. City of Benton*, 513 F.3d 874 (8th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) . . . . . . . . . . . 13, 14

*Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Baker v. John Morrell & Co.*, 266 F.Supp.2d 909
(N.D.Iowa 2003, aff'd, 382 F. 3d 816 (8th Cir. 2004) . . . . . . . . . . . . 2, 5, 8, 10, 16

*Banks v. Dretke*, 540 U.S. 668 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Burton v. Stewart*, 549 U.S. 147, 154, 156-57 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cannon v. Kroger Co.*, 837 F.2d 660, (4th Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) . . . . . . . . . . . . . . . . 3

*Cook v. City of Bella Villa*, 582 F.3d 840 (8th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . 8

*Davis v. Johnson*, 8 F. Supp. 2d 897 (S.D. Tex. 1998),
aff'd, 158 F. 3d 806 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Dodd v. United States*, 614 F. 3d 512 (8th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Eischeid v. Dover Const., Inc*, 2001 WL 34008478 at * 2 (N.D. Iowa 2001) . . . . . . . . . 11

*Ferreira v. Secretary*, 494 F.3d 1286 (11th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Holland v. Florida*, __U.S. __, 130 S. Ct. 2549 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lee v. Kemna*, 213 F.3d 1037 (8th Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Lewis v. United States*, 985 F. Supp. 654 (S.D. W. Va. 1997) . . . . . . . . . . . . . . . . . . . 15

*Mandacina v. United States*, 328 F. 3d 995 (8th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . 17

*Mannino v. United States*, 1998 WL 67674 at * 2 (S.D.N. Y. 1998) . . . . . . . . . . . . . . 15

*Mayle v. Felix*, 545 U.S. 644 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 17

Case 3:09-cv-03064-MWB-LTS    Document 309    Filed 08/19/11    Page 3 of 25

*Moore v. Balkcom*, 716 F.2d 1511 (11th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Robbins v. Secretary*, 483 F.3d 737 (11th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Shuckra v. Armstrong*, 2003 WL 1562097 (D. Conn. 2003) . . . . . . . . . . . . . . . 13, 14, 15

*Sweger v Chesney*, 294 F.3d 506 (3d Cir 2002), cert. denied, 538 U.S. 1002 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S.Ct. 992 (2002) . . . . . . . . . . . . . . . . . 3

*Thompson v. Allstate Insurance Co.*, 476 F. 2d 746 (5th Cir. 1973) . . . . . . . . . . . . . . . . . 2

*United States v. Johnson*, 378 F.Supp.2d 1041 (N.D.Iowa 2005) . . . . . . . . . . . . . . . . . 14

*United States v. Plascencia*, 537 F.3d 385 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Walker v. Crosby*, 341 F.3d 1240, 1245 (11th Cir. 2003) . . . . . . . . . . . . . . . . . . . 13,4, 15

*Woodford v. Garceau*, 538 U.S. 202 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statutes**

28 U.S.C. § 2244(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 11, 12, 15

**Federal Rules**

Federal Rules of Civil Procedure

Rule 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rule 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14

Rule 15(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10, 11, 12, 19

Rule 15(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11, 12, 16, 17

Rule 81(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rules Governing § 2254 Cases, Rule 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rules Governing § 2255 Cases, Rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Other Authorities**

Liebman and Hertz, 1 Federal Habeas Corpus Practice and Procedure (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 12, 13, 14

Case 3:09-cv-03064-MWB-LTS   Document 309   Filed 08/19/11   Page 4 of 25

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| ANGELA JOHNSON,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | No. C 09-3064-MWB<br>(No. CR 01-3046-MWB)<br><br>**PETITIONER'S REPLY TO GOVERNMENT'S AMENDED ANSWER TO SECOND AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

_____

## I.    Introduction

The Government's amended answer to Ms. Johnson's second amended motion to vacate, set aside or correct sentence brings to mind this Court's observation many years ago that "the current status of federal habeas law ...increasingly elevates tortuous and tangled procedural impediments over fundamental fairness." *Lee v. Kemna*, 213 F.3d 1037, 1039 (8th Cir.2000) (Bennett, J., dissenting),  See also Id. at 1048 ("Judicial interpretation of the Great Writ during the past three decades has spun a cascading web of confounding and labyrinthine procedural obstacles. ....This large and increasingly complex web has now virtually obscured the core purpose of the Writ.")

The truth of these statements is borne out by the government's amended answer in this case. The government's amended answer is myopically focused  not on the substance of Ms. Johnson's claims but on whether under Rule 15(c) of the Federal Rules of Civil Procedure the twenty one claims that the government identifies as "new" can " relate back" to the first amended motion to vacate filed by predecessor counsel on  January 21, 2010. (Doc. 26). The only statement that the government makes about the merits of any of these "new" claims is the unilluminating observation that the government "opposes all new claims on their merits." (Doc. 285, p. 3).

