**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **ANGELA JOHNSON,** | **No. C 09-3064-MWB** |
| **Petitioner,** | **(No. CR 01-3046-MWB)** |
| **vs.** | **AFFIDAVIT OF MICHAEL N. BURT IN SUPPORT OF PETITIONER'S REPLY TO GOVERNMENT'S AMENDED ANSWER TO SECOND AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

_____

**AFFIANT, MICHAEL N. BURT, STATES:**

I am one of the court-appointed attorneys for Angela Johnson in the above captioned matter, having been appointed by this Court on September 7, 2010.

Based on my conversations with trial counsel, predecessor counsel Michael Lawlor and government counsel C.J. Williams and my review of the court docket and transcripts in this case it was my understanding that from the outset of the case the parties had cooperated with each other in providing reciprocal discovery. I specifically took note shortly after my entry into the case that on March 18, 2010 this Court had entered an order ""advise[d] the parties to move toward full, voluntary, reciprocal discovery ." (Doc. 40).

Pursuant to this directive I provided all of the trial team's attorney client work product to Mr. Williams and I assumed that he was providing complete reciprocal discovery in return. However, in my lengthy and time consuming review of the material that had been provided to either the trial team or Mr. Lawlor by the government, I noticed an absence of discovery concerning the plea negotiation aspects of the case. Therefore, on  February 3,

2011, I requested in an email that the government produce: "(1) any correspondence or memoranda by members of United States Attorney's Office for the Northern District of Iowa directed to defense counsel for Johnson or Honken relevant to plea negotiations in this case; (2) any correspondence or memoranda by members of the same Office  directed to Main Justice relevant to plea negotiations in this case; (3)  any correspondence or memoranda by Main Justice directed to members of the United States Attorney's Office for the Northern District of Iowa  relevant to plea negotiations in this case; (4)  any correspondence or memoranda between members of the United States Attorney's Office for the Northern District of Iowa relevant to plea negotiations in this case; and (5)  any correspondence or memoranda by Main Justice directed to members of the United States Attorney's Office for the Northern District of Iowa relevant to the date of when there was any change in policy regarding acceptance of pleas in death eligible cases. The word 'correspondence' includes emails."

In an email, the government responded that

As to plea negotiations, I am willing to give you all communication between the government and defense counsel (indeed, since you have the defense files, you should already have this).  Nothing in my response implicated communication with Main Justice that is protected by the attorney work product and deliberative process privileges.  I did not indicate we communicated with main justice about the plea, or that they communicated with us about the plea.  I asserted the USAO had no authority to agree to any plea agreement and you have nothing but conjecture that Main Justice would have agreed to a plea.  What we do know is that when Barrigan made the 11th hour plea offer, the AG rejected it.  My response was tailored to the assertions that statements made by Pat Reinert or Tom Miller about what plea might be acceptable was in any way binding on the AG, or was proof of what the AG would accept.
In any event, I'm not sure I see that you have any viable claim here.  In the interview with Martell, Johnson claims she's totally innocent and did not commit the crime.

On March 1, 2011, I filed a motion to compel production of this material after the government failed to provide any information responsive to my requests. (Doc. 160). On March 2, 2010, this Court granted the motion to the extent that " respondent must produce the documents in (1), which it has agreed to produce, as soon as possible." The court reserved ruling "on whether respondent must produce the documents in (2) through (5), either to the

2

petitioner or to the court for in camera review, until the court has heard evidence about whether the petitioner was ever amenable to a guilty plea, what steps, if any, trial counsel took to attempt to encourage the petitioner to consider a guilty plea or to obtain from the government a plea agreement to a sentence other than death, and whether the government ever made any plea offers. (Doc. 162)

Pursuant to the Court's order, on March 5, 2011, at 3:32 a.m., I received an email from Mr. Williams which stated: "attached is the last of the correspondence re: plea, this involving Honken. Had to have staff back in iowa pull this for me as I didn't have any of that file in DC." Attached to this email was a pdf file named "Honken only communications with opposing" which consisted of 87 pages of letters, notes, and internal memoranda. Included in this material were the three memoranda authored by AUSA Reinhert which are in evidence at Exh. 48, PLSP-000005-6, 000018, 000031, which are the subject of Court Claim 27 (Second Amended Motion Claim III)(Doc. 283, pp.136- 138).

For all of the reasons stated in the amended motion at page 136-138, I believe that the internal documents authored by Mr. Reinhert are *Brady* material that should have been disclosed at trial and earlier in post-conviction proceedings. I had no idea these memoranda existed until the government disclosed them and I am quite sure, based on my conversations with the trial team and my review of trial counsels ' files, that these memoranda were never disclosed at trial. I also believe based on my review of the dockets and transcripts in this case that both the trial team and the two post conviction teams exercised due diligence in seeking discovery from the government.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct.

Executed on August 19, 2011 at San Francisco, California.

   /s/Michael Burt

MICHAEL BURT

3