IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

ANGELA JOHNSON,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Petitioner/Defendant,　　　　　)　　　　No. C 09-3064-MWB
　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Respondent/Plaintiff.　　　　　)

## GOVERNMENT'S RESPONSE TO PETITIONER'S REPLY TO THE GOVERNMENT'S AMENDED ANSWER

On July 5, 2011, the government filed an amended answer to Petitioner's Second Amended Motion. Its answer was limited (as the Court authorized) to arguing 21 new claims did not relate back to claims in the original § 2255 motion. On the same day, the Court entered an order instructing Petitioner to file a brief, not exceeding 20 pages, "on whether or not claims challenged by the respondent 'relate back' to claims in the original § 2255 Motion." (Doc. 286, page 1).[1] Petitioner devoted 15 pages of her brief to arguing why the relation-back doctrine should not apply, and one paragraph to argue the 20-page limitation prevents her from explaining "claim-by-claim" how the new claims relate back to the original § 2255 motion. (Doc. 309, page 19). She says the Court should let it "suffice . . . to say that these broad claims are tied to the same core of operative facts," but is willing to provide a claim-by-claim analysis if the Court requests. (Id., at 19 n. 9). The government understood the Court's July 5, 2011, order did request it. Because Petitioner's brief is limited to whether the relation-back doctrine

---

[1] The same order limits the government to five pages in this response.

1

applies, however, the government's brief responds to that argument instead.

Petitioner begins by arguing only notice pleading is required in a § 2255 motion and the government's failure to move for a more definite statement constitutes a waiver to arguing new claims do not relate back. (Doc. 309, 2-5, citing Rule 8 of the Federal Rules of Civil Procedure). Rule 8 and the concept of notice pleadings do not apply to habeas motions because the rules require a habeas petitioner to set forth all the grounds for relief and to state the specific facts supporting each ground. Rule 2 of the Rules Governing §2255 Proceedings. See *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (emphasizing that Rule 8 does not apply to habeas pleadings).

Petitioner claims she failed timely to amend her motion because the Court's scheduling order permitted her to expand the record at the evidentiary hearing and "the parties" took this "stipulation" to mean that she could amend her motion. (Doc. 309, at 4, 6). The Court's August 14, 2009, scheduling order (01-CR-3046-MWB, Doc. 807) provided for an expansion of the record pursuant to Rule 7 of the Rules Governing § 2255 Proceedings. No reasonable attorney could understand it authorized Petitioner to file new claims almost two years after expiration of the statute of limitations. Moreover, Petitioner fails to cite portions of the hearing transcript which clearly indicate the parties did not understand the scheduling order authorized Petitioner to amend her motion to add new claims without showing they related back to the original § 2255 motion. (See Tr. 360, 1151-52, 1502, 3306, 3708). Finally, the very fact the Court authorized the government's amended answer to be limited to the relation-back doctrine and ordered the instant briefing on the issue belies Petitioner's argument that anyone understood the scheduling order meant the statute of limitations no longer applied to

Petitioner.

Petitioner cites Rule 15(a) of the Federal Rules of Civil Procedure, arguing she is entitled to equitable tolling because she mentioned in her first amended motion a desire to amend her motion to include additional claims "not presently known to her" and "uncovered in the course of discovery, investigation, and litigation" and have them "relate back to the date of the filing of the motion," and the government did not object to this language. (Doc. 309, pages 5-7, citing Rule 15(a)). She also argues Rule 15(b) allows her to amend her motion because the government had fair notice of the new claims when she presented evidence of them during the evidentiary hearing and did not always object. (Doc. 309, pages 7-11). As this Court has held:

> Rule 15 of the Federal Rules of Civil Procedure governs a motion to amend a § 2255 motion if it is made before the one-year limitation period for filing a § 2255 motion has expired. . . . In contrast, however, an *untimely* amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion if and only if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case.

*United States v. Ruiz-Ahumada*, 2006 WL 3050807, * 2 (N.D. Iowa 2006) (emphasis original) (unpublished) (internal quotation and citation omitted). Thus, the government did not need to object to the evidence relating to new claims during the evidentiary hearing, nor did it need to show prejudice like it would have if Petitioner's motion to amend occurred prior to the expiration of the time limit. Moreover, the government's silence in response to language in Petitioner's motion about what she hoped might occur if she discovered new claims in the future, and lack of objections during the hearing, cannot constitute a waiver by the government of its right to object to attempts

3

to amend her motion to add untimely new claims.  See *United States v. Hernandez*, 436 F.3d 851, 859 (8th Cir. 2006) (holding government did not waive statute of limitations argument because "there is an implied waiver of a defense or right only where a party's conduct is so consistent with and indicative of an intention to relinquish [the right or defense] and so clear and unequivocal that no other reasonable explanation of the conduct is possible.") (internal citations and quotations omitted).

Petitioner argues one new claim asserting a *Brady* violation was timely, pursuant to 28 U.S.C. § 2255(f)(4), because it was not reasonably discoverable until during the evidentiary hearing.  (Doc. 309, pages 11-12).  She goes on to argue, however, that if this one claim is timely, the motion as a whole is timely and therefore none of the new claims need to relate back to the original § 2255 motion.  (Doc. 309, pages 13-15).  In support, Petitioner cites *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003), and *Shuckra v. Armstrong*, 2003 WL 1562097 (D. Conn. 2003).  Petitioner acknowledges two other Circuits have rejected the so-called *Walker* analysis, citing *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007) and *Fielder v. Varner*, 379 F.3d 113 (3rd Cir. 2004).  (Doc. 309, page 13).  It appears Petitioner missed that the Ninth Circuit Court of Appeals has also found the *Walker* analysis was flawed.  See *Souliotes v. Evans*, 622 F.3d 1173, 1179-80 (9th Cir. 2010).  In addition, too many district courts to cite have similarly rejected the *Walker* analysis.  The court's reasoning in *Fielder* explains the faults in the *Walker* analysis far better than the government can do so here.  See *Fielder*, 379 F.3d at 117-22.  Moreover, *Walker* involved the question of when the clock began to run in relation to whether the original motion was timely filed, not whether untimely claims can be

4

added to an original motion that was timely filed.

Finally, Petitioner cites an old Fourth Circuit case for the proposition that relation back doctrine is liberally construed, and argues the broad, nonspecific claims of error she made in her original motion encompass all new claims. (Doc. 309, 16-20). First, Rule 2 required Petitioner to allege facts supporting each ground; broad assertions of ineffective assistance of counsel or other error are insufficient. See *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir.2010) ("The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim."). See also *Mandacina v. United States*, 328 F.3d 995, 1002-1003 (8th Cir. 2003) (finding each ineffective assistance of counsel claim must be viewed based on time and type of deficient performance alleged). Second, "Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intend for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts." *Ruiz-Ahumada*, 2006 WL 3050807, at * 3 (internal quotation and citation omitted).

Accordingly, the government asks the Court find Petitioner's 21 new claims are untimely because she failed to show they relate back to claims in her original motion.

<table>
<tr><td>

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on August 26, 2011.

UNITED STATES ATTORNEY

BY: s/ S. Van Weelden

COPIES TO: Counsel of Record

</td><td>

Respectfully submitted,

STEPHANIE M. ROSE
United States Attorney

By: s/ C.J. WILLIAMS

C.J. WILLIAMS
Assistant United States Attorney
401 First Street SE, Suite 400
Cedar Rapids, Iowa 52401
319-363-6333;Fax 319-363-1990
CJ.Williams@usdoj.gov

</td></tr>
</table>

5