## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

ANGELA JOHNSON,

               Petitioner,

vs.

UNITED STATES OF AMERICA,

               Respondent.

No. C 09-3064-MWB
(No. CR 01-3046-MWB)

Motion for Leave to File Over
Length Brief

———————————

Pursuant to the Local Rules of the United States District Courts for the Northern and Southern Districts of Iowa, Civil Rule LR 7, good cause existing, Petitioner moves for permission to file a court ordered post-hearing brief longer than the 100-page length limit proscribed originally by this Court on June 16, 2011 (H. Tr. 4577), and subsequently commented on by this Court on August 9, 2011 (H. Tr. 4932). In addition, pursuant to Civil Rule LR 7, Petitioner conferred in good faith with opposing counsel but counsel did not consent to any briefing over the page limit. The post-hearing brief which she wishes to file, which is __pages in length is electronically attached to this motion for leave. In support of her motion, petitioner states the following:

1. This Court pursuant to 18 U.S.C. § 3599 has appointed the undersigned counsel to represent Ms. Johnson in the investigation, preparation and litigation of her Corrected, Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. 26], which has since been amended [doc 263].

2. To date, the Court has held four hearings generating close to 5,000 pages of transcribed testimony. At those hearings, 56 witnesses have testified on Petitioner's behalf and 4 witnesses on Respondent's behalf. In addition, Petitioner has admitted into the record 142 exhibits consisting of 60,000 or more pages of documents and Respondent has admitted 66 exhibits consisting of 400 or more pages of documents.

3. On May 25, 2011, this Court set a deadline of September 30, 2011 for the filing of petitioner's post-hearing brief. No page limitation was set.

4. On June 16, 2011, the Court made a number of rulings and comments. First, the Court announced that it was going to change the briefing schedule and put a hundred page limitation on the post-hearing brief. (H. Tr. 4576-4577). The hundred-page limitation was specifically intended to get Ms. Johnson's counsel to prioritize the claims

(H.Tr. 4577). Second, the Court also indicated that although it was "not going to put any limits on what you brief", "I don't want or need any briefing on the guilt-phase issues....You're free to brief them. I'm just saying I don't feel I need it, and I don't want it. I'm obviously going to read and consider anything you file. But I'm just telling you what I need and want. I don't want any." (H.Tr. 4577). Third, the Court indicated that "I do want [briefing] on ineffective assistance of counsel with regard to mitigation..."(Id.) Fourth, the Court indicated "I'm also interested in claim 3 [Court Claim 27]."(Id., 4580) Fifth, the Court indicated that "I have some mild interest in claim 4...[Court Claim 28]" (Id., 4580) Lastly, the Court raised an issue with respect to claim 10 [Court Claim 56], stating "[a]nd on your claim 10 issues, aren't all of those precipitous? " (Id.) As the Court is aware, petitioner's mitigation claim is multi-faceted, involving 29 subclaims, all of which are factually and legally complex, as are the other claims that the Court has expressed an interest in.

5. On June 17, 2011, the Court entered a modified briefing schedule which required petitioner to file her post-hearing brief by September 1, 2011, and ordered that the brief shall not exceed 100 pages. Oral argument on the motion was set for October 24, 2011. [Doc. 279][1]

6. On August 9, 2011, the Court indicated that it was having qualms about setting a page limitation in a capital case. (H.Tr. 4932). The Court said: "I've never put a limit, and it seems odd that I would do it in a death penalty case." (Id.) The Court also said that "maybe the time frame should be the limiting factor. But I don't want a 500-page brief." (Id.). The Court asked Mr. Williams whether he "would have a problem if I just put no page limitation on it." (H.Tr. 4934). The goverrnment indicated that it preferred the approach suggested by the defense, which was that they would work on the brief and if they needed additional pages they would request such in a motion for leave to file an oversized brief. (Id.)

---

[1] At the hearing on June 17, 2011, Mr. Burt informed the Court that the October 24, 2011 oral argument date conflicted with one of his cases that was scheduled for trial on September 26, 2011. See, *United States v. Ablett*, No. CR 09-00749 (N.D. Ca.), Doc. 90 [May 4, 2011][ Scheduling Order setting September 26, 2011 as trial date]. The Court indicated: Why don't you just keep us post on that...And if you are going to have a conflict, just let us know, and we'll try and find another time." (H. Tr. 4595-4598) Pursuant to the Court's directive, Mr. Burt is hereby advsing the Court that jury selection in the Ablett case is set to begin on September 30, 2011, and that the case in all likelihood will proceed to trial and will probably not be complete until sometime in early November.

7. As indicated above, the Court's purpose in setting a page limit was to get Ms. Johnson's counsel to prioritize the claims (H.Tr. 4577). This goal conflicts somewhat with counsel's ethical and professional responsibilities in this capital case because the American Bar Association's <u>Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases </u>(revised 2003) mandate in Guideline 11.9.3 that "[p]ostconviction counsel should seek to present to the appropriate court or courts *all* arguably meritorious issues including challenges to overly restrictive rules governing postconviction proceedings." Nevertheless, counsel is sensitive to the Court's concerns and they have worked long and hard to prioritize Ms, Johnson's claims in the attached brief.

8. The attached post-hearing brief therefore focuses exclusively on those penalty phase claims that the Court has expressed an interest in, although in line with the Court's ruling that there are no limits on the claims that can be briefed , there is also a  discussion of one additional claim (the plea claim), that petitioner believes is worthy of the Court's attention. All guilt phase claims and some penalty phase claims have been eliminated from the brief. The problem remains that the claims that are briefed are all factually driven as well as legally complex and they therefore could not be briefed within the hundred page limit. Counsel explored a variety of options to shorten the brief, such as removing all factual discussion and incorporating by reference from the second amended motion filed on June 1, 2011. The problem with that approach was that a lot has happened factually in this case since June 1, 2011 and counsel felt strongly that the effectiveness of the brief would be compromised by asking the Court to incorporate by reference from various pleadings and documents in the record. The bottom line is that s. Johnson's life depends on the ability of her counsel to persuade this Court of the merits of her claims. They may be her last chance, and she wants to assist the Court in every way possible in this very complex case.

9. For all of these reasons, she asks that the attached brief be filed.


Dated:   September 1, 2011                          Respectfully submitted,

Michael Burt
Law Office of Michael Burt
600 Townsend Street, Suite 329E
San Francisco, California  94103
Telephone:  415-522-1508
Facsimile:  415-522-1506
michael.burt@prodigy.net

Marcia A. Morrissey
Law Office of Marcia A. Morrissey
2115 Main Street
Santa Monica, California 90405
Telephone: 310-399-3259
Facsimile: 310-399-1173
MorrisseyMA@aol.com

By:  /s/ Marcia A. Morrissey
     Marcia A. Morrissey

<u>**PROOF OF SERVICE**</u>

STATE OF CALIFORNIA ) 
) ss. 
COUNTY OF SAN FRANCISCO )

I am over the age of 18 and not a party to the within action; my business address is 600 Townsend Street, Suite 329-E San Francisco, California 94103.

I hereby certify that on September 1, 2011, I electronically filed the foregoing motion with the Clerk of the Court for the United States District Court for the Northern District of Iowat by using the court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Executed on September 1, 2011 at San Francisco, California.

s/Michael Burt
MICHAEL BURT
*Attorney for Petitioner*

5