# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

ANGELA JOHNSON,      *

     *

       Petitioner,      *

     *        No. C 09-3064-MWB

v.      *        CAPITAL CASE

     *

UNITED STATES OF AMERICA,      *

     *

       Respondent      *

## MOTION TO AMEND SECOND AMENDED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2) and (c) AND LOCAL RULE 15

Petitioner, by court-appointed counsel, Michael Burt, and Marcia Morrissey, moves the Court for an order allowing her to amend her Second Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Doc. 263] pursuant to Federal Rule of Civil Procedure 15(a)(2) and (c) and Local Rule 15. Pursuant to the Local Rules, the proposed amendment is electronically attached hereto as Exhibit A. Pursuant to local Rule 7(l), undersigned counsel represents that on October 21, 2011, he conferred in good faith with Assistant United States Attorney C.J. Williams who indicated he opposed the motion.

The attached proposed Third Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is identical to the

1

second Amended Motion [Doc. 263], except a new claim Twelve has been added. Claim Twelve is as follows:

> Ms. Johnson Was Constitutionally Entitled To Have Her Penalty Jury Instructed That The Reasonable Doubt Standard Governed Their Decision Whether Aggravating Factors Sufficiently Outweighed Mitigating Factors And To The Extent That This Claim Cannot Now Be Considered Because Trail Or Appellate Counsel Should Have Raised The Claim, They Were Constitutionally Ineffective For Failing To Do So

This claim is being raised at this time because on August 3, 2011, in *United States v. Gabrion*, 648 F. 3d 307, 325 (6th Cir. 2011) the Sixth Circuit became the first federal court in the country to hold that "a jury's finding that the aggravating factors outweigh the mitigating factors is an element of the death penalty and must be found beyond a reasonable doubt, the same standard constitutionality required for all other findings of fact and mixed questions of law and fact." The court also held that the district court's error in refusing to deliver a reasonable doubt instruction to a jury in a criminal case was a structural error not susceptible to harmless error analysis." (Id. at 329)

For the reasons more fully set forth in its Memorandum in Support of this Motion, the Petitioner respectfully moves that the Court allow her to amend her Second Amended Motion by filing the attached Third Amended Motion.

2

DATED this 21st day of October, 2011.

Respectfully submitted,

By: s/Michael Burt

Michael Burt
Law Office of Michael Burt
600 Townsend Street, Suite 329E
San Francisco, California 94103
Telephone: 415- 522-1508
Facsimile: 415- 522-1506
michael.burt@prodigy.net


Marcia Morrissey
Law Office of Marcia Morrissey
2115 Main Street
Santa Monica, California 90405-2215
Telephone: 310-399-3259
Facsimile: 310-399-1173
MorrisseyMA@aol.com

3

# PROOF OF SERVICE

STATE OF CALIFORNIA   )

           )   ss.

COUNTY OF SAN FRANCISCO )

  I am over the age of 18 and not a party to the within action; my business address is 600 Townsend Street, Suite 329-E San Francisco, California 94103.

  I hereby certify that on October 21, 2011, I electronically filed the foregoing motion with the Clerk of the Court for the United States District Court for the Northern District of Iowa by using the court's CM/ECF system.

  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

  I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.


  Executed on October 21, 2011 at San Francisco, California.


           s/Michael Burt

           MICHAEL BURT
           *Attorney for Petitioner*

4