# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

ANGELA JOHNSON,           *
                             *

      Petitioner,       *

                             *      **No. C 09-3064-MWB**

v.                        *      **CAPITAL CASE**

                             *

UNITED STATES OF AMERICA,  *

                             *

      Respondent     *

## MEMORANDUM IN SUPPORT OF MOTION TO AMEND SECOND AMENDED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2) and (c) AND LOCAL RULE 15

### I. Introduction

On August 3, 2011, in *United States v. Gabrion*, 648 F. 3d 307, 325 (6th Cir. 2011), the Sixth Circuit became the first federal court in the country to hold that "a jury's finding that the aggravating factors outweigh the mitigating factors is an element of the death penalty and must be found beyond a reasonable doubt, the same standard constitutionality required for all other findings of fact and mixed questions of law and fact." The court also held that the district court's error in refusing to deliver a reasonable doubt instruction to a jury in a federal capital case was a structural error not susceptible to harmless error analysis." (Id. at 329). A petition for rehearing *en banc* was filed by the

1

United States on September 16, 2011. See, Doc. 006111075216, <u>United States v, Gibrion</u>, Nos. 02-1386/1461/1570 . That petition is still pending.

If the decision in *Gibrion* withstands the *en banc* review process, a circuit split will be created which no doubt will ultimately be resolved by the United States Supreme Court. The reasonable doubt instruction mandated by *Gibrion* was not given in this case. Neither trial counsel nor appellate counsel raised the issue. At least at the time of the appeal in this case, binding Circuit precedent precluded the claim. *United States v. Purkey*, 428 F. 3d 738, 763 (8th Cir. 2005).

Because of the obvious importance of the issue to her and in order to preserve her right to raise such a fundamental issue in the future, Ms. Johnson brings the present motion to amend her <u>Second Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody</u> [Doc. 263] pursuant to Federal Rule of Civil Procedure 15(a)(2) and (c) and Local Rule 15. Pursuant to the Local Rules, the proposed amendment is electronically attached hereto as Exhibit A.

The attached proposed <u>Third Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody </u>is identical to the second Amended Motion [Doc. 263], except a new claim Twelve has been added. Claim Twelve is as follows:

> Ms. Johnson Was Constitutionally Entitled To Have
> Her Penalty Jury Instructed That The Reasonable Doubt
> Standard Governed Their Decision Whether Aggravating

Case 3:09-cv-03064-MWB-LTS     Document 339-1     Filed 10/21/11     Page 2 of 10

Factors Sufficiently Outweighed Mitigating Factors And To The Extent That This Claim Cannot Now Be Considered Because Trail Or Appellate Counsel Should Have Raised The Claim, They Were Constitutionally Ineffective For Failing To Do So

Ms. Johnson realizes that this motion to amend comes late in the litigation of this case and will probably be looked upon with disfavor. However, Eighth Circuit precedent dictates that for Ms. Johnson to have any chance in the future to raise this claim in a separate petition for writ of habeas corpus under 28 U.S. C. § 2241 she must first seek to amend her present 2255 motion to add her claim Twelve. See, *Abdullah v. Hedrick*, 392 F. 3d 957 (8th Cir. 2005).

This Court knows that Ms. Johnson's very life is at stake in these proceedings. Given the stakes, she asks the Court for all of the reasons discussed below to permit the proposed amendment and allow her to litigate her new claim in her present 2255 case so that she is afforded the same procedural and fundamental rights in her case that Mr, Gibrion was afforded in his case. See generally, *Moore v. Balkcom*, 716 F.2d 1511, 1526 (11th Cir. 1983) ("Certainly in a capital case, the district court should be particularly favorably disposed toward a petitioner's motion to amend.") See also, *Williams v. Lockhart*, 849 F.2d 1134, 1139-40 (8th Cir. 1988) (ordering district court to grant leave to amend because petitioner may be foreclosed from raising new claim in subsequent petition, and justice requires amendment); *United States v. Johnson*, 378 F.Supp.2d 1041. 1049 (N.D.Iowa 2005)("The court finds that, in this death-penalty case,

in light of the closeness of the question, it is better to err on the side of [an interpretation of a law that favors the defendant Ms. Johnson]")

