**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **ANGELA JOHNSON,** | **No. C 09-3064-MWB** |
| **Petitioner,** | **(No. CR 01-3046-MWB)** |
| **vs.** | |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

_____

**PETITIONER'S BRIEF ON CUMULATIVE**
**ERROR IN THE EIGHTH CIRCUIT**

Michael Burt
Law Office of Michael Burt
600 Townsend Street, Suite 329E
San Francisco, California   94103
415-522-1508 (tel.)
415-522-1506 (fax)
Michael.Burt@prodigy.net

Marcia A. Morrissey
Attorney at Law
2115 Main Street
Santa Monica, California  90405
310-399-3259 (tel.)
310-399-1173 (fax)
MorrisseyMA@aol.com

November 7, 2011
Santa Monica, California

**TABLE OF CONTENTS**

**Page No.**

I.    Introduction.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   Relevant Supreme Court Law.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  The Evolution of the Eighth Circuit Cumulative Error
      Rule in Habeas Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

      A.    *Harris v. Housewright.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

      B.    *Strickland v. Washington* and Overruling of
            *Harris v. Housewright.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

      C.    Post-*Girtman* Cumulative Error Cases.. . . . . . . . . . . . . . . . . . . . . . . 17

IV.   The Limits of the Eighth Circuit Cumulative Prejudice Rule. . . . . . . . . . . . . . . . 22

V.    Application of the Eighth Circuit Cumulative Error Rule to
      this Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

VI.   Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

i

## TABLE OF AUTHORITIES

### FEDERAL CASES

**Page No.**

*Albrecht v. Horn*,
485 F.3d 103 (3rd Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Becker v. Luebbers*,
578 F.3d 907 (8th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

*Brecht v. Abrahamson*,
507 U.S. 619, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993).. . . . . . . . . . . . 12, 13, 22

*Byrd v. Armontrout*,
880 F.2d 1 (8th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18

*Cargle v. Mullin*,
317 F.3d 1196 (10th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 14

*Chambers v. Mississippi*,
410 U.S. 284, 93 S. Ct. 1038 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Chapman v.California*,
386 U.S. 18 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Combs v. Coyle*,
205 F.3d 269 (6th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cooley v. Lockhart*,
839 F.2d 431 (8th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Danforth v. Minnesota*,
552 U.S. 264. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Depew v. Anderson*,
311 F.3d 742 (6th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Derden v. McNeel*,
978 F.2d 1453 (5th Cir.1992).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 17

*Fahy v. Horn*,
516 F.3d 169 (3rd Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Ferensic v. Birkett*,
501 F.3d 469 (6th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Fink v. Lockhart*,
823 F.2d 204. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Fisher v. Angelone*,
163 F.3d 835 (4th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Case 3:09-cv-03064-MWB-LTS    Document 345    Filed 11/07/11    Page 3 of 33

*Girtman v. Lockhart,*
    942 F.2d 468 (8th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17, 18

*Goodman v. Bertrand,*
    467 F.3d 1022 (7th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gordon v. United States,*
    518 F.3d 1291 (11th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Greer v. Miller,*
    482 U.S. 756 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Griffin v. Delo,*
    33 F.3d 895 (8th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Hall v. Luebbers,*
    296 F.3d 685 (8th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 21

*Harris v. Housewright,*
    697 F.2d 202 (8th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Harris v. Wood,*
    64 F.3d 1432 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hobbs v. Lockhart,*
    791 F.2d 125 (8th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Karis v. Calderon,*
    283 F.3d 1117 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Killian v. Poole,*
    282 F.3d 1204 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Kimmelman v. Morrison,*
    477 U.S. 365 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Knight v. Spencer,*
    447 F.3d 6 (1st Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Kotteakos v. United States,*
    328 U.S. 750 (1946). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kubat v. Thieret,*
    867 F.2d 351 (7th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kyles v. Whitley,*
    514 U.S. 419, 115 S. Ct. 1555 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lee v. Lockhart,*
    754 F.2d 277 (8th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

iii

*Lindstadt v. Keane*,
239 F.3d 191 (2nd Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Marshall v. Hendricks*,
307 F.3d 36 (3rd Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*McQueen v. Swenson*,
498 F.2d 207 (8th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Middleton v. Roper*,
455 F.3d at 851 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 22

*Miller v. Anderson*,
255 F.3d 455 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Moore v. Johnson*,
194 F.3d 586 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Murray v. Carrier*,
477 U.S. 478 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Niziolek v. Ashe*,
694 F.2d 282 (1st Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*O'Neal v. McAninch*,
513 U.S. 432, 115 S. Ct. 992, 130 L. Ed. 2d 947 (1995) . . . . . . . . . . . . . . . . . 24

*Parle v. Runnels*,
505 F.3d 922 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Pavel v. Hollins*,
261 F.3d 210 (2nd Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 17

*Paxton v. Ward*,
199 F.3d 1197 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Porter v. McCollum,     U.S.   ,*
130 S. Ct. 447, 175 L. Ed. 2d 398 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Pursell v. Horn*,
187 F. Supp. 2d 260 (W.D.Pa.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rodriguez v. Hoke*,
928 F.2d 534 (2nd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Scott v. Jones*,
915 F.2d 1188 (8th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 19, 22

*Smith v. Murray*,
477 U.S. 527 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stewart v. Wolfenbarger*,
468 F.3d 338 (6th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Stomner v. Kolb*,
903 F.3d 1123 (7th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Strickland v. Washington*,
466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1987). . . . 2, 3, 4, 5, 6, 14, 16, 23

*Taylor v. Kentucky*,
436 U.S. 478, 98 S. Ct. 1930, 56 L. Ed. 2d 468 (1978). . . . . . . . . . . . . . . . . 7, 8, 9

*Tyler v. Wyrick*,
635 F.2d 752 (8th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Allen*,
269 F.3d 842 (7th Cir.2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Baker*,
432 F.3d 1189 (11th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Birdsell*,
775 F.2d 645 (5th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Brown*,
528 F.3d 1030 (8th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Copple*,
24 F.3d 535 (3d Cir.1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Cronic*,
466 U.S. 648 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Eizember*,
485 F.3d 400 (8th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Frady*,
456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). . . . . . . . . . . . . . . . . 13

*United States v. Hernandez*,
227 F.3d 686 (6th Cir.2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Holmes*,
413 F.3d 770 (8th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Jewell*,
614 F.3d 911 (8th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

v

*United States v. LaFuente,*
    54 F.3d 457 (8th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Lighty,*
    616 F.3d 321 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Lisa M. Montgomery,*
    635 F.3d 1074 (. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Necoechea,*
    986 F.2d 1273 (9th Cir.1993).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Randall,*
    __ F.3d __, 2011 WL. 5148862 (10th Cir. November 1, 2011). . . . . . . . . . . . . . 10

*United States v. Riddle,*
    193 F.3d 995 (8th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Rivera,*
    900 F.2d 1462 (10th Cir.1990).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 18