Even accepting the government's premise that the focus should be on procedural niceties and not substance, the government's analysis is flawed. The relation back doctrine of Rule 15 (c) is one procedural rule that the Court must consider here, but it is not the only one. In a comprehensive opinion in which this Court allowed an amendment of a complaint in a civil case after the jury had returned its verdict , the Court in *Baker v. John Morrell & Co.*, 266 F.Supp.2d 909, 916-917 (N.D.Iowa 2003, aff'd, 382 F. 3d 816 (8th Cir. 2004), begins its analysis of plaintiff's motion to amend with the observation that the Court "must resolve this motion by looking at a combination of Rules, including Rules 8, 15, and 54(c), to determine whether [the] request to add parallel state-law claims is appropriate in this novel set of circumstances." In line with *Baker*, Ms Johnson briefly reviews all of the procedural rules applicable to her own novel set of circumstances and how these rules and the policies behind them argue strongly in favor of allowing the amendments that the government complains about. [1]

## II. Rules 8 and 12, Federal Rules of Civil Procedure

Under Rule 8(a)(2), a pleading need consist only of "a short and plain statement of the claim showing that the pleader is entitled to relief." As this Court observed in *Baker,* "(t)he Federal Rules exalt substance over form..." 266 F. Supp 2d at 921. As the Court also observed, quoting *Thompson v. Allstate Insurance Co.*, 476 F. 2d 746, 749 (5th Cir. 1973),

> Ancestor worship in the form of ritualistic pleadings has no more disciples. The time when the slip of a sergeant's quill pen could spell death for a plaintiff's cause of action is past. Under Federal Rules of Civil Procedure, a complaint is not an anagramatic exercise in which the pleader must find just exactly the prescribed combination of words and phrases.

(266 F. Supp. 2d at 922).

---

[1] Because a proceeding under § 2255 is a civil action, the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P. 81(a)(2); Rule 11, Rules Governing § 2254 Cases; Rule 12, Rules Governing § 2255 Cases. *See also Woodford v. Garceau*, 538 U.S. 202, 208 (2003) ("[t]he Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules").

"The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation *on the merits of a claim*." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 , 514, 122 S.Ct. 992 (2002)(emphasis added). See also, *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision *on the merits*")(emphasis added).

Reduced to its essence, the government's amended answer here is a call to this Court to turn away from a focus on the merits of Ms. Johnson's claims and to concentrate instead on whether predecessor counsel spelled out each of the twenty one challenged claims with the specificity now demanded by the government. Neither the letter nor the spirit of Rule 8 allows for such an approach.

Further, Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The government's present complaints about a lack of detail or specificity in the first amended motion ring hollow in light of the government's failure to avail itself of Rule 12(e).

In truth, as the government implicitly admitted by filing a responsive pleading to it, the first amended motion was not vague or ambiguous so much as broad and open-ended, a point which cuts against the government's present position that the "new" claims do not relate back. For example, Ms. Johnson raised trial counsel's ineffectiveness in "overlooking critical impeachment evidence", and in failing to investigate the facts of the case, to present a defense or to present helpful evidence at both the merits and penalty phases of her trial (Doc. 26, at 85-86) and trial counsel's ineffective failure to introduce evidence in support of residual doubt. (Id. at 86-87). The motion alleged that the  facts supporting these broad claims "include those stated as well as others to be developed following further investigation, discovery, access to this Court's subpoena power, *and an evidentiary hearing*." (Id. at 86)

3

See also <u>id</u>. at 2 (generally alleging as to all claims that "[f]urther evidentiary support for the factual allegations herein...will be offered at the hearing."); <u>id</u>. at 123-124 (requesting that the Court permit movant to amend her petition "to include any additional claims or allegations not presently known to her or her counsel, which are identified or uncovered in the course of discovery, investigation, and litigation of this Motion, and, to allow the amendment to relate back to the date of the filing of this motion").

The government, in its Amended Resistance to Petitioner's motion, complained about a lack of detail in these allegations, but it did not specifically oppose the request that factual detail would be supplied at the evidentiary hearing and it was silent on Ms. Johnson's motion to include additional claims following an evidentiary hearing. Doc. 27, at 63-67.

Indeed, even before filing the Amended Resistance, all parties agreed at a status conference conducted on August 13, 2009 that "any expansion of the record, as provided in Rule 7, shall occur *at the evidentiary hearing*, although the parties are not precluded from requesting expansion of the record pursuant to Rule 7 prior to the hearing." (Doc. 807, p. 3)(emphasis added). Both parties took this stipulation to mean that Ms. Johnson would be permitted to amend her pleading at the close of evidence to conform to proof at the hearing, subject to any objections by the government. (H.Tr. 1101-1102, 1151). The government was not in any way impaired by this arrangement at the evidentiary hearing, as evidenced by the fact that it was given trial counsel's entire file well in advance of the hearing, was afforded the opportunity to interview defense team members, was prepared to and did conduct vigorous cross examination on all contested issues, and was given ample time to produce any rebuttal evidence on all contested issues.