**II. Argument**

**A. Rule 15(a)(2): "The court should freely give leave when justice so requires."**

Rule 15(a)(2) governs amendments before trial and provides in pertinent part that a party may amend its pleading once as a matter of course within 21 days after serving it, and that " [i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

While Rule(a)(2) technically involves pretrial amendments, in a comprehensive opinion in which this Court allowed a post-trial amendment of a complaint in a civil case after the jury had returned its verdict , the Court in *Baker v. John Morrell & Co.*, 266 F.Supp.2d 909, 916-917 (N.D.Iowa 2003, aff'd, 382 F. 3d 816 (8th Cir. 2004), begins its analysis of plaintiff's motion to amend with the observation that the Court "must resolve this motion by looking at a combination of Rules, including Rules 8, 15, and 54(c), to determine whether [the] request to add parallel state-law claims is appropriate in this novel set of circumstances." See also, *Baker v. John Morrell & Co.*, 382 F. 3d 816, 832 (8th Cir. 2004)(district court did not abuse discretion in allowing post-

trial amendment where the party opposing amendment "failed to present any evidence [of prejudice]... aside from [his] bare assertion [of it].")

In a habeas or § 2255 case, as pointed out in Liebman and Hertz, 1 <u>Federal Habeas Corpus Practice and Procedure</u> (2011) § 17.2:

> A need for amendment typically ...arises when new claims become available for the first time after the petitioner files the federal petition. Generally, the courts have freely permitted amendment to add claims in such a situation, particularly in capital cases, a practice that accommodates the petitioner's need to present all claims in the first petition and thereby avoid the more restrictive standards that govern successive petitions and also reflects the judicial system's interest in avoiding piecemeal litigation of a single petitioner's claims and Civil Rule 15(a)'s general policy of liberal amendment (incorporated into habeas corpus practice by Habeas Rule 12.

For the reason stated by Liebman and Hertz, Mr. Johnson asks this Court to allow the present amendment under Rule 15(a)(2) because " justice so requires."

**B. The One Year Statute of Limitations Does Not Bar The Amendment**

Ms. Johnson has extensively briefed statute of limitation issues in this case in her Reply To Government's Amended Answer [doc. 309], incorporated herein by reference. As she there demonstrates at pages 11-14, because a *Brady* claim in this case did not ripen untel March 5, 2011, the statute of limitations in this case does not run until one year thereafter.

Alternatively, Ms. Johnson is entitled to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir.2006). In regard to the second element of equitable tolling, a petitioner must establish that "extraordinary circumstances external to the petitioner" stood in his way. *Riddle v. Kenna*, 523 F. 3d 850, 857 (8th Cir. 2008) Since the basis for the present claim did not exist until the decision in Gibrion, both requirements for equitable tolling have been satisfied. See, *Riddle v. Kenna*, 523 F. 3d 850, 857 (8th Cir. 2008)("The abrogation of an en banc precedent is an extraordinary circumstance, external to Riddle and not attributable to him."); *E.J.R.E v. United States*, 453 F.3d 1094, 1098 (8th Cir.2006) (assuming arguendo that a later decision of this court could constitute an extraordinary circumstance justifying equitable tolling for a federal habeas petitioner under 28 U.S.C. § 2255).

### C. Cause and Prejudice

The new claim has not been procedurally defaulted on the ground that it could or should have been raised at trial or on direct appeal. Under *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), any procedural default is excused where there is a showing of both "cause" and "prejudice". Here, there is both. See, *Coleman v. Thompson*, 501 U.S. 722, 753 ("[A] showing that the ...legal basis for a claim was not reasonably available to counsel...would constitute cause" for failure to

6

raise the claim); *Dalton v. United States*, 862 F.2d 1307, 1310 (8th Cir. 1988)(cause was established for failing to raise an instructional claim at trial because "[a]t the time of her conviction, every federal court of appeals to consider the issue, including our Court, had approved the [instruction].); *English v. United States*, 42 F.3d 473, 479 (9th Cir. 1994) (movants "did not commit a procedural default by failing to raise their claims on direct appeal" because controlling circuit precedent squarely rejected the claim and so the attempt to raise it "would have been futile".).