*United States v. Robertson,*
    606 F.3d 943 (8th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Robinson,*
    301 F.3d 923 (8th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Rodriguez,*
    581 F.3d 775 (8th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Salameh,*
    152 F.3d 88 (2nd Cir. 1998).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Samples,*
    456 F.3d 875 (8th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Sepulveda,*
    15 F.3d 1161 (1st Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Stewart,*
    20 F.3d 911 (8th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Vincent v. Seabold,*
    226 F.3d 681 (6th Cir. 2000),.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Wainwright v. Lockhart,*
    80 F.3d 1226 (8th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Wainwright v. Lockhart,*
    80 F.3d 1226 (8th Cir.1996).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 21

vi

*Washington v. Smith*,
219 F.3d 620 (7th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Wharton-El v. Nix*,
38 F.3d 372 (8th Cir. 1994),.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Wiggins v. Smith*,
539 U.S. 510 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 22

*Williams v. Taylor*,
529 U.S. 362 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 22

*Williams v. Washington*,
59 F.3d 673 (7th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Wilson v. Sirmon*,
536 F.3d 1064 (10th Cir. 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Wong v. Belmontes*,
130 S. Ct. at 383. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wong v. Belmontes*,
__ U.S. __, 130S.Ct. 383, 175 L. Ed. 2d 325 (2009).. . . . . . . . . . . . . . . . . . 2

*Woods v. Dugger*,
923 F.2d 1454 (11th Cir.1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Worthington v. Roper*,
631 F.3d 487 (8th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 21

**STATE CASES**

*Mata v. State*,
141 S.W.3d 858 (Tex. App. 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*People v. Briones*,
816 N.E.2d 1120 (Ill. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*State v. Gunsby*,
670 So. 2d 920 (Fla. 1996).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*State v. Thiel*,
665 N.W.2d 305 (Wis. 2003).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Petitioner Angela Johnson, by her counsel, submit the following brief regarding cumulative error in the Eighth Circuit, pursuant to the Court's order of October 24, 2011 [Doc. 343].

## I.    Introduction

In her <u>Second Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody</u> [Doc. 263], Ms. Johnson presented the Court with eleven discrete claims for relief. Claim One was that Ms. Johnson was denied her Sixth Amendment right to the effective assistance of counsel. Under this one broad claim, Ms. Johnson asserted that either her trial or appellate counsel failed her in thirty five areas, set forth in her motion under headings A-II. Heading JJ alleged that "[e]ach of the above-described claims of constitutional error based on ineffective assistance of counsel stand on their own and independently require relief. However, should this Court find error but believe that individually the claims do not merit relief, the Court should consider the cumulative impact of the constitutional violations. Petitioner alleges that the cumulative impact of the errors and omissions by trial counsel requires a new trial and sentencing hearing. " [Doc. 263, pp. ii-v, 133-134].

Claims Two through Four were grounded in trial errors other than ineffective assistance of counsel, as follows: Claim Two (false testimony); Claim Three (*Brady*), Claim Four (inconsistent arguments), Claim Five (competency and demeanor), Claim Six (juror misconduct). Claim Seven alleged that "as a result of the errors described in this motion, considered individually and considered cumulatively, Angela Johnson was denied a trial that comports with her rights under the Fifth, Sixth and Eighth Amendments." [Doc. 263, p. 146-147].

Claims Eight through Eleven raised more general attacks on Ms. Johnson's death sentence, as follows: Claim Eight (heightened standard of proof), Claim Nine (Eighth

1

Amendment precludes execution of the mentally ill), Claim Ten (lethal injection), and Claim Eleven (unconstitutionality of the death penalty).

Based on the claims that she pled, Ms. Johnson sees the topic of cumulative error as raising two separate issues. First, can and should the Court consider the prejudice arising from several individual errors of defense counsel in the aggregate in assessing prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1987) and its progeny ? Second, can and should the Court consider the cumulative prejudice arising from all the errors alleged in the motion to vacate in assessing whether Ms. Johnson was denied her right to a fair trial under the Fifth, Sixth and Eighth Amendments ? The focus of this brief will be on answering these two questions, first by surveying relevant Supreme Court law and then by assessing the law in the Eighth Circuit.

## II.    Relevant Supreme Court Law

It is crystal clear that *Strickland* itself and subsequent ineffectiveness of counsel cases from the United States Supreme Court command courts to consider the prejudice arising from several individual errors of defense counsel in the aggregate in assessing prejudice.  *Strickland*, 466 U.S. at 695-696;  *Williams v. Taylor*, 529 U.S. 362, 397-398 (2000);  *Wiggins v. Smith*, 539 U.S. 510, 536 (2003); *Wong v. Belmontes*, __ U.S. __130 S.Ct. 383, 386, 175 L.Ed.2d 328 (2009); *Porter v. McCollum*, __U.S.__, 130 S. Ct. 447, 453-454, 175 L. Ed. 2d 398 (2009).

In discussing the appropriate prejudice inquiry, the opinion in *Strickland* refers at least ten times to the "errors" of counsel.  *Strickland v. Washington*, 466 U.S. 668, 694-696 (1984).  For instance, the court noted that the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  This was no accident.  *Strickland* represents the promise that, through the assistance of counsel, an accused will receive a

2

"fair trial, a trial whose result is reliable." Id. at 687. A standard intended to guarantee the ultimate reliability of the outcome cannot achieve its purpose unless a reviewing court is obliged to weigh the collective impact of all of counsel's errors. This interpretation of *Strickland* has been endorsed by virtually every federal and state court that has addressed this issue, including the Eighth Circuit. See, *Worthington v. Roper*, 631 F.3d 487, 506 n. 12 (8th Cir. 2011)("To be sure, 'it is necessary to consider *all* the relevant evidence that the [factfinder] would have had before it if [counsel] had pursued the different path.'") (quoting *Belmontes*) (emphasis in original). [1]

---

[1]     See also, *Stewart v. Wolfenbarger*, 468 F.3d 338, 361 (6th Cir. 2006); *Cargle v. Mullin*, 317 F.3d 1196, 1206-1207, 1220, 1224-1225 (10th Cir. 2003); *Marshall v. Hendricks*, 307 F.3d 36, 62-63 (3rd Cir. 2002); *Karis v. Calderon*, 283 F.3d 1117, 1132 (9th Cir. 2002);  *Pavel v. Hollins*, 261 F.3d 210, 216 (2nd Cir. 2001); *Miller v. Anderson*, 255 F.3d 455, 459 (7th Cir. 2001) (Posner, J.); *Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000);  *Lindstadt v. Keane*, 239 F.3d 191, 194, 198-199 (2nd Cir. 2001); *Washington v. Smith*, 219 F.3d 620 (7th Cir. 2000);  *Moore v. Johnson*, 194 F.3d 586 (5th Cir. 1999); *Harris v. Wood*, 64 F. 3d 1432, 1439 (9th Cir. 1995); *Kubat v. Thieret*, 867 F.2d 351, 370 (7th Cir. 1989)("*Strickland* clearly allows the court to consider the cumulative effect of counsel's errors in determining whether a defendant was prejudiced.");  *State v. Gunsby*, 670 So. 2d 920 (Fla. 1996); *People v. Briones*, 816 N.E.2d 1120 (Ill. App. 2004); *Mata v. State*, 141 S.W.3d 858 (Tex. App. 2004); *State v. Thiel*, 665 N.W.2d 305 (Wis. 2003).