All of these facts suggest that the purposes of Rules 8 and 12 were served in this case. The government was put on adequate notice by the pleading and by defense discovery that Ms. Johnson was broadly attacking defense counsel's performance and that the specific details of that attack would be supplied at the evidentiary hearing. The government's failure in invoke Rule 12(e), its agreement that any expansion of the record could take place at the

4

evidentiary hearing, and its vigorous and well prepared cross examination and rebuttal at the evidentiary hearing contradict the government's present claim that it was deprived of notice or that it will somehow now be prejudiced if the Court addresses the merits of the twenty one contested claims. See, *Baker v. John Morrell & Co.*, 382 F. 3d 816, 832 (8th Cir. 2004)(district court did not abuse discretion in allowing post-trial amendment where the party opposing amendment "failed to present any evidence [of prejudice]... aside from [his] bare assertion [of it].")

### III.    Rule 15, Federal Rules of Civil Procedure

#### A.    Rule 15(a)(2)

Rule 15(a)(2) governs amendments before trial and provides in pertinent part that a party may amend its pleading once as a matter of course within 21 days after serving it, and that " [i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

In this case, pursuant to a scheduling order in the underlying criminal case (Doc. 807), Ms. Johnson filed her initial motion to vacate, set aside or correct sentence on October 5, 2009. (Doc. 824) This filing was within the statute of limitations even according to the government's analysis.[2] She amended her pleading once as a matter of right on January 21,

---

[2]The government claims that "the limitations period began to run on the date the Supreme Court denied the Petitioner's petition for certiorari, October 6, 2008." (Doc. 285, p. 4) The government is wrong. AEDPA establishes a number of triggering dates for the one-year statute of limitations and provides that the period "shall run from the latest of " those dates. 28 U.S.C. § 2255 (f). The government has focused on 2255 (f)(1)("the date on which the judgment of conviction becomes final"). As Ms. Johnson argues below, there is another triggering date that applies in this case, specifically the date set forth in f (4)("the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.") . Putting that point aside for the moment and looking only at (f) (1), it is pointed out in Liebman and Hertz, 1 <u>Federal Habeas Corpus Practice and Procedure </u>(2011) § 5.2 n. 42 that "by 'judgment, AEDPA means the judgment determinative of the custody that the petitioner challenges. Thus, in cases in which a prisoner's sentence, but not her conviction, was reversed and in which a

2010. (Doc. 26). In that pleading, as indicated above, she specifically requested that at the end of the hearing she be permitted "to include any additional claims or allegations not presently known to her or her counsel, which are identified or uncovered in the course of discovery, investigation, and litigation of this Motion, and, to allow the amendment to relate back to the date of the filing of this motion")(Doc. 26, pp. 123-124). See also, Doc. 824, p. 117 (same request made in her motion to vacate filed October 5, 2009). The government never responded to these requests. As also indicated above, based on a stipulation arrived at on August 29, 2009, Ms. Johnson's present counsel, as well as the government, entered the hearing with the understanding that she would be allowed to amend her motion at the conclusion of the hearing to conform to proof. (Doc. 807, p. 3; H.Tr. 1101-1102, 1151). While the hearing was still in its first phase, the Court agreed to this arrangement and the government did not object to it. (H.Tr. 1899-1909, 2853-2854).

Under these circumstances, Ms. Johnson is at a loss to understand the government's arguments that "Petitioner's extremely tardy amendment of her Petition significantly prejudices the government", and that Petitioner should be denied equitable tolling because she "allowed 20 months to elapse between the time she filed her original motion and the time she file (sic) the instant Second Amended Motion-a passage of time that alone belies the idea that she acted with diligence to amend her motion." (Doc. 285, pp. 3,6 ). In truth, she did not file her Second Amended Motion until July 5, 2011 because she was permitted to do so by the Court and prior to that ruling she was led to be believe by the actions and statements of the government that she would be allowed to amend at the conclusion of the evidentiary hearing. She raised this issue in her first motion filed on October 5, 2009, and

---

new sentence thereafter was imposed and affirmed on appeal, the statute of limitations begins to run on the date the second sentencing judgment became 'final'", citing *Burton v. Stewart*, 549 U.S. 147, 154, 156-57 (2007) (per curiam); *Ferreira v. Secretary*, 494 F.3d 1286, 1294 (11th Cir. 2007) and *Robbins v. Secretary*, 483 F.3d 737, 738-39 (11th Cir. 2007). Here, the Court resentenced Ms. Johnson to death on June 11, 2009 [Doc. 777]. The judgment on this resentencing did not become final until 10 days thereafter. See, *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

6

she raised it again in her pleading filed on January 21, 2010, and again during the first phase of the evidentiary hearing. In these circumstances, equitable tolling would certainly be appropriate because Ms. Johnson has diligently asserted her right to amend and the government has not objected up to this point. See, *Holland v. Florida*, __U.S. __, 130 S. Ct. 2549, 2562 (2010)(endorsing the use of equitable tolling and emphasizing that "[w]hen Congress codified new rules governing this previously judicially managed area of law, it did so without losing sight of the fact that the 'writ of habeas corpus plays a vital role in protecting constitutional rights.' ... It did not seek to end every possible delay at all costs... The importance of the Great Writ, the only writ explicitly protected by the Constitution, Art. I, § 9, cl. 2, along with congressional efforts to harmonize the new statute with prior law, counsels hesitancy before interpreting AEDPA's statutory silence as indicating a congressional intent to close courthouse doors that a strong equitable claim would ordinarily keep open.")