In this case, not a single federal district court or circuit court had credited the claim now being advanced, and the Eighth Circuit had explicitly rejected it. See, *United States v. Purkey*, 428 F. 3d 738 (8th Cir. 2005) As was held in *Dalton*, "[u]nder these circumstances, a petitioner for postconviction relief has cause ...for failing to raise a claim 'for which there was no reasonable basis in existing law.'" 862 F.2d at 1310. Cf., *Watters v. Hubbard*, 725 F.2d 381 (6th Cir.), cert. denied, 469 U.S. 837, 105 S.Ct. 133, 83 L.Ed.2d 74 (1984) (failure to establish cause because federal circuit court decisions had recognized the claim).

Alternatively, if trial or appellate counsel should have raised the instructional claim, then Ms. Johnson was deprived of the effective assistance of both trial and appellate counsel, which also constitutes cause. See, *Pickens v. Lockhart*, 714 F.2d 1455,1468 (8th Cir. 1983)("Because Pickens received ineffective assistance of

7

counsel at his trial [when counsel failed to object to a defective penalty phase instruction] we think he has shown cause for not earlier raising his constitutional claim.").

There is also clear "prejudice" within the meaning of *Frady* because the failure to instruct on the reasonable doubt standard applicable to the weighing process is a structural constitutional error. Ms. Johnson has thus shown " not merely that the errors at [her] trial created a *possibility* of prejudice, but that they worked to [her] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*,   456 U.S. at 170, 102 S.Ct. at 1596 (emphasis in original). Alternatively, her trail and appellate's ineffectiveness have prejudiced her. See, *Pickens v. Lockhart*, 714 F.2d 1455,1468.

### D. " Second or Successive" Petition

The proposed amendment does not constitute a " second or successive" petition which requires preauthorization from the court of appeals " under 28 U.S. C. § 2255(h). " 'Second or successive' is a term of art and not every habeas petition that is second in time requires preauthorization. *Crouch v. Norris*, 251 F.3d 720, 723–25 (8th Cir.2001). Where a claimant could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining our authorization. *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir.2003)." *Williams v. Hobbs*, __F. 3d __, 2011 WL 4634227 * 9 (8th Cir. October 7, 2011).

### E. Conclusion

For all of the foregoing reasons, this Court should enter an order allowing Ms. Johnson to amend her <u>Second Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody</u> [Doc. 263] and permitting her to file the attached proposed amendment pursuant to Federal Rule of Civil Procedure 15(a)(2) and (c) and Local Rule 15.

DATED this 21st day of October, 2011.

Respectfully submitted,

By: <u>s/Michael Burt</u>

Michael Burt
Law Office of Michael Burt
600 Townsend Street, Suite 329E
San Francisco, California 94103
Telephone: 415- 522-1508
Facsimile: 415- 522-1506
michael.burt@prodigy.net

Marcia Morrissey
Law Office of Marcia Morrissey
2115 Main Street
Santa Monica, California 90405-2215
Telephone: 310-399-3259
Facsimile: 310-399-1173
MorrisseyMA@aol.com

9

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )

                         )       ss.

COUNTY OF SAN FRANCISCO)

I am over the age of 18 and not a party to the within action; my business address is 600 Townsend Street, Suite 329-E San Francisco, California 94103.

I hereby certify that on October 21, 2011, I electronically filed the foregoing motion with the Clerk of the Court for the United States District Court for the Northern District of Iowat by using the court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Executed on October 21 , 2011 at San Francisco, California.

s/Michael Burt

MICHAEL BURT
*Attorney for Petitioner*

10