Citing just one of these cases,  *Harris v. Wood*, 64 F. 3d 1432, 1439 (9th Cir. 1995), the 2255 petitioner in *United States v. Kamerud*, 2008 WL 4280372 * 26 (N.D.Iowa 2008) argued to this Court that a cumulative prejudice analysis should be applied to a multi-faceted *Strickland* claim. Without benefit of the Eighth Circuit's recent decision in *Worthington v. Roper*, supra, or the extended analysis of the issue set forth in the present brief, this Court nevertheless correctly zeroed in on the language of *Strickland* quoted above and concluded in that case that

> Prejudice requires the defendants to prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Certainly the defendants have proven that their counsel could have done more, but the court does not find that any deficiencies in their representation cumulatively left the defendants with a "fundamentally unfair"trial.  Id. at 700. Thus, the

3

In articulating the familiar two-prong standard for assessing claims of ineffective assistance of counsel, the court in *Strickland* held that: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. at 687.

The court in *Strickland* also held that "[e]ven if the defendant shows that particular errors of counsel were unreasonable, . . . the defendant must show that they actually had an adverse effect on the defense." Id. at 693. The court in *Strickland* also stated that "The result of the proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." Id. at 694. Thus, to meet the *Strickland* prejudice test, the court held that "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.

The court in *Strickland* also stated that "in any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." 466 U.S. at 688. In making the prejudice determination, *Strickland* requires that "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695.

Two years later, the Supreme Court, in elaborating upon the analysis required by *Strickland*, stated that "[i]t will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the

court overrules Brett's objection and rejects his argument for cumulative prejudice.

4

'identified acts or omissions' overcome the presumption that counsel has rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).

In *Wong v. Belmontes*, 130 S.Ct. at 383, the Court concluded that in evaluating prejudice under *Strickland*, "it is necessary to consider *all* the relevant evidence" including "the entire body of mitigating evidence (including the additional testimony [counsel] could have presented) against the entire body of aggravating evidence necessary to consider.")(emphasis in original).

Again, in *Porter v. McCollum*, 130 S. Ct. at 453-454, the Court concluded that to assess the probability of prejudice under *Strickland*, a court must consider "the totality of the available mitigation-both that adduced at trial, and the evidence adduced in the habeas proceedings'-and 'reweigh it against the evidence in aggravation." See also, *Williams v. Taylor*, 529 U.S. 362, 397-398 (2000); *Wiggins v. Smith*, 539 U.S. 510, 536 (2003)

It is, therefore, clear from *Strickland'*s repeated references to counsel's performance; to the breakdown of the adversarial process; to the totality of the circumstances; to the reliability of the trial's result; to trial counsel's representation; to counsel's errors in the plural; and to subsequent interpretations of that opinion , that the *Strickland* decision intended that counsel's errors were to be considered cumulatively when determining whether counsel's overall performance was deficient and whether this deficient performance prejudiced the defendant.

Moreover, by stating that the right to effective assistance of counsel "may in a particular case be violated by even an isolated error of counsel, if that error is sufficiently egregious and prejudicial," *Murray v. Carrier*, 477 U.S. 478, 496 (1986), the Supreme Court has made it unmistakably clear that in most cases counsel's ineffectiveness will be based upon the cumulative effect of multiple errors. See also *Smith v. Murray*, 477 U.S. 527, 535 (1986); *United States v. Cronic*, 466 U.S. 648, 657, n.20 (1984). In fact, courts have recognized that the case in which ineffective assistance arises from only a single

5

error as opposed to multiple errors is the exception to the rule.  See, e.g., *Gordon v. United States*, 518 F.3d 1291, 1297-1298 (11th Cir. 2008).

The foregoing interpretation of *Strickland* is also buttressed by *Kyles v. Whitley*, 514 U.S. 419, 436-37, 115 S. Ct. 1555, 1567 (1995) in which the Court expressly found that multiple *Brady* violations should be considered cumulatively. In *Strickland*, the Court stated that "the appropriate test for prejudice finds its roots in the test for materiality of exculpatory information not disclosed to the defense by the prosecution."  466 U.S. at 694 (citing *United States v. Agurs*, 427 U.S. 97, 104 (1976)).  Thus, the court in *Strickland* proceeded to hold that the prejudice standard for ineffective assistance of counsel claims was the same as the *Brady* materiality test.  Id.  In light of this pronouncement, the decision in *Kyles* adds further support for the position that *Strickland* commands that the prejudice analysis for ineffective assistance counsel claims and *Brady* violations should be the same, which requires that multiple violations of *Strickland* and *Brady* be considered in the aggregate rather than one by one.

Indeed, in an AEDPA case, the  Seventh Circuit has granted relief on an ineffectiveness claim on the ground that  a state appellate decision refusing to employ a cumulative effect analysis in assessing prejudice was contrary to and/or an unreasonable application of *Strickland* under 2254(d)(1).  *Goodman v. Bertrand*, 467 F.3d 1022, 1030 (7th Cir. 2006).

In *Goodman*, the court granted habeas relief to petitioner based upon multiple deficiencies in his trial counsel's representation.  Id. at 1029-1031.  Despite the fact that the state's evidence rested upon an eyewitness and the testimony of three accomplices, the Seventh Circuit found that the Wisconsin Court of Appeals unreasonably applied the *Strickland* prejudice test.  Id. at 1030.  In this regard, the court noted:  "the cumulative effect of trial counsel's errors sufficiently undermines our confidence in the outcome of the proceeding.  Rather than evaluating each error in isolation, as did the Wisconsin Court

6

of Appeals, the pattern of counsel's deficiencies must be considered in their totality . . . In weighing each error individually, the Wisconsin Court of Appeals overlooked a pattern of ineffective assistance and unreasonably applied *Strickland*." Id.

There can be no doubt, therefore, that under controlling Supreme Court precedent the answer to the first question posed by Ms. Johnson is that the Court can and should consider the prejudice arising from several individual errors of defense counsel in the aggregate in assessing prejudice under *Strickland.*

Supreme Court precedent also addresses the second question posed by Ms. Johnson. In *Chambers v. Mississippi*, 410 U.S. 284, 290 n. 3, 93 S.Ct. 1038 (1973), the Court explained that " Petitioner's contention, asserted before the trial court on motion for new trial and subsequently before the Mississippi Supreme Court, is that he was denied 'fundamental fairness guaranteed by the Fourteenth Amendment' as a result of several evidentiary rulings." The Court concluded: "His claim, the substance of which we accept in this opinion, rests on the cumulative effect of those rulings in frustrating his efforts to develop an exculpatory defense." Id.

In *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), the Supreme Court accepted the notion that several errors, none of which individually rise to reversible constitutional error, may have the cumulative effect of denying a defendant a fair trial. *Taylor* involved a direct appeal from a state court conviction of robbery which had been affirmed by the Kentucky Court of Appeals. The Supreme Court reversed based on the following: 1) the trial judge rejected the defendant's presumption of innocence instruction; 2) the prosecutor was allowed to read the indictment to the jury in the absence of an instruction to the jury that the indictment did not constitute evidence; 3) the prosecutor improperly made comments linking the defendant to every defendant previously sentenced to prison; and 4) the instructions which were given by the judge were "skeletal, placing little emphasis on the [state's burden] to prove the case beyond a

7

reasonable doubt and none at all on the jury's duty to judge [the defendant] only on the basis of the testimony heard at trial." Id. at 486.