### B.  Rule 15(b)

Rule 15(b) provides:

>   (b) Amendments During and After Trial.

> (1) Based on an Objection at Trial. If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

> (2) For Issues Tried by Consent. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and

7

to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

In a habeas or § 2225 case, "Civil Rule 15(b)...allows amendment by the express or implied consent of the parties following one party's assertion and the other party's acknowledgment of or failure to object to a claim or defense not raised in the asserting party's pleadings." Liebman and Hertz, 1 <u>Federal Habeas Corpus Practice and Procedure</u> (2011) § 17.2 n. 10, citing *Banks v. Dretke*, 540 U.S. 668 (2004)(Court rejects court of appeal's view that an evidentiary hearing in habeas corpus proceedings cannot be equated with a trial for Rule 15 (b) purposes, explaining that "[w]e see no reason why an evidentiary hearing should not qualify so long as the respondent gave 'any sort of consent' and had a full and fair opportunity to present evidence bearing on the claim's resolution.").

Under Fed.R.Civ.P. 15(b), " [a]mendments are allowed when the parties have had actual notice of an unpleaded issue and have been given an adequate opportunity to cure any surprise resulting from the change in the pleadings." *Cook v. City of Bella Villa*, 582 F.3d 840, 852 (8th Cir. 2009)(internal quotations omitted). "Amendments under Rule 15(b) are to be liberally granted where necessary to bring about the furtherance of justice and where the adverse party will not be prejudiced. " *American Federation of State, County and Municipal Employees v. City of Benton*, 513 F.3d 874, 883 (8th Cir. 2008)(internal quotations omitted).

As stressed by this Court in *Baker*, the intent of Rule 15(b) is "to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." 266 F. Supp 2d at 927 (internal quotation omitted). "Courts should construe Rule 15(b) liberally and allow an amendment whenever doing so will effectuate the purpose of the rule." (<u>Id</u>.) The purpose of the Rule is "to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel." <u>Id</u>.(internal quotation omitted) "A court's primary concern on Rule 15(b) motions is possible prejudice to the defendant." (<u>Id</u>. at 928). "[W]here the new claim that is added was subsumed in the context of the case and would require no new discovery, where the defendant had a fair opportunity to litigate the issue added, and where the defendant did not object to the

insertion of the issue into the proceedings, amendment is proper." Id. (internal citations omitted).

In this case, all of the issues that the government complains about were certainly subsumed within the context of the case. No new discovery was required for the government to understand the "new" issues because prior to the hearing the government was given complete and voluminous discovery of all of the defense trial and post-conviction work product in the case. The government also interviewed most of the trial participants prior to the hearing. The government was also put on notice as early as October 5, 2009 that the defendant intended to amend her motion to conform to proof and when the issue was again raised during the first phase of the hearing, the government was put on notice from the Court that the amendment would probably be allowed. [3]

Significantly, the government did not object when evidence concerning most, if not all, of the twenty one claims it complains about was introduced at the hearing. A computer word search of the available hearing transcripts for the words "object" and "objection" yielded 464 hits. [4] A review of these hits reveals that in total the government made only a handful of objections on the ground that the proffered evidence was outside the scope of the pleadings. There was an objection (overruled) that "[n]othing in the petition alleges any error with respect to the jury selection during the general voir dire." (H.Tr. 358). There was an objection (overruled) about questioning concerning the defense's failure to litigate a motion

---

[3] The Court said:

> You know, generally I view amendments liberally, and, you know, this is a death penalty case, and so I can't imagine I would take a very restrictive view of allowing you to amend. I can't imagine that, but, you know, I don't exactly know what the law is in this area, but I know generally I have a lot of discretion on amendments to pleadings. And my history has always been, you know, to exercise that discretion generously to the parties seeking to amend whether it be a plaintiff or a defendant unless I see substantial prejudice.

(H.Tr. 1900)

[4] The available transcripts include everything except the rebuttal testimony of Dr. Martell.

based on McNeese's interference with the attorney-client relationship. (H.Tr. 1100). There was an objection (sustained) about questioning concerning the defense's failure to make a proper, adequate showing to the Department of Justice. (H.Tr. 1151). There was an objection (overruled) about questioning which the prosecutor mistakenly thought was being used to advance the claim that the prosecution was arguing inconsistent theories. (H.Tr. 1267-1270). There was an objection (overruled) about questioning concerning the defense's failure to submit adequate sentencing phase instructions. (H.Tr. 1499-1508). Finally, there was an objection (overruled) about the defense's failure to challenge the handwriting expert. (H.Tr. 3707-3709). Aside from these six instances there were no other government objections on the ground that the proffered evidence was outside the scope of the pleadings. Thus, of the twenty ineffective assistance of counsel and the one *Brady* claim that the government complains about, as to only one of them, Court Claim 33 (Petitioner's Claim I. EE.) (Drafting of Mitigating Factors), did the government ever raise any objection to testimony about the claim, although there was extensive testimony about all the other challenged claims.[5]