The Court acknowledged that the phrase "presumption of innocence ... may not be constitutionally mandated," but in *Taylor*, such an instruction was essential to a fair trial due to the other circumstances listed above. Id. at 485. Significantly, the Court did not expressly find that the failure to instruct on the presumption of innocence constituted reversible error. Rather, the Court examined the absence of this instruction along with the effect of other alleged errors. [2]

As to the prosecutor's comments, the Court stated that "standing alone, [such comments] would [not] rise to the level of reversible error... They are relevant to the need for carefully framed instructions designed to assure that the accused be judged only on the evidence." Id. at 487, n.14. In fact, the Court even hedged on concluding that some of the prosecutor's comments were improper, stating, "the combination of the skeletal instructions, the possible harmful inferences from the references to the indictment, and the repeated suggestions that [defendant's] status as a defendant tended to establish his guilt created a genuine danger that the jury would convict ... [defendant] on the basis of those extraneous considerations." Id. at 487-88 .

The Court did not decide whether the trial court committed reversible error by refusing to instruct the jury that the indictment was not evidence. Furthermore, the Court declined to hold that the judge's instruction defining guilt "beyond a reasonable doubt" as "a substantial doubt, a real doubt," constituted reversible error. Instead, the Court stated

---

[2] In a subsequent case, the Court clarified both that the reversal in *Taylor* was based on the "totality of the circumstances, and that "the failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution." *Kentucky v. Whorton*, 441 U.S. 786, 789, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979).

8

that "the cumulative effect of the potentially damaging circumstances of this case violated the due process guarantee of fundamental fairness in the absence of an instruction as to the presumption of innocence." Id. n.15

As one commentator has noted,

*Taylor* demonstrates that in the absence of any individually reversible errors, the Supreme Court has considered the cumulative effect of several errors with respect to a claim alleging that the defendant was denied a fair trial. In *Taylor*, the Court did not assess each error to determine whether it was individually harmless. As to at least one error, the Court did not expressly find that an alleged error actually constituted "error." Nor did the Court concern itself only with errors which individually were of constitutional dimension. Rather, the Court evaluated the circumstances surrounding the defendant's trial to determine that the state had denied the defendant fundamental fairness as guaranteed by the Due Process Clause of the Fourteenth Amendment. Again, this is a claim that the petitioner was denied a fair trial by a state court, and except for the procedural posture of the case, is no different from a federal habeas corpus petition challenging the fairness of the trial. Certainly, if federal courts will hear direct appeals alleging a denial of fundamental fairness based on a cumulation of several errors, they must also entertain such claims asserted in habeas corpus petitions.

Rachel A. Van Cleave, *When Is An Error Not An "Error"? Habeas Corpus and Cumulative Error*, 46 Baylor L.Rev. 59, 65 (1993)(hereinafter "Habeas Corpus and Cumulative Error".) See also, *Derden v. McNeel*, 978 F.2d 1453, 1456 (5th Cir.1992) (noting that several Circuit Courts have drawn an analogy between cumulative error analysis in habeas and cumulative error analysis in direct review of federal criminal

9

cases); *United States v. Hernandez*, 227 F.3d 686, 697 (6th Cir.2000)(same); *Pursell v. Horn*, 187 F.Supp.2d 260, 375 n. 52 (W.D.Pa.2002)(same).

In line with *Taylor*, every federal circuit which has considered the question, including the Eighth Circuit, has decided that cumulative error analysis is appropriate on direct review of *Strickland* and other trial error claims. [3] As the Van Cleave article ably

[3]     *See, e.g., United States v. Lisa M. Montgomery*, 635 F. 3d 1074, 1099 ( of her constitutional rights); *United States v. Jewell,* 614 F. 3d 911, 929 (8th Cir. 2010)(same); *United States v. Robertson*, 606 F. 3d 943, 960 (8th Cir. 2010)(same); *United States v. Rodriguez*, 581 F. 3d 775, 823 (8th Cir. 2009) (Melloy J., concurring in part and dissenting in part) ("[on direct appeal] we may consider the cumulative impact of the government's statements, and there is no requirement that we consider each error or government misstatement separately when assessing impact on the jury");*United States v. Eizember*, 485 F.3d 400, 405 (8th Cir. 2007)("This kind of argument would seem to work best in cases where individual errors were deemed harmless, but taken together might have resulted in an unfair trial."); *United States v. Holmes*, 413 F. 3d 770, 774-75 (8th Cir. 2005) (remanding for a new trial based on the cumulative effect of the government's improper remarks during closing argument coupled with the exclusion of admissible testimony and the relative weakness of the government's case); *United States v. Samples*, 456 F. 3d 875, 887 (8th Cir. 2006) ("We may reverse where the case as a whole present an image of unfairness that has resulted in the deprivation of a defendant's constitutional rights, even though none of the claimed errors is itself sufficient to require reversal."); *United States v. Riddle*, 193 F. 3d 995, 998 (8th Cir. 1999) (same); *United States v. LaFuente*, 54 F. 3d 457, 462 (8th Cir. 1995) (same).

See also, *United States v. Randall*, __ F.3d __, 2011 WL 5148862 * 7 (10th Cir. November 1, 2011)("[W]e must address whether the cumulative effect of ... alleged instructional errors deprived Randall of a fair trial."); *United States v. Lighty*, 616 F.3d 321, 371 (4th Cir. 2010)(applying cumulative error analysis on direct review in a federal capital case.); *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005)(" [A]n aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." )(internal quotations omitted);  *United States v. Allen*, 269 F.3d 842, 847 (7th Cir.2001)("Cumulative errors, while individually harmless, when taken together can prejudice a defendant as much as a single reversible error and violate a defendant's right to due process of law.");*United States v. Hernandez*, 227 F.3d 686, 697 (6th Cir.2000)("[E]rrors that might not be so prejudicial as to amount to a deprivation of due

10

demonstrates, there is no rational basis, much less a compelling one, for treating the issue of cumulative error differently depending upon whether the issue is raised on direct or collateral review. See, *Habeas Corpus and Cumulative Error,* at 74-85. In this capital case, Ms. Johnson is entitled under the Eighth Amendment both to a heightened degree of reliability and to meaningful appellate review.[4] She is also entitled under the Fourteenth Amendment to the equal protection of the laws. She would be denied all of these rights were this Court to conclude that in a proceeding in which her compelling interest of life is at stake, it is appropriate to deny her the benefit of cumulative error review while at the same time acknowledging that all other defendants, including non-capital defendants, are entitled to such review on direct appeal. See, *Wilson v. Sirmon*, 536 F.3d 1064, 1122 (10th

---

process when considered alone ... may cumulatively produce a trial setting that is fundamentally unfair.")(citing *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir.1983))(internal quotation marks omitted); *United States v. Salameh*, 152 F.3d 88, 157 (2nd Cir. 1998)(same); *United States v. Copple*, 24 F.3d 535, 547 n. 17 (3d Cir.1994)(same); *United States v. Sepulveda*, 15 F.3d 1161, 1195-96(1st Cir. 1993)("Individual errors, insufficient in themselves to necessitate a new trial, may in the aggregate have a more debilitating effect....In other words, a column of errors may sometimes have a logarithmic effect, producing a total impact greater than the arithmetic sum of its constituent parts."); *United States v. Necoechea,* 986 F.2d 1273, 1282–83 (9th Cir.1993) ("In reviewing for cumulative error, the court must review all errors preserved for appeal and all plain errors."); *United States v. Rivera*, 900 F.2d 1462, 1469–71 (10th Cir.1990) (*en banc* )(applying cumulative error analysis on direct review);*United States v. Birdsell*, 775 F.2d 645, 654 (5th Cir. 1985), cert. denied, 476 U.S. 1119 (1986)(same).