Further, it is significant that as to Court Claim 33, the Court overruled the objection and the government proceeded to conduct an extensive cross examination on this topic. (See e.g., H.Tr. 4262-4270). In these circumstances, the government cannot satisfy its burden under Rule 15 (b)(1) "to satisfy the court that the evidence would prejudice that party's action or defense on the merits" and to show that a continuance would not "enable the objecting party to meet the evidence". Similar, and, if anything, more compelling considerations are present with respect to the twenty challenged claims to which no objection was made. Here again, the government had full opportunity to, and did, engage in extensive cross examination as to all contested issues. It cannot show that its concerns about prejudice are anything more than hypothetical. See, *Baker v. John Morrell & Co.*, 382 F. 3d 816, 832 (8th Cir. 2004)(district court did not abuse discretion in allowing post-trial amendment under

---

[5] As to Court Claim 33, even though the government objected to evidence of it, the Court still has discretion to permit the amendment under Rule 15(b)(1).

Rule 15 where the party opposing amendment "failed to present any evidence [of prejudice]... aside from [his] bare assertion [of it].")

### C.      Rule 15 (c)

Although Ms. Johnson has demonstrated that all the claims at issue are properly added under Rule 15(b), it is also true that they are also properly added if they qualify for Federal Rule of Civil Procedure Rule 15(c)(2)'s "relation back" mechanism, which provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings."

In focusing exclusively on Rule 15(c), the government has skipped an important preliminary step in its analysis, for as this Court explained in *Eischeid v. Dover Const., Inc*, 2001 WL 34008478 at * 2 (N.D. Iowa 2001), "(i)f the amendment was indeed filed within the statutory time period, relation back principles are not implicated because all parties received notice within the limitations period at the time the amendment was filed." See also, *Mayle v. Felix*, 545 U.S. 644, 664 n.8 (2005) ("before AEDPA's limitation period expire[s]," AEDPA's statute of limitations does not pose any impediment to amendment of petition to add new claim).

Ms. Johnson therefore first considers whether her second amended answer filed on June 1, 2011 (Doc. 263) was indeed filed within the statutory time period set forth in 28 U.S.C. § 2255 (f)(4). She then considers the relation back doctrine itself.

### 1.      28 U.S.C. § 2255 (f)(4)

Ms. Johnson points out in footnote 2, supra, that AEDPA establishes a number of triggering dates for the one-year statute of limitations and provides that the period "shall run from the latest of " those dates. 28 U.S.C. § 2255 (f). The government has focused on 2255 (f)(1)("the date on which the judgment of conviction becomes final"). As Ms. Johnson demonstrates in footnote 2, if f (1) is the operative subsection then the statute of limitations ran on June 21, 2010, which is one year after the judgment and resentencing of June 11,

2009 became final. Under f (1), the second amended motion would not have been timely but for Rule 15(b) or (c).

However, f (4) provides that another triggering date is "(4) the date on which the facts supporting *the claim or claims* presented could have been discovered through the exercise of due diligence." (emphasis added). 28 U.S.C. § 2244(d)(1)(D) contains almost identical language for state prisoners.

Liebman and Hertz, 1 Federal Habeas Corpus Practice and Procedure (2011) § 5.2 explain the issue that arises because of Congress's inclusion of the words "claim or claims" in f (4) and § 2244(d)(1)(D) :

> Because the statutory scheme conditions the commencement of the limitations period in part on the date on which the petitioner or movant first gained access to the legal or factual bases for a particular *"claim"*... a petition or motion with multiple claims may have different triggering dates for its various claims. If so, two questions arise: Does the deadline for the filing of a habeas corpus petition or section 2255 motion vary from claim to claim, or is there a single deadline that applies to the entire petition or motion? And, if the latter, what is that single deadline--the earliest or the latest of the various claims' limitations periods, or some other date? Although AEDPA does not clearly resolve this issue, its language strongly suggests that the applicant has until the end of the latest of the claims' limitation periods to file the application. Thus, AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus" and "shall run from the latest of" the various possible time periods set forth in the statute.[6] This language strongly suggests Congress' intention both that a single filing date apply to the entire "application," and that the deadline be determined by the "latest" of the limitation periods for the claims raised in the petition.

The authors add in footnote 64:

> This interpretation is further supported by the rule that statutes should be construed in light of the underlying purposes of the legislation. Norman J. Singer, 2A Sutherland's Statutes and Statutory Construction § 45.09 (5th ed. 1992). Given Congress' objective of streamlining the habeas corpus process, it seems highly unlikely that Congress would have opted for a claim-by-claim approach that could require piecemeal habeas corpus litigation on a scale never before imagined. Cf. *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (recognizing difficulties created by "piecemeal [habeas corpus] litigation").