[4]        "[M]eaningful appellate review" in capital cases "serves as a check against the random or arbitrary imposition of the death penalty." *Gregg v. Georgia,* 428 U.S. 153, 195, 206, 96 S.Ct. 2909, 2935, 2940, 49 L.Ed.2d 859 (1976) (opinion of Stewart, Powell, and STEVENS, JJ.). It is therefore an integral component of a State's "constitutional responsibility to tailor and apply its law in a manner that avoids the arbitrary and capricious infliction of the death penalty." *Godfrey v. Georgia*, 446 U.S. 420, 428, 100 S.Ct. 1759, 1764, 64 L.Ed.2d 398 (1980). See also, *Clemons v. Mississippi*, 494 U.S. 738, 749, 110 S.Ct. 1441, 1448, 108 L.Ed.2d 725 (1990) ("[T]his Court has repeatedly emphasized that meaningful appellate review of death sentences promotes reliability and consistency")(collecting cases).

11

Cir. 2008)(In capital cases, the court must determine whether cumulative error "so infected the trial with unfairness as to make the resulting conviction a denial of due process, or rendered the sentencing fundamentally unfair in light of the heightened degree of reliability demanded in a capital case.")

The Supreme Court's decision in *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) does not suggest a contrary result and in fact provides yet another line of Supreme Court cases which support the application of cumulative error analysis to Ms. Johnson's case. In *Brecht*, the issue was whether in state habeas proceeding the state had to meet the standard of harmlessness set forth in *Chapman v.California*, 386 U.S. 18, 24 (1967) for constitutional errors, or whether the harmlessness standard for non-constitutional errors in *Kotteakos v. United States*, 328 U.S. 750 (1946) applied. The Court held that where a constitutional error is alleged by a state habeas corpus petitioner, the *Chapman* "harmless beyond a reasonable doubt" standard does not apply. Instead, federal courts are to apply the less stringent standard of *Kotteakos*. The Court justified this distinction based on the notion that "collateral review is different from direct review...." Id. at 1719. The plurality opinion emphasized frequently used reasons for distinguishing between collateral review and direct review - finality of convictions, comity and federalism. Id. at 1720.

As pointed out in *Habeas Corpus and Cumulative Error*, "cumulative error is ... distinguishable" from the rule at issue in *Brecht* because "[w]hile it may not be clear whether the *Chapman* harmless error standard is constitutionally mandated, certainly an allegation that one has been deprived of a fair trial is a constitutional claim. Cumulative error analysis usually centers on the fairness of the trial, and thus constitutes a claim that the petitioner has been denied due process under the Fourteenth Amendment. While such claims are rarely successful, they are nonetheless constitutionally based." Id. at 84-85.

12

Further, two of the reasons relied upon the Court in *Brecht*-comity and federalism-obviously have no application in a 2255 proceeding, leaving only finality as the shakey foundation for drawing a distinction for applying cumulative error analysis on direct review but not on 2255 review of a capital conviction and sentence. See, *Danforth v. Minnesota*, 552 U.S. 264, 279. 128 S.Ct. 1029 (2008) ("Federalism and comity considerations are unique to federal habeas review of state convictions."). As Justice Brennan once declared after carefully reviewing the differences between 2254 and 2255 proceedings, "[i]f it is true, as the Court has repeatedly asserted, that the tensions inherent in federal-court review of state-court convictions require that substantive rights yield at times to procedural rules, no similar tension exists in a § 2255 proceeding." *United States v. Frady*, 456 U.S. 152, 184, 102 S.Ct. 1584, 71 L.Ed.2d 816 (Brennan, J., dissenting). [5]

Most importantly, the Court in *Brecht* carved out an exception which specifically authorizes relief for the cumulative effect of multiple errors:

> Our holding does not foreclose the possibility that in an unusual case, a deliberate and especially egregious error of the trial type, or one that is combined with a pattern of prosecutorial misconduct, might so infect the integrity of the proceeding as to warrant the grant of habeas relief, even if it did not "substantially influence" the jury's verdict. Cf. *Greer v. Miller*, 482 U.S. 756, 769 (1987) (Stevens, J., concurring in judgment).

507 US. 619, 638 n. 9 (1993).

---

[5]     In *Frady*, a non-capital case, the majority concluded that the plain error rule applicable on direct review was not applicable in a 2255 proceeding. The majority's reasoning was that "the Federal Government, no less than the States, has an interest in the finality of its criminal judgments" and that "[i]n addition, a federal prisoner like Frady, unlike his state counterparts, has already had an opportunity to present his federal claims in federal trial and appellate forums." Id. at 166. Here, however, Ms. Johnson has not had previously had any opportunity to litigate the underlying claims that are the basis for her cumulative error arguments.

13

In *Greer v. Miller*, Justice Stevens' concurrence explained that "there may be extraordinary cases in which the . . . error is so egregious, or is combined with other errors or incidents of prosecutorial misconduct, that the integrity of the proceeding is called into question." 483 U.S. at 768-69 (Stevens, J., concurring). *See, e.g., Ferensic v. Birkett*, 501 F. 3d 469, 481 (6th Cir. 2007) (although the exclusion of law witness in violation of the Sixth Amendment right to present a defense "[o]n its own . . . is not sufficient to satisfy the 'substantial and injurious' standard of *Brecht*, . . . the combined effect of the trial court's exclusion of both [the lay witness] and [expert witness]" precludes finding of harmless error under *Brecht); Cargle v. Mullin*, 317 F. 3d 1196, 1121-22 (10th Cir. 2003) ("instances of ineffective assistance of trial counsel (and associated/alternative *Brady* error) and prosecutorial misconduct . . . were not isolated, insular errors scattered randomly through the proceedings" and "had an inherent synergistic effect"); *Vincent v. Seabold*, 226 F. 3d 681, 689 (6th Cir. 2000), *cert. denied*, 532 U.S. 1063 (2001) (separate Confrontation Clause violations, each of which "might not have ad a 'substantial and injurious effect' on the outcome of the case, given the other evidence against Vincent at trial," were sufficient, "taken together," to require grant of writ because combination of errors "rendered the government's case against Vincent significantly more persuasive").

In light of all of the foregoing, Ms. Johnson asks the Court to conclude, based on mandatory Supreme Court precedent, that the Court can and should: (1) consider the prejudice arising from several individual errors of defense counsel in the aggregate in assessing prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1987) and its progeny; and (2) consider the cumulative prejudice arising from all the errors alleged in the motion to vacate in assessing whether Ms. Johnson was denied her right to a fair trial under the Fifth, Sixth and Eighth Amendments.