---

[6] The reference is to § 2244(d)(1), but § 2255(f) identically provides that "[a] 1-year period of limitation shall apply to a motion under this section" and that "[t]he limitation period shall run from the latest of...(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

12

Although neither the Supreme Court nor the Eighth Circuit has passed on this issue, at least one circuit court and one district court has accepted Liebman and Hertz's analysis. See, *Walker v. Crosby*, 341 F.3d 1240, 1245, 1247 (11th Cir. 2003) ("The statute of limitations in § 2244(d)(1) applies to the application as a whole; individual claims within an application cannot be reviewed separately for timeliness. We reach this conclusion in light of the text and structure of AEDPA....We recognize that § 2244(d)(1) as written allows for the resurrection of what seem to be time-barred claims tagging along on the coattails of a timely claim. Nevertheless, Congress wrote the statute, and we cannot see how it can be read any other way without departing from the plain meaning of the words of the statute.")(citing Liebman and Hertz); *Shuckra v. Armstrong*, 2003 WL 1562097 (D. Conn. 2003)("Under the plain language of § 2244(d) and in light of the distinction throughout § 2244 between applications and claims, ... § 2244(d) authorizes only the dismissal of applications, not individual claims. Because Shuckra's application contains a claim that is timely under § 2244(d)(1)(D) and (d)(2) as set out above, Shuckra's application as a whole is timely under § 2244(d), and dismissal of the otherwise untimely Miranda claim is not authorized under § 2244(d)." )(citing Liebman and Hertz). See also, *Sweger v Chesney*, 294 F.3d 506, 514 (3d Cir 2002), cert. denied, 538 U.S. 1002 (2003) (*dicta*) ("[T]he District Court erred in holding under the AEDPA that separate one-year limitations periods apply to each claim raised in a habeas petition, and that each limitations period runs from the exhaustion of state remedies for each claim.... AEDPA expressly establishes that the limitations period applies 'to an application for a writ of habeas corpus' and runs from 'the date on which the judgment became final ...' 28 U.S.C. § 2244(d)(1) Two circuits have disagreed with this analysis. See, *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007); *Fielder v. Varner*, 379 F.3d 113, 118-121 (3d Cir. 2004).

The Liebman and Hertz analysis, as adopted by *Walker* and *Shuckra* is certainly the more persuasive and should be adopted here, especially considering the Supreme Court's directive in *Artuz v. Bennett*, 531 U.S. 4, 9-10, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) to distinguish between the term "application" and "claim" when interpreting AEDPA. See,

13

*Walker v. Crosby*, 341 F.3d at 1245 ("Our holding is consistent with the Supreme Court's direction in *Artuz* to distinguish between the term 'application' and 'claim' when interpreting § 2244, and is also consistent with other courts and commentators who have addressed the issue."). In any event, since there is a Circuit split, Ms. Johnson should be entitled to the benefit of the doubt, especially in a capital case. See, Liebman and Hertz, *supra* at Section 17.2 ("A need for amendment typically also arises when new claims become available for the first time after the petitioner files the federal petition. Generally, the courts have freely permitted amendment to add claims in such a situation, particularly in capital cases, a practice that accommodates the petitioner's need to present all claims in the first petition and thereby avoid the more restrictive standards that govern successive petitions and also reflects the judicial system's interest in avoiding piecemeal litigation of a single petitioner's claims and Civil Rule 15(a)'s general policy of liberal amendment (incorporated into habeas corpus practice by Habeas Rule 12)", citing *Moore v. Balkcom*, 716 F.2d 1511, 1526 (11th Cir. 1983) ("Certainly in a capital case, the district court should be particularly favorably disposed toward a petitioner's motion to amend.") See also, *Williams v. Lockhart*, 849 F.2d 1134, 1139-40 (8th Cir. 1988) (ordering district court to grant leave to amend because petitioner may be foreclosed from raising new claim in subsequent petition, and justice requires amendment); *United States v. Johnson*, 378 F.Supp.2d 1041, 1049 (N.D.Iowa 2005)("The court finds that, in this death-penalty case, in light of the closeness of the question, it is better to err on the side of [an interpretation of a law that favors the defendant Ms. Johnson]").

Assuming this Court will follow *Walker* and *Shuckra*, it is clear that the second amended motion filed on June 1, 2011 is still within the statutory time period and that there is therefore no need to resort to the relation back doctrine of Rule 15 (c). This is because one of the claims asserted in the second motion, Court Claim 27 (Petitioner's Claim III.) asserts a *Brady* claim that was not discovered, and could not have been discovered, until the government turned over exculpatory internal governmental memorandums to present defense counsel on March 5, 2011. (See, Affidavit of Michael N. Burt, Exhibit A herein.) Under 28