14

Ms. Johnson now turns to an analysis of the issue of whether the Eighth Circuit has specifically considered the cases and arguments and two questions she sets forth above in the context of a case comparable to the present 2255 capital case.

## III.    The Evolution of the Eighth Circuit Cumulative Error Rule in Habeas Cases

### A.    Harris v. Housewright

In 1982, the Eighth Circuit Court of Appeals reversed the convictions of Johnny Harris for aggravated robbery and capital murder and his sentence of life imprisonment after a trial at which he was represented by two appointed counsel, one whom had practiced for eighteen months and the other for less than two weeks. *Harris v. Housewright*, 697 F. 2d 202, 205 (8th Cir. 1982). Harris overcame the presumption of effective assistance because his attorneys were "thrust by court appointment into a capital murder jury trial without sufficient experience to deal effectively with the difficult judgments that such a case necessarily entails." *Id*. at 206. The court noted that:

> No single error made by petitioner's appointed counsel is of constitutional dimension. Yet, when viewed cumulatively, the multiple errors revealed in the record . . . demonstrate that counsel's total performance was below the level of professional skill customary for competent counsel similarly situated.

*Ibid.*

Having found counsel ineffective, the court proceeded to the prejudice analysis required by Eighth Circuit authority. *Id*. at 211. Although the general rule is that the petitioner bears the burden of proving prejudice by counsel's ineffectiveness (*Tyler v. Wyrick*, 635 F. 2d 752, 754-55 (8th Cir. 1980)), this burden is appropriately assumed by the government where there are numerous "'instances of ineffective assistance of counsel'" that have had "so pervasive an effect on the process of guilt determination that it is impossible to determine accurately the presence or absence of prejudice.'" *Harris*, 697 F. 2d at 211 (quoting *McQueen v. Swenson*, 498 F. 2d 207, 219 (8th Cir. 1974). The state's argument the individual mistakes committed by trial counsel should be viewed in isolation was rejected, because "if the defense counsel are charged with multiple errors at

15

trial," "prejudice may result from the cumulative impact of multiple deficiencies." *Id.*, at 212.

**B.** ***Strickland v. Washington*** **and the Overruling of** ***Harris v. Housewright***

*Fink v. Lockhart*, 823 F. 3d 204 (8th Cir. 1987), considered the effect of *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984), on the burden-shifting rule adopted in *Harris v. Housewright*. The court stated that "[t]here appears to be no post-*Strickland* case that follows this burden-shifting-rule, and in light of *Strickland* we believe that the *Harris* rule no longer represents the law of this Circuit."[6] 823 F. 2d at 206. *See also Lee v. Lockhart*, 754 F. 2d 277, 277 (8th Cir. 1985) (each claim of a constitutional deprivation must stand on its own); *Hobbs v. Lockhart*, 791 F. 2d 125, 130 (8th Cir. 1986) (no relief based on the totality of error committed at trial because "we found only one cognizable error and we held that it was harmless"); *Cooley v. Lockhart*, 839 F. 2d 431, 432 (8th Cir. 1988)(rejecting an argument that the cumulative effect of trial errors established grounds for habeas relief); *Byrd v. Armontrout*, 880 F. 2d 1, 11 (8th Cir. 1989) (each claim of a constitutional violation must stand on its own); *Scott v. Jones*, 915 F. 2d 1188, 1191 (8th Cir. 1990) (same).

In *Girtman v. Lockhart*, 942 F. 2d 468, 475 (8th Cir. 1990), the petitioner argued that neither *Fink v. Lockhart*, 823 F. 2d 204, nor *Strickland* expressly overruled the *Harris v. Housewright* cumulativeness test; the Eighth Circuit's response was to overrule *Harris v. Housewright*. In so doing, the court characterized *Fink* as a case in which the "habeas petitioner admitted that none of his attorney's errors alone constituted ineffective assistance, but asserted 'that cumulatively they amount to ineffective assistance.'" 942 F. 2d at 475 (quoting *Fink*, 823 F. 2d at 205). Girtman's cumulative error claim, based on

---

[6] The rule of *Harris v. Housewright*, 697 F. 2d at 211, was rejected because its burden-shifting component was inconsistent with in *Strickland v. Washington*. There is no inconsistency between *Harris'* cumulative prejudice analysis undertaken and the rule announced in *Strickland*.

16

ineffective assistance of counsel and challenges to his sentence under the Arkansas

habitual offender statute, was rejected because "'cumulative error does not call for habeas

relief, as each habeas claim must stand or fall on its own.'"  942 F. 2d at 475 (quoting

*Scott v. Jones*, 915 F. 2d at 1191).

      **C.**        **Post-*Girtman* Cumulative Error Cases**[7]

---

     [7]      Only the Eighth and Fourth circuits preclude relief based on cumulative error in a habeas case.  *See Fisher v. Angelone*, 163 F. 3d 835, 852-53 (4th Cir. 1998) ("To extent this Court has not specifically stated that ineffective assistance of counsel claims, like claims of trial court error, must be reviewed individually, rather than collectively, we do so now.").

     All other Circuit Courts of Appeals permit cumulative error review in habeas cases.  *See Niziolek v. Ashe*, 694 F. 2d 282, 293 (1st Cir. 1982) (finding "no accumulation of errors" because there were "only two errors that skirted close to the defendant's constitutionally inviolate sanctuary," one of which was corrected at the trial level and the other was not of constitutional magnitude); *Knight v. Spencer*, 447 F. 3d 6, 18 (1st Cir. 2006) (claim based on cumulative effect of trial counsel's errors not considered because it was not presented to the state court);  *Pavel v. Hollins*, 261 F. 3d 210, 225-26 (2nd Cir. 2001) (finding counsel's representation inadequate based on the cumulative weight of three serious flaws); *Rodriguez v. Hoke*, 928 F. 2d 534, 538 (2nd Cir. 1991) (the defendant's claim of ineffective assistance of counsel "can turn on the cumulative effect of all of counsel's actions");  *Albrecht v. Horn*, 485 F. 3d 103, 139 (3rd Cir. 2007) (individual errors that do not entitle a petitioner to relief may do so when combined, if cumulatively the prejudice resulting from them undermines the fundamental fairness of the trial and denies the defendant due process);  *Fahy v. Horn*, 516 F. 3d 169, 205 (3rd Cir. 2008) (cumulative errors are not harmless if they had a substantial and injurious effect or influence in determining the jury's verdict);  *Derden v. McNeel*, 978 F. 2d 1453, 1461 (5th Cir. 1992) (en banc) ("Cumulative error in habeas corpus review, a narrow and rare form of a due process violation, in no way applies to the facts before this court.");  *Depew v. Anderson*, 311 F. 3d 742, 751 (6th Cir. 2002), *cert. denied*, 540 U.S. 938 (2003) (cumulative violations of petitioner's Fifth and Eighth Amendment rights were not harmless);  *Williams v. Washington*, 59 F. 3d 673, 682 (7th Cir. 1995) ("a petitioner may demonstrate that the cumulative effect of counsel's individual acts or omissions was [prejudicial]"); *Stomner v. Kolb*, 903 F. 3d 1123, 1129 (7th Cir. 1990) (no merit in claim that three rulings, considered cumulatively, resulted in a fundamentally unfair trial); *Killian v. Poole*, 282 F. 3d 1204, 1213 (9th Cir. 2002) ("Even if failure to disclose

Both *Girtman* and *Scott v. Jones* were cited in *Wharton-El v. Nix*, 38 F. 3d 372, 375 (8th Cir. 1994), *cert. den. sub nom Wharton-El v. Hundley*, 513 U.S. 1162 (1995), for the proposition that petitioner's argument that the cumulative effect of departures from Iowa's due process requirement resulted in a denial of fundamental fairness in violation of the Sixth and Fourteenth Amendments.