14

U.S.C. § 2255 (f)(4), the triggering date for this claim, and under *Walker* and *Shuckra* for the entire motion, is thus March 5, 2011, meaning that the statute of limitations does not run until a year after this date.  See,  *Lewis v. United States*, 985 F. Supp. 654, 657 (S.D. W. Va. 1997) ("[T]he Court finds subparagraph four (4) of the statute ["the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"]  applies under the facts of this case. The Court further concludes the limitations period began to run from September 1996, when Movant first learned his conviction was flawed. Prior to this time Movant was unaware of the basis of his present claims, due in part to the Government's failure to comply with its *Brady* obligations....Movant filed his motion well within one-year of September 1996. Accordingly, his motion is not time-barred.  Alternatively, the Court concludes the one-year time limit for filing a § 2255 motion is a statute of limitations subject to equitable tolling rather than an inflexible jurisdictional bar....Having determined the limitations period is subject to equitable tolling, the Court further concludes the circumstances of this case by no means present a "garden variety claim of excusable neglect" to which equitable tolling principles do not apply..., but instead are sufficiently extraordinary to warrant equitable tolling of the limitations period. In this case the Government ... failed to disclose exculpatory information to Movant. .... Movant ultimately brought the instant motion less than one year after discovering the Government's ...errors."); *Mannino v. United States*, 1998 WL 67674 at * 2 (S.D.N. Y. 1998)(section 2255 movants complied with statute of limitations by filing within one year of date they learned that prosecutor had failed to disclose potentially exculpatory information prior to trial; motion is timely because petitioner "did not become aware of [witness's potentially exculpatory] alleged comments until January 10, 1997, and...they could not discover the evidence earlier because of the Government's alleged misconduct".) [7]

---

[7] The government claims that the information contained in the internal memorandums is not *Brady* material (Doc. 285, p. 15). but it is fair to say that the government's portrayal of Ms. Johnson as the more culpable of the two defendants for purposes of punishment

### 2. The relation back doctrine

We come at last to the only issue that the government wants to talk about, the relation back doctrine of Rule 15(c). Put simply, the government's cramped interpretation of this doctrine is wholly at odds with the liberal thrust of the Federal Rules of Civil Procedure in general and Rule 15 (c) in particular.[8] See, *Cannon v. Kroger Co.*, 837 F.2d 660, 668 n. 14 (4th Cir.1988)("The liberal doctrine of relation-back is well established in the federal rules: Rule 15(c) is based on the notion that once litigation involving particular conduct or a given

---

mightily contributed to the jury's death verdicts in this case. The Government elicited substantial testimony at Petitioner's trial that Dustin Honken had no history of violence prior to his meeting Johnson. Indeed, the Government went so far as to suggest that Honken was not even capable of murder absent the manipulation and negative influences of Petitioner, arguing that she was "egging on and pushing and cajoling and putting [Dustin Honken] in the position of pulling that trigger." (Tr. 4027). *See also* Tr. 4011, 4019, 4026-27 and 4079-80. On these facts, the prosecution's argument that the documents at issue are not *Brady* material must be rejected. Honken's threats against the prosecutor assigned to his case and his family include torture, the killing of innocent children and Mr. Reinert's wife, the decapitation of Mr. Reinert and the use of his head as a bowl. The gruesome, graphic plans made by Honken to avenge his prosecution by the federal government are strikingly at odds with the picture of Honken urged by the government at Petitioner's trial, and they would have been made even more striking by showing the defensive actions which Reinert took in response to Honken's threats. Moreover, the memos correctly identify the prison gang that Mr. Honken belonged to as a "white supremacist group", directly contradicting the image the government painted at Ms. Johnson's trial that this was merely a "religious group." (H.Tr. 2516-2518). The internal memoranda at issue clearly constitute *Brady* material.

[8] In *Baker*, this Court pointed to Rule 54(c) as one of the many rules illustrating the liberal thrust of the Federal Rules of Civil Procedure. 266 F. Supp. 2d at 929-930. Rule 54(c) provides that, except in cases of judgment by default, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." As this Court stated in *Baker*, "Rule 54(c), and the federal rules in general, evince a belief that when a party has a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis of the claim at the pleading stage, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense on the merits." 266 F. Supp. 2d at 929.(internal quotation omitted)

transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading. An amendment will relate back under Rule 15(c) even if it arose out of the conduct, transaction or occurrence that merely "was attempted to be set forth in the original pleading." ...[A]mendments to conform to proof, stating cause of action more accurately, relate back under Rule 15(c) because plaintiff attempted to set forth same claim in original pleading.")(internal quotation and citations omitted) . See also, *Dodd v. United States*, 614 F. 3d 512, 516 (8th Cir. 2010)(district court abused its discretion in concluding that claim alleging that trial counsel was ineffective for failing to object to speculative testimony concerning drug quantities did not relate back to general claim that trial counsel failed to "object to the alleged drug amounts..."); *Mandacina v. United States*, 328 F. 3d 995, 1000 (8th Cir. 2003)(district court abused its discretion in concluding that an amended motion alleging a *Brady* violation based on the failure to disclose a specific police report did not relate back to a general *Brady* claim in the original motion because the original motion did not mention the specific report and contained only general assertions that evidence obtained by police department was withheld.)("The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.")(internal quotation omitted)

A new claim relates back to a timely filed original petition "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 662-63 (2005). See also id. at 659 ("relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims"). Conversely, "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650.