In *Griffin v. Delo*, 33 F. 3d 895, 903-04 (8th Cir. 1994), the defendant's argument that the cumulative effect of multiple trial errors, including a claim of ineffective assistance of counsel, required reversal, was rejected under *Byrd v. Armontrout*, 880 F. 2d at 11, because each claim for habeas relief must stand on its own merits. In *United States v. Stewart*, 20 F. 3d 911, 917-18 (8th Cir. 1994), the court also rejected a cumulative trial error claim that was not based on ineffective assistance of counsel stating that "[w]e now believe that individual constitutionally insignificant errors cannot be aggregated to create a constitutional violation" citing *Girtman v. Lockhart*, 942 F. 2d at 475. In 1996, the court decided *Wainwright v. Lockhart*, 80 F. 3d 1226, 1233 (8th Cir. 1996), *cert. den. sub nom Wainwright v. Norris*, 519 U.S. 968 (1996), rejecting a cumulative prejudice claim

---

impeachment evidence, Masse's perjury, and the prosecutor's comments on privileged conduct were not each sufficient to justify habeas relief, we note that if ever there were a case for application of cumulative error principles, this is it."); *Parle v. Runnels*, 505 F. 3d 922, 927-28 (9th Cir. 2007) (state court conclusion that cumulative effect of evidentiary errors during trial did not violate due process was objectively unreasonable application of clearly established federal law warranting habeas relief); *United States v. Rivera*, 900 F. 2d 1462, 1472 (10th Cir. 1990) (cumulative error analysis evaluates only the effect of matters determined to be error, not cumulative effect of non-error); *Paxton v. Ward*, 199 F. 3d 1197, 1218 (10th Cir. 1999) (defendant denied right to confront the witnesses against him, right to present mitigating evidence, due process rights to explain or deny the evidence against him and prosecutorial misconduct was an integral and prejudicial part of that denial); *Woods v. Dugger*, 923 F. 2d 1454, 1456-57 (11th Cir.), *cert. denied*, 502 U.S. 953 (1991) (due process violation found based on combined effect of prejudicial pretrial publicity and presence of large number of uniformed spectators at trial for killing prison guard).

18

based on trial errors that included prosecutorial misconduct, ineffective assistance of counsel, an overbroad aggravating factor and prejudicial security measures. It held that "[e]rrors that are not unconstitutional individually cannot be added together to create a constitutional violation" and that neither cumulative effect of trial errors nor cumulative effect of attorney errors are ground for habeas relief, citing *Girtman*, *Stewart*, *Wharton-El*, and *Griffin v. Delo*.

There were thirteen ineffective assistance of counsel claims raised in *Hall v. Luebbers*, 296 F. 3d 685, 692-93 (8th Cir. 2002), where the court stated that "[i]n our circuit a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test" (citing *Wainwright v. Lockhart*, 80 F. 3d at 1233, and *Scott v. Jones*, 915 F. 2d at 1191). However, in that case the court found that most of the alleged attorney errors did not constitute deficient performance or were procedurally defaulted. The Court therefore never had the occasion to address whether the combined effects of thirteen acts of attorney incompetency deprived the petitioner of a fair trial. The Court also acknowledged that under *Strickland* the appropriate standard was that "[t]o prove prejudice, a defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 692. The Court also did not consider cases such as *Belmontes* or *Porter* which had yet to be decided.

Similarly. in *Middleton v. Roper*, 455 F. 3d 838, 851 (8th Cir. 2006), *cert. den.* 549 U.S. 1134 (2007), the court correctly framed the standard under *Strickland* to be whether the defendant could show that "(1) his trial counsel's *performance* was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) there is a reasonable probability the outcome of the trial would have been different absent the substandard *actions* of trial counsel." Id. at 846 (emphasis added). The court concluded that the state court had not unreasonable

19

determined that each of Middleton's four ineffective assistance of counsel claims could be rejected because of the failure to show deficient performance.

The Court briefly considered the argument that under "*Strickland* and its progeny, including *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), and *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), ...the district court should have considered the cumulative effect of trial counsel's errors in determining *Strickland* prejudice." Id. at 850. Again, the court did not consider cases such as *Belmontes* or *Porter* which clarified the precise issue being argued and which had not yet been decided. In reference to Wiggins and Taylor, the court stated as follows:

> We reject Middleton's argument for two reasons. First, Middleton advances an erroneous interpretation of Supreme Court precedent. Neither *Wiggins* nor *Williams* stand for the proposition courts should accumulate the prejudice from separate ineffective assistance claims in determining whether to grant habeas relief. Rather, both decisions involved only a *single claim* of ineffective assistance of counsel -- namely, trial counsel's failure to investigate and present mitigating evidence during the trial's penalty phase.
>
> Second, Middleton's argument contradicts Eighth Circuit precedent. We have repeatedly recognized "a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test."

*Id*. at 851 (emphasis in original; citations omitted).

In *United States v. Brown*, 528 F. 3d 1030, 1034 (8th Cir. 2008), the defendant argued that appellate counsel's errors in not raising the claims presented in his § 2255 motion constituted cumulative error warranting relief. The court rejected this claim under *Middleton v. Roper*, 455 F. 3d at 851, because most of the defendant's § 2255 claims were not preserved at trial, and because the district court concluded that they were all without merit. Therefore, "[t]he contention that an appellate counsel's performance was deficient because he weeded out many issues of this variety is, in a word, unsound."

In *Becker v. Luebbers*, 578 F. 3d 907, 914 n. 5 (8th Cir. 2009), without discussion of any of the cases analyzed above, the court rejected a claim of prejudice from the cumulative effect of trial counsel's ineffective assistance, stating as follows:

20

Because we hold none of Becker's individual claims of error amount to constitutionally defective representation, Becker's cumulative error argument is without merit. Even if we were to deem some aspect of counsel's performance sufficient under *Strickland*, any prejudice analysis would have to be limited to consideration only of the consequences of the constitutionally defective aspects of representation, not an accumulated prejudice based on asserted but unproven errors as urged by Becker.