In this case, as pointed out above, the first amended motion contained some fairly broad and open-ended ineffective of assistance of counsel claims. For example, in the first

amended motion, predecessor counsel claimed generally that "[t]rial counsel were expected to perform in a manner consistent with prevailing professional norms of capital defense practice, such as the norms codified in the ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases." (Doc. 26, p. 26). Those Guidelines mandate that counsel must perform a number of functions, including investigation of both phases of the case, litigating all arguably meritorious motions, and preparing proper jury instructions, among other things. Claim 11 broadly claimed that counsel "was ineffective for failing to investigate the facts of the case, to present a defense, or to present helpful evidence at both the merits and penalty phase." (Id., p. 85)   This claim also raised trial counsel's ineffectiveness in "overlooking critical impeachment evidence",  and in failing to "unearth any evidence that may undercut the government's theory, undermine its evidence, or advance the defense case." (Id.) It was also claimed that "[e]vidence was available from...a number of...witnesses and court records, and counsel's own discovery file, that would have cast doubt on the credibility of Christi Gaubatz and a number of other witnesses the government presented at trial." (Id.) Claim 12 included an allegation that "[t]he complete failure to investigate Ms. Johnson's innocence or present any defense during the guilt phase at trial extended to the penalty phase. The defense again made no effort to investigate or present evidence to support a finding of residual doubt, a critical statutory mitigator." (Id. p. 86). The motion alleged that the  facts supporting these broad claims "include those stated as well as others to be developed following further investigation, discovery, access to this Court's subpoena power, *and an evidentiary hearing*." (Id. at 86) See also id. at 2 (generally alleging as to all claims that "[f]urther evidentiary support for the factual allegations herein...will be offered at the hearing."); id. at 123-124 (requesting that the Court permit movant to amend her petition "to include any additional claims or allegations not presently known to her or her counsel, which are identified or uncovered in the course of discovery, investigation, and litigation of this Motion, and, to allow the amendment to relate back to the date of the filing of this motion").

18

With respect to a *Brady* claim, the amended motion alleged that "[t]he prosecution in Ms. Johnson's case suppressed before, during, and after trial exculpatory evidence relevant to several key witnesses." (Id. at 94). Again, it was stated that "[t]he facts supporting this claim include those stated, as well as others to be developed following further investigation, discovery, access to this Court's subpoena power, and an evidentiary hearing." (Id. at 95).

Although Ms. Johnson unfortunately cannot go claim- by- claim to demonstrate the point because of the Court's 20 page limitation for this reply, suffice it so say that these broad claims are tied to the same core of operative facts underlying the twenty one challenged claims that the government complains about. The facts underlying the challenged claims are also the same in both time and type as the claims set forth in the first amended motion.[9] Therefore, relation back of all the challenged claims is appropriate under Rule 15 (c).

## IV.  CONCLUSION

For all of the foregoing reasons, this court should deny the government's request to dismiss the challenged claims on procedural grounds. [10]

---

[9] Ms. Johnson stands ready to provide, and requests that the Court allow her to provide, a claim- by- claim analysis which would demonstrate that each of the challenged claims properly relates back to claims in the first amended petition.

[10] Some of the defense's analysis of Rule 15(b) may be misread as a personal criticism of government counsel for failing to raise objections. No such criticism is intended and in fact the defense appreciates that the government did not in general obstruct defense efforts to prove its case. The spirit in which the government's failure to object is raised is perhaps best captured in this passage from *Davis v. Johnson*, 8 F. Supp. 2d 897, 900 (S.D. Tex. 1998), aff'd, 158 F. 3d 806 (5th Cir. 1998):

> Timing rules work both ways: if the state wants to kill a man because his filings are not on time, it should raise that issue promptly. If limitations applies to Davis, laches should apply to [government counsel]. [He] waited until May 1998 to raise a point it knew of in May 1997. Responsible government's prompt objection would have saved everyone time and trouble, especially since the court, Davis, and Johnson are funded by the taxpayers.

DATED August 19, 2011.

                                              Michael Burt
                                              Law Office of Michael Burt
                                              600 Townsend Street, Suite 329E
                                              San Francisco, California   94103
                                              415-522-1508 (tel.)
                                              415-522-1506 (fax)
                                              Michael.Burt@prodigy.net

                                              Marcia A. Morrissey
                                              Attorney at Law
                                              2115 Main Street
                                              Santa Monica, CA 90405
                                              310-399-3259 (tel.)
                                              310-399-1173 (fax)
                                              MorrisseyMA@aol.com

                               By:     /s/ Michael N. Burt_____
                                       Marcia A. Morrissey

                                       Attorneys for Petitioner
                                       ANGELA JOHNSON

---

Because the government's taking a person's life should invoke the most awesome governmental accountability, the court will address the merits of the petition in an abundance of caution.

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                                    )     ss.
COUNTY OF SAN FRANCISCO   )

I am over the age of 18 and not a party to the within action; my business address is 600 Townsend Street, Suite 329-E San Francisco, California 94103.

I hereby certify that on August 19, 2011, I electronically filed the foregoing with the Clerk of the Court for the Federal District Court Northern District of Iowa by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

Angela Johnson
08337-029
FMC Carswell
Federal Medical Center
PO Box 21137
Fort Worth, Texas 76127

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 19, 2011 at San Francisco, California.

                                                /s/Michael Burt
                                          MICHAEL BURT

21