Finally, in *Worthington v. Roper*, 631 F.3d 487, 506 n. 12 (8th Cir. 2011), after concluding that petitioner's two instances of penalty phase ineffectiveness lacked merit not because of a failure to show prejudice but because of a failure to show deficient performance, the court addressed in a footnote its interpretation of the meaning of *Belmontes*:

> Worthington also argues that the district court erred by "artificially truncating" his ineffective-assistance claim into two separate issues: whether counsel was constitutionally ineffective for failing to pursue expert psychological testimony, and whether counsel was constitutionally ineffective for failing to present additional lay witness mitigation testimony. According to Worthington, in assessing prejudice the district court should have balanced the aggravating evidence against the mitigating evidence presented at the sentencing phase as well as the entire mitigating evidence adduced post-conviction. To be sure, "it is necessary to consider all the relevant evidence that the [factfinder] would have had before it if [counsel] had pursued the different path." *Wong v. Belmontes*, —— U.S. ——, 130 S.Ct. 383, 386, 175 L.Ed.2d 328 (2009). But because we earlier held that Worthington's ineffective-assistance claim regarding investigating and presenting psychological expert mitigation testimony did not amount to constitutionally deficient representation, supra Section II.A, his "cumulative error argument" is without merit, *Becker v. Luebbers*, 578 F.3d 907, 914 n. 5 (8th Cir.2009), cert. denied, 561 U.S. ——, 130 S.Ct. 3520, 177 L.Ed.2d 1103 (2010); see also *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir.1996). Worthington's argument also fails because cumulative testimony, by its very nature, adds nothing to the evidence considered by the sentencing court. Consequently, the duplicative testimony of Worthington's parents would not have impacted the balance of mitigating and aggravating evidence under any circumstances.

## IV.     The Limits of the Eighth Circuit Cumulative Prejudice Rule

The Eighth Circuit cumulative prejudice rule precludes relief only where *none of an attorney's errors by itself constitutes ineffective assistance*. *See, e.g., Hall v. Luebbers*, 296 F. 3d at 692 ("a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test"); *United States v. Robinson*, 301 F. 3d 923, 925 n. 3 (8th Cir. 2002) ("the numerosity of the alleged

21

deficiencies does not demonstrate by itself the necessity for habeas relief"); *Wainwright v. Lockhart*, 80 F. 3d at 1233 ("Errors that are not unconstitutional individually cannot be added together to create a constitutional violation"); *Scott v. Jones*, 915 F. 2d 1188, 1191 (8th Cir. 1990) ("each habeas claim must stand or fall on its own").

The Eighth Circuit interprets the United States Supreme Court's decisions in *Wiggins v. Smith*, 539 U.S. 510 (2003), and *Williams v. Taylor*, 529 U.S. 362 (2000), which granted relief based on trial counsel's errors and omissions in preparing for penalty phase, meeting aggravating evidence, and presenting mitigation as involving "only a *single claim* of ineffective assistance of counsel," i.e., "failure to investigate and present mitigating evidence during the trial's penalty phase." *Middleton v. Roper*, 455 F. 3d at 851  (emphasis in original).

The Eighth Circuit in *Worthington v. Roper*, supra has also expressly acknowledged, as it must under *Belmontes* and the other cases cited above, that "it is necessary to consider all the relevant evidence that the [factfinder] would have had before it if [counsel] had pursued the different path", and its analysis in that case as well as in *Becker v. Luebbers* support the conclusion that the Eight Circuit is of the view that it is appropriate to cumulate attorney errors so long as the court first determines that the specific action or inaction of counsel does in fact constitute deficient performance.

Finally, the Eighth Circuit cumulative error rule cannot be applied to abrogate the rule announced in *Brecht v. Abrahamson*, 507 US. 619, 638 n. 9 (1993), which is discussed above.

## V.    Application of the Eighth Circuit Cumulative Error Rule to this Case

Preliminarily, Petitioner contends that each of the claims addressed in her motion and in her post-hearing brief (Doc. 314) raises a constitutional violation, that she has suffered prejudice as a result of each individual constitutional violation, and therefore the Eight Circuit cumulative error rule, which prohibits lumping individual non-constitutional

22

violations to create a constitutional violation, has no application to the present case. Moreover, under the logic of *Middleton v. Roper*, 455 F. 3d at 851, Petitioner's Claim One, which broadly alleges ineffective assistance of counsel constitute a single claim and, as such, the cumulative error rule is not applicable to the Court's analysis of each of the components of her claim of ineffective assistance of counsel at penalty phase. [8]

Moreover, in this case the egregious errors by trial counsel at penalty phase, in combination with the prosecutorial misconduct in connection with its misleading portrayal of Dustin Honken (Claims 26, 27 and 28), trial counsel's failure to pursue a disposition for a sentence of less than death (Claim 1), and failure to reduce Petitioner's medication or address its effect (Claim 8), so infected the integrity of the proceeding as to warrant the grant of habeas relief. *Brecht v. Abrahamson*, 507 U.S. at 638 n. 9.

## VI.    Conclusion

At oral argument, this Court indicated that it was in equipose as to whether to grant or deny relief in his case. Ms. Johnson urges for the reasons stated above that this Court can and should (1) consider the prejudice arising from several individual errors of defense counsel in the aggregate in assessing prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1987) and its progeny; and (2) consider the cumulative prejudice arising from all the errors alleged in the motion to vacate in assessing whether Ms. Johnson was denied her right to a fair trial under the Fifth, Sixth and Eighth Amendments. Ms. Johnson strongly believes that if the Court performs this

---

[8]    The fact that the Court reorganized this claim should not change this result, especially as to penalty phase claims. The Court's reorganization has subdivided part of Claim One into separately pled sub-claims of ineffective assistance of counsel at penalty phase in failing to confront aggravating evidence (Claims 18, 19, 20, 21, 22, 23, 24 and 25), presenting ineffective mitigation (Claims 29, 30, 31, 32 and 33), and failing to prepare mitigation (Claims 34, 35, 36, 37, 38, 39, 40, 41, 42 and 43). Although this reorganization was obviously done to facilitate analysis, it should not obscure the fact that this part of Claim One is, as in *Wiggins* and *Williams*, one penalty phase claim.

23

analysis, the Court's thinking will tip in her favor. In any event, under *Brecht*, habeas relief is proper if the error in this case had a "substantial and injurious effect or influence in determining the jury's verdict." Id. at 623(internal quotations omitted). A "substantial and injurious effect" occurs when the court finds itself in "grave doubt" about the effect of the error on the jury's verdict. *O'Neal v. McAninch*, 513 U.S. 432, 435, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). "Grave doubt" exists where the issue of harmlessness is "so evenly balanced that [the court] feels [itself] in virtual equipoise as to the harmlessness of the error." Id. "Grave doubt" exists in this case.

Dated:   November 7, 2011

Respectfully submitted,

Michael Burt
Law Office of Michael Burt
600 Townsend Street, Suite 329E
San Francisco, California  94103
Telephone:  415-522-1508
Facsimile:  415-522-1506
michael.burt@prodigy.net

Marcia A. Morrissey
Law Office of Marcia A. Morrissey
2115 Main Street
Santa Monica, California  90405
Telephone:  310-399-3259
Facsimile:  310-399-1173
MorrisseyMA@aol.com

By:    /s/ Marcia A. Morrissey
          ——————————————
          Marcia A. Morrissey

24

## PROOF OF SERVICE

I, Cathy Mackerl, hereby certify that on this 7th day of November, 2011, I served the forgoing on the following person by ECF filing and by placing two copies in the United States Mail, postage prepaid, to the following:

C.J. Williams
Assistant United States Attorney
United States Attorney's Office
Northern District of Iowa
401 First Street, S.E.
Hach Building, Suite 400
Cedar Rapids, Iowa   52401-1825


By:   /s/ Cathy L. Mackerl
      CATHY L. MACKERL